**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br>　　　　　　　　　Plaintiffs,<br>v.<br><br>NORTHERN TRUST INVESTMENTS, INC., and THE NORTHERN TRUST COMPANY,<br><br>　　　　　　　　　Defendants. | Judge Robert W. Gettleman,<br>*Judge Presiding*<br><br>Magistrate Judge Michael T. Mason<br><br>Civil Action No. 09 cv 7203<br><br>JURY TRIAL DEMANDED |
| NORTHERN TRUST INVESTMENTS, INC., and THE NORTHERN TRUST COMPANY,<br>　　　　　　Third-Party Plaintiffs,<br>v.<br><br>THE BOARD OF TRUSTEES FOR THE LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, THE BOARD OF TRUSTEES FOR THE PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM,<br>　　　　　　　　　Third-Party Defendants. | |
| THE NORTHERN TRUST COMPANY,<br>　　　　　　Counter-Plaintiff,<br>v.<br><br>PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO,<br>　　　　　　Counter-Defendant. | |

**PLAINTIFFS' INITIAL STATUS REPORT**

**1-2.    Claims Asserted and Relief Sought.**  Plaintiffs, investors in Northern Trust's ("NT") securities lending program, allege that NT, in violation of its fiduciary and contractual duties, imprudently invested cash collateral used to secure securities loaned from Plaintiffs' portfolios, causing over $1 billion in losses.  NT ignored the conservative investment objectives for the collateral investment pools ("Pools"), and instead imprudently invested in risky, long-term, and/or exotic securities.  NT also failed to mitigate the risk of loss in the Pools notwithstanding clear warning signs of the subprime mortgage crisis. Plaintiffs have brought three legal claims on behalf of the proposed class: breach of fiduciary duties, breach of contract, and breach of the duty of good faith and fair dealing.  On May 6, 2011, the Court upheld Plaintiffs' claims for (1) breach of fiduciary duty and breach of contract based on NT's imprudent investment strategy and management; (2) breach of NT's contractual indemnity obligations; and (3) breach of fiduciary duty based on NT's negotiation of securities lending fees.  Dkt. No. 71.  On behalf of the class, Plaintiffs seek punitive and compensatory damages, fees, interest, equitable and injunctive relief, and an accounting of all losses suffered by the Pools.  Defendants recently filed third-party claims against each Plaintiff or the Plaintiff's Board of Trustees, and a counterclaim against one Plaintiff.   These claims are wholly without merit and third-party defendants and counterdefendant will move to dismiss them on September 26, 2011.

**3-4.    Matters Referred and Status of Briefing.**  The Court referred this case for discovery supervision and settlement.  Dkt. No. 84.  There has been no briefing about referred matters.

**5.    A Description of Completed and Future Discovery.**  Plaintiffs issued Requests for Production to NT on July 1, 2011, concerning management and investment performance of, and losses suffered by, the Pools, and served subpoenas on certain third parties.  NT has not produced any documents in response to those requests, and refuses to produce discovery relevant to the "merits" of Plaintiffs' claims until class certification is resolved.  No depositions have been taken.  Plaintiffs anticipate needing 30-40 depositions and therefore request relief from

Rule 30's deposition limit. Discovery will include ESI and Plaintiffs hope to reach agreement regarding ESI promptly. Plaintiffs and defendants have also repeatedly attempted to negotiate the terms of a protective order but cannot reach agreement. Plaintiffs would not agree to defendants' proposed order because, among other defects, defendants' overly-broad definition of "confidential discovery material" includes information "the Producing Party believes in good faith [is] not generally known to others" and thus does not comply with Your Honor's standing order or Seventh Circuit case law. Plaintiffs respectfully submit their proposed protective order attached as Exhibit A, which is in compliance with those rules and precedent, for consideration. Defendants' proposed protective order is attached as Exhibit B.

**6-7. Proposed Fact Discovery Cut-Off Date; Settlement Negotiations.** Plaintiffs and defendants convened a Rule 26(f) discovery conference on May 19, 2011, but were unable to reach agreement as to a schedule. Plaintiffs propose that fact discovery should close on August 31, 2012, and anticipate the need for an expert discovery schedule at a later date. NT contends that there should be bifurcation between "class" and "merits" discovery but has not articulated a distinction between information relevant to class certification and the merits. As Judge Gettleman stated: "I don't know if it makes sense to bifurcate or start carving off class discovery versus merits discovery and that sort of thing in a case like this. They're probably going to overlap quite a bit."[1] Indeed, merits and class discovery will completely overlap, such that NT's proposed bifurcation would cause disputes as to what constitutes class or merits discovery, resulting in wasteful ancillary litigation and delay. This is readily apparent from NT's objections to Plaintiffs' discovery requests, in which NT objects to virtually every request on bifurcation grounds. Moreover, because Plaintiffs' claims have been sustained, they will be entitled to discovery on the merits of their individual claims even if class certification is not granted, and there is no reason to delay such discovery.

There have been no settlement negotiations to date.

---

[1] Tr. of Status Conference at 6, *La. Firefighters' Ret. Sys. v. N. Trust Invs., N.A.*, (N.D. Ill. Aug. 3, 2011).

Dated: September 9, 2011, Respectfully submitted,

**KELLER ROHRBACK L.L.P.**

By: s/Derek W. Loeser
Lynn L. Sarko
Derek W. Loeser
Raymond J. Farrow
Laura R. Gerber
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: 206-623-1900
lsarko@kellerrohrback.com
dloeser@kellerrohrback.com
rfarrow@kellerrohrback.com
lgerber@kellerrohrback.com

*Counsel for Plaintiff Firefighters'
Retirement System*

Garrett W. Wotkyns
Michael C. McKay
**SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP**
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, AZ 85258
Telephone: 480-607-4368
gwotkyns@schneiderwallace.com
mmckay@schneiderwallace.com

*Counsel for Plaintiff Firefighters'
Retirement System*

Avi Josefson
**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
2835 N. Sheffield Avenue, Suite 409
Chicago, Illinois 60657
Telephone: 773-883-5382
avi@blbglaw.com

David Wales
Rebecca Boon
Brett Van Benthysen
**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
1285 Avenue of the Americas, 38th Floor
New York, New York 10019
Telephone: 212-554-1400
dwales@blbglaw.com
rebecca.boon@blbglaw.com
brett@blbglaw.com

*Counsel for Plaintiff Public School Teachers'
Pension & Retirement Fund of Chicago*

Elizabeth Hoskins Dow, #6216262
**BAILEY & GLASSER LLP**
1003 Western Avenue
Joliet, IL 60435
Telephone: 815-740-4034
ldow@baileyglasser.com

*Counsel for Plaintiff Firefighters' Retirement
System*

Sharon S. Almonrode
**SULLIVAN, WARD, ASHER & PATTON, P.C.**
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48037
Telephone: 248-746-0700
salmonrode@swappc.com

*Counsel for Plaintiffs The Board of Trustees of the City of Pontiac Police & Fire Retirement System and The Board of Trustees of the City of Pontiac General Employees Retirement System*

4