# EXHIBIT B

**DEFENDANTS' PROPOSED PROTECTIVE ORDER**

**DRAFT**
**PROPOSED AUGUST 10, 2011**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | Case No. 09-7203<br><br>Hon. Robert W. Gettleman<br><br>Magistrate Judge Michael T. Mason |
| Plaintiffs, | |
| v. | |
| NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY, | |
| Defendants. | |
| NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY, | |
| Third-Party Plaintiffs, | |
| v. | |
| THE BOARD OF TRUSTEES FOR THE LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, THE BOARD OF TRUSTEES FOR THE PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, | |
| Third-Party Defendants. | |

THE NORTHERN TRUST COMPANY,

      Counter-Plaintiff,

      v.

PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO,

      Counter-Defendant.

## AGREED MOTION FOR STIPULATED PROTECTIVE ORDER

This matter comes before this Court pursuant to Fed. R. Civ. P. 26(c) and Loc. R. 26.2 (N.D. Ill) on an Agreed Motion for Stipulated Protective Order;

***WHEREAS***, documents and information may be sought, produced or exhibited that contain or relate to confidential client identification and financial information, trade secrets or other confidential research, development, commercial information, or personnel files;

***WHEREAS***, the Parties to this proceeding seek to expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that only materials the Parties are entitled to keep confidential are subject to such treatment, and to ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c);

***WHEREAS***, the Parties are familiar with Fed. R. Civ. P. 26(c)(1), this Court's Standing Orders governing the entry of Stipulated Protective Orders, and the law surrounding the entry of Stipulated Protective Orders as articulated by the U.S. Court of Appeals for the Seventh Circuit;

*WHEREAS*, the Parties and counsel will act in good faith and in accordance with such law in designating information pursuant to the protection provided by this Stipulated Protective Order; and

*WHEREAS*, the Court finds good cause shown for the entry of this Order;

*IT IS HEREBY ORDERED THAT:*

**A.    Definitions**

1. "Action" or "Litigation" means the above-captioned litigation.

2. "BP Plans" means the plaintiffs in the BP Plans Litigation.

3. "BP Plans Litigation" means the action *BP Corp. North America Inc. Savings Plan Investment Oversight Committee et al. v. Northern Trust Investments, N.A. et al.*, No. 08-06029 (N.D. Ill.), which the court terminated on July 19, 2010.

4. "BP Plans Litigation Documents" means any documents that defendants produced during the pendency of the BP Plans Litigation.

5. "Confidential Discovery Material" means information, documents, and things the Producing Party believes in good faith are not generally known to others, and which (i) the Producing Party would not or could not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence; (ii) the Producing Party believes in good faith are protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy; or (iii) contain sensitive information the disclosure of which is likely to cause substantial harm to the Producing Party's legitimate business, competitive, or privacy interests.

6. "Counsel of Record" means (i) counsel who appear on the pleadings as counsel for a Party; (ii) partners, associates, and employees of such counsel to whom it is

reasonably necessary to disclose the information for this Litigation, including supporting personnel employed by the attorneys, such as paralegals, translators, legal secretaries, legal clerks and shorthand reporters; or (iii) independent legal translators retained to translate in connection with this Action, or independent shorthand reporters retained to record and transcribe testimony in connection with this Action.

7. "Designated Discovery Material" means Discovery Material that is designated "Confidential" under this Order.

8. "Discovery Material" means all information, documents, and things produced, served, or otherwise provided in this Action by the Parties or by non-parties.

9. "Member of the Interested Public" means any non-party to this Litigation who may attempt seek access to any Discovery Material that is designated "Confidential" under this Order.

10. "Order" means this Stipulated Protective Order.

11. "Outside Consultant" means a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this Action and who is not a current employee of a Party or of a competitor of the opposing Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of the opposing Party.

12. "Party" or "Parties" means any party or the parties, respectively, to this Action, including all officers, directors, employees, consultants, retained experts, and outside counsel and their support staff.

13. "Producing Party" means a Party or non-party that produces Discovery Material in this Action.

14. "Professional Vendors" means persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; *etc.*) and their employees or subcontractors. This definition includes a professional jury or trial consultant retained in connection with this Litigation, and mock jurors retained by such a consultant to assist them in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

15. "Receiving Party" means a Party that receives Discovery Material from a Producing Party.

**B.     Scope**

The protections conferred by this Order cover not only Designated Discovery Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside the restrictions and procedures of the Federal Rules of Civil Procedures, the Local Rules of this Court, the Standing Orders of the Honorable Robert W. Gettleman and the Honorable Michael T. Mason (or any other judge or magistrate judge assigned to this Action), and/or the law of the Seventh Circuit.

**C.     Access To Designated Discovery Material**

1.     **Confidential Discovery Material.** Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information, document, or thing designated "Confidential" only to:

(a) Employees of the Receiving Party that are the Receiving Party's attorneys, the supporting personnel for those employee attorneys, or other employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, oversight, defense, or pursuit of this Litigation; provided, however, that the foregoing are informed of the confidential nature of the Designated Discovery Material and the limitations on its use contained in this Order;

(b) Persons who appear on the face of Designated Discovery Material as an author, addressee, or recipient thereof;

(c) Counsel of Record;

(d) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(e) Witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Discovery Material unless permitted by other provisions of this Order;

(f) The Court and its personnel;

(g) Any designated arbitrator or mediator who is assigned or engaged to hear this matter, and his or her staff, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(h) Court reporters and videographers;

(i) Professional Vendors to which disclosure is reasonably necessary for this Litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A; and

        (j)     Any other person mutually agreed upon in writing by the Producing Party and the Receiving Party prior to disclosure.

        2.     Each person to whom Designated Discovery Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, shall sign the "Agreement To Be Bound By Protective Order" before the time such Designated Discovery Material is disclosed to him or her. Counsel for a Party who makes any disclosure of Designated Discovery Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel of all other Parties at the termination of this action.

        3.     At the request of the Producing Party, persons not permitted access to Designated Discovery Material under the terms of this Order shall not be present at depositions while the Producing Party's Designated Discovery Material is discussed or otherwise disclosed. Pretrial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Discovery Material from disclosure to persons not authorized to have access to such Discovery Material. Any Party intending to disclose or discuss Designated Discovery Material at pretrial or trial proceedings must give advance notice to assure the implementation of the terms of this Order.

    **D.**    <u>**Use Of Designated Discovery Material**</u>

        1.    **Use Of Designated Discovery Material By Receiving Party**. Unless otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Discovery Material shall be used by the Receiving Party only for purposes of this Litigation and shall not be used in any other way. Information contained or reflected in Designated Discovery Materials shall not be disclosed in conversations, presentations (by Parties or counsel, vendors, experts,

consultants, or otherwise) in court or in other settings that might reveal Designated Discovery Material, except in accordance with the terms of this Order.

        2.    **Use Of Designated Discovery Material By Producing Party.** Nothing in this Order shall prevent a Producing Party from using or disclosing its own documents or information as it deems appropriate. Nothing in this Order shall require a Producing Party to obtain an executed "Agreement To Be Bound By Protective Order" (Exhibit A) from any person in connection with the Producing Party's use or disclosure of its own documents or information.

        3.    **Use Of Designated Discovery Material At Depositions.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at a deposition and trial, and may testify concerning Designated Discovery Material if the provisions of this Order are complied with.

    E.    <u>**Procedure For Designating Discovery Materials**</u>

        1.    Subject to the limitations set forth in this Order, a Producing Party may designate as "Confidential" information the Producing Party believes in good faith meets the definition set forth above.

        2.    Except as otherwise provided in this Order or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be designated in accordance with this Paragraph (E) before the material is disclosed or produced.

        3.    Designation in conformity with this Order requires:

        (a)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL".

- 9 -

(b) For testimony given in deposition or in other pretrial or trial proceedings, the Producing Party shall specify any portions of the testimony that it wishes to designate as "Confidential." In the case of deposition, the Producing Party may also designate any portion of a deposition transcript as "Confidential" by informing the reporter and opposing Party in writing within thirty (30) calendar days of completion of the deposition of the designations to be applied. This designation also may be made on the record at the time of the deposition. All deposition transcripts not marked at least "Confidential" during the deposition will nonetheless be treated as "Confidential" until the thirty (30) day period has expired. Transcript pages containing Designated Discovery Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Producing Party. A Party may designate an entire deposition transcript as confidential absent objection from the opposing Party.

(c) For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL".

F. **No Waiver Of Privilege**

Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity from discovery. Within thirty (30) calendar days after the Producing Party becomes aware of having disclosed or permitted inspection of documents to which any applicable privilege or immunity from discovery applies, the Producing Party shall designate such documents as within the attorney-client privilege, work-product immunity, or any

other applicable privilege or immunity, and shall request in writing the return of such documents to the Producing Party. Within ten (10) calendar days after the request by the Producing Party, the Receiving Party shall return or destroy all copies of such inadvertently produced document(s), shall destroy any documents summarizing or referring to such document(s), and shall affirm to the Producing Party in writing that said destruction and/or return has taken place. The Receiving Party may, upon return and/or destruction, then move the Court for an order compelling production of the document(s) in question, but the Receiving Party shall not assert as a ground for entering such an order a claim of waiver or the fact or circumstances of the production or inspection, and the Receiving Party may not use the document itself or its contents in its efforts to compel production.

G. **Inadvertent Failure To Designate**

If a Producing Party inadvertently fails to designate qualified information, documents or things as "Confidential," the Producing Party shall notify the Receiving Party in writing that the material is to be designated as "Confidential." Upon receipt of such notice, the Receiving Party must assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide substitute copies of the documents bearing the confidentiality designation, and the Receiving Party shall destroy the documents that did not bear the confidential designation.

H. **Filing Designated Discovery Material**

No Party may file any Discovery Material with the Court under seal unless and until the Party secures a Court order approving the filing of such material under seal. Discovery Material filed under seal shall bear the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL

INFORMATION — UNDER PROTECTIVE ORDER", as appropriate, and a statement substantially in the following form:

> This envelope contains confidential information filed in this case by [name of Party], and is not to be opened, nor the contents thereof to be displayed or revealed, except by order of the Court presiding over this matter.

### I.     Challenges To Confidentiality Designations

1.     The Parties will use reasonable care when designating documents or information as "Confidential." Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as "Confidential" Discovery Material have been improperly designated.

2.     A Party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be designated differently. Counsel for the Producing Party and the Receiving Party shall meet and confer in an effort to resolve any disputes. If agreement cannot be reached after both Parties have undertaken a reasonable effort to resolve the dispute, the Receiving Party may request that the Court cancel or modify a "Confidential" designation pursuant to Federal and Local Rules. The Designated Discovery Material shall be treated as confidential pending any contrary ruling from the Court.

3.     Any Member of the Interested Public may file a motion with the Court, requesting that the Court (i) remove or modify any "Confidential" designation of any Designated Discovery Material filed with the Court; or (ii) make available to the general public any Designated Discovery Material that any Party filed with the Court under seal. The Parties

reserve the right to oppose any such motion, and either or both Parties may file with the Court an opposition to any such motion.

J. **Protected Discovery Material Subpoenaed Or Ordered Produced In Other Litigation**

If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents, or things designated in this Action as "Confidential" the Receiving Party must so notify the Producing Party, in writing (by e-mail) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue that some or all the Discovery Material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Producing Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Discovery Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

K. **Disclosure of BP Litigation Documents Specifically**

1. Defendants may make production of any or all of the BP Litigation Documents to plaintiffs' attorneys to the extent that any such documents are responsive to Plaintiffs' First Request For The Production Of Documents Directed To Defendants or any

subsequent request, subject to any objections Defendants have made or may make to such requests.

2. Following such production, plaintiffs' attorneys and their staff may review the BP Litigation Documents so produced. Plaintiffs' attorneys and their staff shall not permit access to the BP Litigation Documents by any other person unless and until (i) it is determined by plaintiffs' counsel and their staff that particular documents contain no client personal information, including balances and account numbers (the "Non-Personal Documents"), at which time all persons permitted access under the Order shall be permitted access to the Non-Personal Documents; or (ii) as to other documents (the "Personal Documents"), client personal information, including balances and account numbers, may be redacted by plaintiffs' counsel or their staff, at which time all persons permitted access under the Order shall be permitted access to the Personal Documents in redacted form.

### L.     Unauthorized Disclosure Of Designated Discovery Material

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (i) notify in writing the Producing Party of the unauthorized disclosures, (ii) use its best efforts to retrieve all copies of the Designated Discovery Material, (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (iv) request such person or persons to execute the "Agreement To Be Bound By Protective Order" that is attached hereto as Exhibit A. The Receiving Party shall keep the Producing Party apprised of its remedial efforts under (ii) through (iv).

### M. <u>Non-Party Use Of This Order</u>

1. A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Order as any Party to this lawsuit.

2. A non-party's use of this Order to protect its "Confidential" information does not entitle that non-party access to "Confidential" information produced by any Party in this case.

### N. <u>Duration</u>

Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

### O. <u>Final Disposition</u>

1. Unless otherwise ordered or agreed to in writing by the Producing Party, within one hundred eighty (180) calendar days after the final termination of this Action, each Receiving Party must destroy or return all Designated Discovery Material to the Producing Party. As used in this Paragraph (O)(1), "all Designated Discovery Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Designated Discovery Material. The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Producing Party) by the 180-day deadline. Notwithstanding this provision, attorney employees or officers of the Receiving Party who have been involved in the management, supervision, oversight, defense or pursuit of this Litigation, and Counsel of Record, may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), discovery

requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Discovery Material. Any such archival copies that contain or constitute Designated Discovery Material remain subject to this Order as set forth in Paragraph (N) (Duration), above.

2. Within sixty (60) calendar days after the Court enters an order terminating this Action, any Party may obtain from the Court any Designated Discovery Material that it had filed with the Court under seal or any other restriction by requesting by motion the return of such material. The Parties understand that if they file no such motion, any previously sealed or otherwise restricted Designated Discovery Material that is still in the Court's possession at the end of the 60-day period will be stripped of any restricting designation and placed in the Court's public case file for this Action.

**P.** **Miscellaneous**

1. This Order may not be amended without Court approval. However, this Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to relax or to rescind the restrictions of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order. The Court shall take appropriate measures to protect Designated Discovery Material at trial and any hearing in this case.

2. This Order shall not diminish any existing obligation or right with respect to Designated Discovery Material, nor shall it prevent a disclosure to which the Producing Party

consents in writing before the disclosure takes place.

        3.       The United States District Court for the Northern District of Illinois is responsible for the interpretation and enforcement of this Order. All disputes concerning Designated Discovery Material produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of Illinois. Every individual who receives any Designated Discovery Material agrees to subject himself or herself to the jurisdiction of this Court for the purposes of any proceedings related to performance under, compliance with, or violation of this Order.

Dated: August ___, 2011                      Respectfully submitted,

| /s/ | /s/ |
|---|---|
| Avi Josefson | Todd J. Ehlman |
| BERNSTEIN, LITOWITZ, BERGER & GROSSMANN LLP | WINSTON & STRAWN LLP |
| 1285 Avenue of the Americas | 35 West Wacker Drive |
| New York, New York 10019 | Chicago, Illinois 60601 |
| Fax: (212) 554-1400 | Tel: (312) 558-5600 |
| Tel: (212) 554-1400 | Fax: (312) 558-5700 |
| E-mail: avi@blbglaw.com | E-mail: tehlman@winston.com. |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

**So ordered:**

_____
The Honorable Michael T. Mason

# EXHIBIT A

*Louisiana Firefighters' Retirement System et al. v. Northern Trust Investments, N.A. et al.*,
No. 09-7203 (N.D. Ill.)

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I agree to keep confidential all information provided to me in the matter of *Louisiana Firefighters' Retirement System et al. v. Northern Trust Investments, N.A. et al.*, No. 09-7203, in the United States District Court for the Northern District of Illinois, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5. I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents, or things that are subject to the Protective Order, except in accordance with the provisions of the Order. I agree that I will use such information, documents, or things solely for purposes of my involvement in this Litigation, and shall not use them in any other way.

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____
[printed name]

_____
[signature]

CHI:2563721.1