# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHERN TRUST INVESTMENTS, INC., and THE NORTHERN TRUST COMPANY, <br><br> Defendants. | Case No. 09-7203 <br><br> Hon. Robert W. Gettleman <br><br> Magistrate Judge Susan E. Cox |
| NORTHERN TRUST INVESTMENTS, INC., and THE NORTHERN TRUST COMPANY, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> THE BOARD OF TRUSTEES FOR THE LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, THE BOARD OF TRUSTEES FOR THE PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, <br><br> Third-Party Defendants. | |

| |
|---|
| THE NORTHERN TRUST COMPANY, <br><br> Counter-Plaintiff, <br><br> v. <br><br> PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, <br><br> Counter-Defendant. |

**NORTHERN TRUST'S UNOPPOSED MOTION FOR EXTENSION OF TIME
TO RESPOND TO MOTION TO DISMISS THIRD-PARTY COMPLAINT AND
COUNTERCLAIM AND MOTION TO STRIKE AFFIRMATIVE DEFENSES,
AND FOR LEAVE TO FILE AN OVERSIZED MEMORANDUM**

Defendants/Third-Party Plaintiffs Northern Trust Investments, Inc. ("NTI"), and The Northern Trust Company ("NTC") (collectively, "Northern Trust"),[1] by and through their attorneys, hereby move for an extension of time until November 21, 2011, in which to respond to: (1) Third-Party Defendants' Motion to Dismiss the Third-Party Complaint; (2) Counterclaim Defendant's Motion to Dismiss the Counterclaim; and (3) Plaintiffs' Motion to Strike Affirmative Defenses to the Amended Class Action Complaint. Plaintiffs do not oppose this motion, so long as the due date for their reply brief is extended to December 12, 2011. Northern Trust also seeks leave to file a single memorandum in opposition to those motions, not to exceed 35 pages, which Plaintiffs do not oppose. In support of this unopposed motion, Northern Trust states as follows:

1. On July 14, 2011, Northern Trust filed an Amended Answer and Affirmative Defenses to Plaintiffs' Amended Class Action Complaint, and a Third-Party Complaint and

---

[1] The Northern Trust Company is also a Counter-Plaintiff against the Public School Teachers' Pension and Retirement Fund of Chicago ("Chicago Teachers"). For ease of reference, the two Northern Trust entities are referred to herein as "Northern Trust."

- 2 -

Counterclaim (Dkt. #79). The Third-Party Complaint asserts claims for contribution and indemnification from the Boards of Trustees of the Louisiana Firefighters' Retirement System, Chicago Teachers, the City of Pontiac Police & Fire Retirement System, and the City of Pontiac General Employees Retirement System, in their individual capacities, in the event that Northern Trust is found liable to Plaintiffs for any breach of fiduciary or contractual duties, as alleged in Plaintiffs' Amended Class Action Complaint. The Counterclaim alleges that Chicago Teachers breached its contract with NTC. The Amended Answer asserts numerous affirmative defenses, including lack of standing, lack of causation, and plaintiffs' own negligence.

2. On July 29, 2011, the parties stipulated that the responses to Northern Trust's Amended Answer and Affirmative Defenses, the Third-Party Complaint, and the Counterclaim would be due on September 26, 2011.

3. On September 26, 2011, Plaintiffs[2] filed a single combined pleading that included three separate motions: (1) a motion to dismiss the Third-Party Complaint; (2) a motion to dismiss the Counterclaim; and (3) a motion to strike seven Affirmative Defenses. With leave of court, Plaintiffs filed a single 32-page brief in support of their combined motions.

4. Pursuant to a briefing schedule entered by the Court on August 5, 2011, before the length of the motions to dismiss and motion to strike was known, Northern Trust's response to the combined motions is currently due on October 24, 2011.

5. Northern Trust respectfully requests that its deadline for responding to the combined motions be extended by 28 days, to November 21, 2011, for the following reasons:

---

[2] The Motion to Dismiss the Third-Party Complaint was brought by the Third-Party Defendant Boards of Trustees listed in Paragraph 1 hereof. The Motion to Dismiss the Counterclaim was brought by Counter-Defendant Chicago Teachers. The Motion to Strike Affirmative Defenses was brought by the four Plaintiffs that filed the Amended Complaint. For ease of reference, all of these entities are collectively referred to herein as "Plaintiffs."

6. First, Plaintiffs' motion combines three motions under Rules 12(b)(6), 12(b)(7), 19, 12(b)(2), 8(a) and 12(f). These motions involve four parties, each with its own separate facts, under the laws of three different states. Within each of these motions, Plaintiffs raise a host of arguments, including attempting to strike seven affirmative defenses. Although Northern Trust believes the motions should be denied, more time is needed in order to fairly respond to the multiple arguments of these multiple, separate parties.

7. Second, the time provided for Northern Trust's response is inadequate for the additional reason that Northern Trust's outside counsel primarily responsible for handling this litigation have a number of professional obligations in this and other matters that were not known at the time the original schedule was set. These matters include a patent infringement trial in federal court in Trenton, New Jersey; numerous depositions; and other responsive briefs in other matters. In this matter, the same counsel continue to be engaged in numerous court-ordered tasks during this time period, including negotiations and conferences with opposing counsel on the scope of dozens of discovery requests by both sides, responding to Magistrate Judge Cox's orders concerning prioritization of discovery, and resolution of issues concerning e-discovery. These and other commitments will require an extension of time to respond to Plaintiffs' combined motions.

8. Third, Plaintiffs had more than ten (10) weeks from the filing of Northern Trust's Amended Answer and Affirmative Defenses, Third-Party Complaint and Counterclaim in which to prepare their combined motions to strike and dismiss (*i.e.* from July 14, 2011 to September 26, 2011). As a matter of fairness, granting Northern Trust a total of eight (8) weeks to respond to Plaintiffs' combined motions is reasonable and appropriate.

9. Northern Trust does not believe that this request for extension of time will delay the ultimate resolution of this litigation, as no case management order or discovery schedule has yet been entered by the Court. Under this Court's August 5, 2011 order, Plaintiffs' reply brief is currently due on November 7, 2011; that date would be extended to December 12, 2011. This is one month before the next scheduled status date in the case (January 12, 2012). The revised briefing schedule would be as follows:

- November 21, 2011: Northern Trust's Response Brief Due
- December 12, 2011: Plaintiffs' Reply Brief Due
- January 12, 2012 (or such other date as the Court may set): Status Hearing

10. Counsel for Northern Trust has conferred with counsel for Plaintiffs regarding this motion, and Plaintiffs do not oppose the extension sought by Northern Trust, so long as the date for Plaintiffs' reply brief is extended to December 12, 2011.

11. Finally, as Plaintiffs were granted leave to file a 35-page brief, and ultimately filed a 32-page brief, Northern Trust requests that it be granted leave to file a single 35-page brief so that it can fully respond to Plaintiffs' combined motions. Plaintiffs do not oppose this request.

WHEREFORE, Northern Trust respectfully requests that this Court grant it leave to file a memorandum, not to exceed 35 pages, in response to Plaintiffs' motions to dismiss the Third-Party Complaint and Counterclaim and Plaintiffs' motion to strike, no later than November 21, 2011.

Dated: October 6, 2011

Respectfully submitted,

/s/ Caryn L. Jacobs

Caryn L. Jacobs
Todd J. Ehlman
Brook R. Long
Nathan T. Kipp
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
(312) 558-5700 – Facsimile

Michele L. Odorizzi
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
(312) 701-7711 – Facsimile

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

       I, Gregory M. Bassi, an attorney, hereby certify under penalty of perjury that on October 6, 2011, I caused a true and correct copy of the foregoing **Northern Trust's Unopposed Motion for Extension of Time to Respond to Motion to Dismiss Third-Party Complaint and Counterclaim and Motion to Strike Affirmative Defenses, and for Leave to File an Oversized Memorandum**, to be served electronically via the CM/ECF system on counsel for all parties.

                                          By: /s/ Gregory M. Bassi

                                              Gregory M. Bassi
                                              WINSTON & STRAWN LLP
                                              35 West Wacker Drive
                                              Chicago, Illinois 60601

                                              *Attorney for Northern Trust*