**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY,<br><br>    Defendants. | Case No. 09-7203<br><br>Hon. Robert W. Gettleman<br><br>Magistrate Judge Susan E. Cox<br><br>JURY TRIAL DEMANDED<br><br>**DECLARATION OF LAURA R. GERBER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL** |
| NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY,<br><br>    Third-Party Plaintiffs,<br><br>    v.<br><br>THE BOARD OF TRUSTEES FOR THE LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, THE BOARD OF TRUSTEES FOR THE PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM,<br><br>    Third-Party Defendants.<br><br>THE NORTHERN TRUST COMPANY,<br><br>    Counter-Plaintiff,<br><br>    v.<br><br>PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO,<br><br>    Counter-Defendant. | |

1

I, Laura R. Gerber, declare pursuant to the penalties of perjury under 28 U.S.C. § 1746 as follows:

1.     I am an associate with the law firm Keller Rohrback L.L.P. and am one of the attorneys personally involved in the litigation of this matter.  I make this Declaration based on personal knowledge and am competent to testify to the matters set forth herein.

2.     On August 5, 2011, Defendants served Defendants' Responses and Objections to Plaintiffs' First Request for the Production of Documents Directed to Defendants ("1st RFPs"). Attached hereto as **Exhibit 1** is a true and correct copy of the relevant excerpt of Defendants' Responses and Objections to Plaintiffs' First Request for the Production of Documents Directed to Defendants, dated August 5, 2011.

3.     On August 10, 2011, at 1:00pm PDT, the parties held a meet and confer to discuss the 1st RFPs. During the meet and confer, counsel for Defendants explained Defendants' General Objections 27 and 28 by stating that they objected to producing documents that identified securities lending clients, and that there were relevant statutes that governed the issue. Counsel for Plaintiffs requested a copy of the relevant statutes.

4.     Attached hereto as **Exhibit 2** is a true and correct copy of a letter from Mark T. Johnson to Todd J. Ehlman, dated September 19, 2011.

5.     Attached hereto as **Exhibit 3** is a true and correct copy of a letter from Mark T. Johnson to Todd J. Ehlman, dated September 27, 2011.

6.     On September 28, 2011, at 1:30pm PDT, the parties held another meet and confer regarding the 1st RFPs, including General Objections 27 and 28. Rebecca Boon, counsel for Plaintiffs, stated that the parties were planning to stipulate to a protective order governing the production of confidential information, which should address the concerns underlying defendants' General Objections. In response, Todd Ehlman, counsel for Defendants, stated that

the Illinois Banking Act did not bar production in total, but that the statute did bar some disclosure of relevant information. Plaintiffs' counsel inquired whether Defendants planned to redact documents on this basis. Mr. Ehlman then stated that Defendants had redacted names of clients that are customers on the basis of the Act in *Diebold v. N. Trust Invs., N.A.*, No. 09 Civ. 1934 (N.D. Ill.) and other matters, and that they took the position that even if they could rely on the notice provision of the Act, compliance with that provision would be unduly burdensome.

      7.      Attached hereto as **Exhibit 4** is a true and correct copy of a letter from Brook R. Long to Mark T. Johnson, dated September 30, 2011.

      8.      On October 3, 2011, at 2:00pm PDT, the parties held a meet and confer regarding the ESI protocol wherein counsel for Defendants reiterated their prior position as to the redaction of client names and financial information. In relevant part, Defendants' counsel stated that one reason Defendants would not be able to provide spreadsheets in native format was because of the need to redact client names and client financial information.

      9.      On October 5, 2011, Rebecca Boon sent a letter to Todd Ehlman requesting that Defendants withdraw General Objections 27 and 28 based on the Illinois Banking Act, and agree to produce all spreadsheets and database files in native format, subject to case-by-case exceptions to be resolved as needed, attached hereto as **Exhibit 5**.

      10.      On October 7, 2011, the parties submitted an Agreed Motion for Stipulated Protective Order to the Court, requesting that the Court find good cause to enter the Stipulated Protective Order.

      11.      On October 10, 2011, at 2:00pm PDT, the parties held another meet and confer wherein counsel for Defendants stated that they would stand on their General Objections 27 and 28.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

DATED this 10th day of October, 2011.

By: s/ Laura R. Gerber
Laura R. Gerber