# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | Case No. 09-7203<br><br>Hon. Robert W. Gettleman<br><br>Magistrate Judge Susan E. Cox<br><br>JURY TRIAL DEMANDED |
| Plaintiffs, | |
| v. | **PLAINTIFFS' DOCUMENT DISCOVERY PRIORITIZATION PROPOSAL** |
| NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY, | |
| Defendants. | |
| NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY, | |
| Third-Party Plaintiffs, | |
| v. | |
| THE BOARD OF TRUSTEES FOR THE LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, THE BOARD OF TRUSTEES FOR THE PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, | |
| Third-Party Defendants. | |
| THE NORTHERN TRUST COMPANY, | |
| Counter-Plaintiff, | |
| v. | |
| PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, | |
| Counter-Defendant. | |

Plaintiffs, having conferred with Defendants regarding the possible prioritization and ordering of discovery, are unable to reach agreement with Defendants concerning prioritization. It has been and remains Plaintiffs' position that Defendants' proposal to produce narrow discovery limited to class certification conflicts with the significant overlap between merits and class certification discovery. Indeed, taken together with Defendants' objections to Plaintiffs' discovery requests, Defendants' prioritization proposal would amount to a de facto bifurcation (or trifurcation) of discovery, which Your Honor and Judge Gettleman have previously rejected. Specifically, Defendants propose that production take place in three separate phases – with documents relevant to a given topic, such as the investments that caused Plaintiffs' losses – produced in phases depending on whether Defendants contend they relate to class certification (Phase 1), the merits of Plaintiffs' claims (Phase 2), or the merits of the Class's claims (Phase 3, to be produced only after the class is certified). Defendants' trifurcation proposal will only increase the burden on the parties by causing inefficiencies in litigating this case. Their proposal would also unnecessarily delay discovery into the merits of Plaintiffs' claims, prejudice Plaintiffs in their motion for class certification, and – significantly – prevent any reasonable evaluation of the strengths and weaknesses of the case for settlement purposes, contrary to the Court's directions. Accordingly, Defendants' proposal is not acceptable. Plaintiffs believe, however, that efficiencies can be achieved with the prioritization of appropriate categories of discovery that pertain to both class certification and the merits of Plaintiffs' claims.

## I.      PLAINTIFFS' PROPOSED DOCUMENT PRIORITIZATION PLAN

Plaintiffs' position throughout the parties' negotiations and before the Court has focused on the interrelatedness of class and merits discovery in this case. *See, e.g.*, Tr. of Status Conference at 8, *La. Firefighters' Ret. Sys. v. N. Trust Invs., N.A.*, (N.D. Ill. Sept. 26, 2011). Categories of documents integral to Plaintiffs' ability to prove their case-in-chief are also

relevant to Rule 23's requirements for class certification. As Judge Gettleman observed, in this case, there is no clear line of demarcation between what constitutes class or merits discovery. *See* Tr. of Status Conference at 6, *La. Firefighters' Ret. Sys. v. N. Trust Invs., N.A.*, (N.D. Ill. Aug. 3, 2011) ("But I don't know if it makes sense to bifurcate or start carving off class discovery versus merits discovery and that sort of thing in a case like this. They're probably going to overlap quite a bit."). Documents related to the common management of the collateral pools – the securities purchased, the analysis driving the decision to buy and hold the securities, and the losses caused by those investments – will necessarily prove or disprove Plaintiffs' fiduciary duty claim and those same documents are relevant to the commonality of the class's claims for certification purposes. Documents related to the duties Defendants owed Plaintiffs will be relevant both to whether Defendants breached those duties and whether class members were owed common duties and suffered common breaches. As courts in this District and the Advisory Committee recognize, "an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery'" is not appropriate. Fed. R. Civ. P. 23(c) Notes of Advisory Committee on 2003 Amendment. *See generally Hakem v. Accenture U.S. Pension Plan*, 735 F. Supp. 2d 939 (N.D. Ill. 2010). This is especially the case where, as here, Defendants urged the Court to postpone the schedule for class certification briefing. *See* Tr. of Status Conference at 3-4, *La. Firefighters' Ret. Sys. v. N. Trust Invs., N.A.* (N.D. Ill. June 9, 2011). Having done so, Defendants are hard pressed to explain why class certification discovery must be prioritized now.

Prioritization should focus on key categories of documents that are relevant to both class certification and the merits of the case. Accordingly, Plaintiffs propose that the following categories of documents be prioritized:

- Documents related to any duty or obligation owed by Northern Trust to participants in the

securities lending program, including any internal discussion thereof;

• Documents related to Northern Trust's structuring and management of the collateral pools in which the cash collateral of the securities lending participants was invested, including Northern Trust's common policies, guidelines, standards, and/or restrictions for: (a) the investment of cash collateral in the collateral pools; and (b) client withdrawals from the collateral pools or the securities lending program. This category would also include any internal discussion of these topics and their effect or potential effect on securities lending participants, the collateral pools, and Northern Trust;

• Documents related to the composition of the collateral pools in which the named plaintiffs and absent class members were invested, including (in addition to holdings information for the pools), documents relating to Northern Trust's investment and risk management decisions for the pools;

• Documents sufficient to identify the collateral pools and commingled lending funds that experienced losses and the extent of those losses, as well as the investors in those pools and funds, and documents sufficient to identify the individuals at Northern Trust responsible for decisions made with respect to these pools; and

• Documents concerning the conflicts of interest that Plaintiffs allege contributed to Defendants' breaches of fiduciary and contractual duties. These include documents about how any realized loss in the collateral pools would affect Defendants or the securities lending program – for example, documents relating to Plaintiffs' allegations that a realized loss in the collateral pools might ultimately require Northern Trust to consolidate those pools on its own books. Plaintiffs also allege that Northern Trust's fee for managing the securities lending program incentivized Northern Trust to invest in high-risk and long-term securities, giving rise to another conflict of interest.[1]

Production in response to any individual topic should occur at the same time – *i.e.*, all documents, including those related to absent class members and Northern Trust's internal communications relating to these issues should be produced at once, as opposed to being produced in three separate phases. For example, as to a given topic, Plaintiffs should not receive Northern Trust's formal guidelines in Phase 1, emails concerning application of those guidelines to Plaintiffs in Phase 2, and emails concerning application of those guidelines to other class members in Phase 3, as Defendants propose.

---

[1] Plaintiffs contend that discovery concerning these conflicts of interest may present a common issue relevant to class certification, and may refute Defendants' arguments in opposition to class certification. Significantly, Defendants have not only refused to prioritize these topics but refuse to produce any documents related to the issue of consolidation of the collateral pools or the impact of the fee structure.

## II.   DEFENDANTS' PROPOSAL IS DE FACTO BIFURCATION AND WOULD RESULT IN PREJUDICE AND INEFFICIENCIES

Defendants' proposal means that on topics that Defendants propose to "prioritize," Northern Trust will produce documents in three separate cuts.   For example, documents concerning the withdrawal limitations imposed by Northern Trust are relevant to show that Defendants' common conduct in managing the collateral pools harmed the class.   Defendants would produce the actual withdrawal guidelines and certain committee minutes discussing the withdrawals in Phase 1; documents relating to any efforts by the named Plaintiffs to withdraw in Phase 2; and documents relating to efforts by absent class members to withdraw in Phase 3. Phase 1 would not include any emails or other communications that would put the guidelines in context or that discuss the impact of the guidelines and withdrawal restrictions on the class, although Defendants have yet to articulate how an investment guideline is relevant to class certification but emails discussing those same guidelines are not relevant.   This approach prejudices Plaintiffs' ability to understand the documents themselves, and would leave Plaintiffs unable to fully explore the issue of the withdrawal restrictions and their impact on the class. Moreover, if Plaintiffs seek to depose an individual involved in implementing these restrictions – testimony that may be relevant to class certification – Plaintiffs would need to take that deposition with only one-third of the relevant documents, and then the individual may have to be deposed multiple times as additional discovery is produced.[2]

According to Defendants, proceeding in three stages will be less burdensome and is justified because, they contend, this class will never be certified.   Indeed, integral to Defendants' plan to trifurcate discovery is their position that Phase 3 production will not occur unless and

---

[2] Defendants also offered a narrow stipulation relating to one prong of the commonality element of class certification.   Plaintiffs viewed that proposed stipulation as insufficient, and Defendants did not respond to Plaintiffs' request that other elements of class certification be subject to stipulation.

until the class is certified. But Defendants have been unable to articulate how their proposal to slice and dice discovery on each topic into multiple phases would lessen their burden. Moreover, their position that defendants facing a class action that has survived a motion to dismiss should be insulated from the costs of discovery simply because they intend to challenge some element of class certification is contrary to the law. *See Hakim*, 735 F. Supp. 2d at 956.

In addition, and contrary to Defendants' assertion that this case presents some unique and novel class, a court has already certified a class involving the improper management of a securities lending program, which involves some of same securities at issue here. *See Bd. of Trs. of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 269 F.R.D. 340, 341 (S.D.N.Y. 2010). That case, like this one, involved a nationwide class of institutional investors asserting claims for breach of fiduciary duty and breach of contract. Further, Defendants' proposal improperly prioritizes topics that primarily emphasize plaintiffs' conduct as opposed to defendants' conduct. *See Nauman v. Abbott Labs.*, 2007 WL 1052478, *3 (N.D. Ill. Apr. 3, 2007) ("defendants' [prioritization proposal] places too much emphasis on plaintiffs' conduct when appropriate focus in a breach of fiduciary claim [at class certification] is the conduct of defendants, not the plaintiffs."). For example, Defendants have limited nearly all production of communications in Phase 1 to external correspondence sent to named Plaintiffs and have largely refused to produce internal Northern Trust documents relevant to the malfeasance that Plaintiffs allege was common to all class members. Accordingly, any purported advantages to Defendants by proceeding in three phases are outweighed by the inefficiencies and potential prejudice to Plaintiffs that would result from this approach.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court adopt Plaintiffs' categorical approach to discovery.

| Dated: October 11, 2011 | Respectfully submitted, |
|---|---|
| **KELLER ROHRBACK L.L.P.**<br><br>By:  s / Laura R. Gerber<br>Lynn L. Sarko<br>Derek W. Loeser<br>Raymond J. Farrow<br>Laura R. Gerber<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Telephone:  206-623-1900<br>lsarko@kellerrohrback.com<br>dloeser@kellerrohrback.com<br>rfarrow@kellerrohrback.com<br>lgerber@kellerrohrback.com<br><br>*Counsel for Plaintiff Firefighters' Retirement System* | Avi Josefson<br>**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**<br>2835 N. Sheffield Avenue, Suite 409<br>Chicago, Illinois 60657<br>Telephone:  773-883-5382<br>avi@blbglaw.com<br><br>David Wales<br>Rebecca Boon<br>Brett Van Benthysen<br>**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**<br>1285 Avenue of the Americas, 38th Floor<br>New York, New York 10019<br>Telephone:  212-554-1400<br>dwales@blbglaw.com<br>rebecca.boon@blbglaw.com<br>brett@blbglaw.com<br><br>*Counsel for Plaintiff Public School Teachers' Pension & Retirement Fund of Chicago* |
| Garrett W. Wotkyns<br>Michael C. McKay<br>**SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP**<br>7702 E. Doubletree Ranch Road, Suite 300<br>Scottsdale, AZ 85258<br>Telephone:  480-607-4368<br>gwotkyns@schneiderwallace.com<br>mmckay@schneiderwallace.com<br><br>Todd M. Schneider<br>Mark T. Johnson<br>**SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP**<br>180 Montgomery Street, Suite 2000<br>San Francisco, California 94104<br>Telephone: (415) 421-7100<br>tschneider@schneiderwallace.com<br>mjohnson@schneiderwallace.com<br><br>*Counsel for Plaintiff Firefighters' Retirement System* | Elizabeth Hoskins Dow, #6216262<br>**BAILEY & GLASSER LLP**<br>1003 Western Avenue<br>Joliet, IL 60435<br>Telephone: 815-740-4034<br>ldow@baileyglasser.com<br><br>*Counsel for Plaintiff Firefighters' Retirement System* |

| | |
|---|---|
| Sharon S. Almonrode<br>**SULLIVAN, WARD, ASHER & PATTON, P.C.**<br>1000 Maccabees Center<br>25800 Northwestern Highway<br>Southfield, MI 48037<br>Telephone:  248-746-0700<br>salmonrode@swappc.com<br><br>***Counsel for Plaintiffs The Board of Trustees of the City of Pontiac Police & Fire Retirement System and The Board of Trustees of the City of Pontiac General Employees Retirement System*** | |