# EXHIBIT C

```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   JOSEPH L. DIEBOLD, JR.,          )  Docket No. 09 C 1934
     on behalf of the ExxonMobil      )
 4   Savings Plan, and all others     )
     similarly situated,              )
 5                                    )
                   Plaintiffs,        )
 6                                    )
            v.                        )  Chicago, Illinois
 7                                    )  October 14, 2010
     NORTHERN TRUST INVESTMENTS,      )  9:30 o'clock a.m.
 8   N.A., et al.,                    )
                                      )
 9                 Defendants.        )

10              TRANSCRIPT OF PROCEEDINGS - MOTION
              BEFORE THE HONORABLE WILLIAM J. HIBBLER
11
     APPEARANCES:
12
     For the Plaintiffs:          BAILEY & GLASSER, LLP, by
13                                MS. ELIZABETH DALEY HOSKINS DOW
                                  3601 McDonough Street
14                                Joliet, Illinois 60431

15                                BAILEY & GLASSER, LLP, by
                                  MR. GREGORY Y. PORTER
16                                910 17th Street, NW
                                  Suite 800
17                                Washington, DC 20006

18                                BERGER & MONTAQUE, P.C., by
                                  MR. TODD COLLINS
19                                1622 Locust Street
                                  Philadelphia, Pennsylvania 19103
20

21

22                   ALEXANDRA ROTH, CSR, RPR
                       Official Court Reporter
23                   219 South Dearborn Street
                            Room 1224
24                     Chicago, Illinois 60604
                          (312) 408-5038
25
```

```
 1  APPEARANCES:  (Continued)

 2  For the Defendants:          WINSTON & STRAWN LLP, by
                                 MS. CARYN LESLIE JACOBS
 3                               MR. TODD JAY EHLMAN
                                 35 West Wacker Drive
 4                               Chicago, Illinois 60601

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    (Proceedings had in open court:)
2        THE CLERK: 09 C 1934, Diebold versus Northern Trust
3    Investments, et al. Status.
4        MS. JACOBS: Good morning, your Honor. Caryn Jacobs
5    and Todd Ehlman in court today on behalf of the Northern
6    defendants. And our assistant general counsel Maureen Mosh is
7    in court today as well. Thank you.
8        MS. DOW: Good morning, your Honor. Elizabeth Dow on
9    behalf of the plaintiffs.
10       MR. PORTER: Greg Porter on behalf of plaintiffs.
11       MR. COLLINS: Todd Collins for plaintiffs, your Honor.
12       THE COURT: Okay.
13       The Court has received the plaintiffs' proposed
14   discovery plan and the defendants' opposition thereto and the
15   plaintiffs' response to that opposition. I am not really sure
16   I understand whether the defense have an opposition to the plan
17   or you have opposition to imposing a plan at this point.
18       MS. JACOBS: Your Honor, we have -- our opposition has
19   three different approaches. The first one is that we do not
20   think it is time to have a discovery plan in the case, for the
21   reasons set forth in our motion. And I'm prepared to argue
22   that here today if your Honor would so desire.
23       Our second position is that if there is going to be a
24   plan, it needs to be a staged plan. And we set forth what that
25   would be in our opposition as well.

1          And then the third is simply if your Honor is going to
2   get into the granular detail of dates for such things as Rule
3   26(a) disclosures and so on, our final page of our proposal
4   lists our dates.  On those dates there is not an enormous
5   amount of disagreement between the parties.  The real
6   disagreement is whether or not we start now.  And if we start
7   now, do we bifurcate the class discovery, which we propose and
8   which is a very common practice in this district and nationally
9   and recommended by the manual for complex litigation?  Or do we
10  do everything all at once even before class certification is
11  decided?
12          MR. PORTER:  Well, your Honor, I think our papers
13  generally speak for themselves.  We recognize that in some
14  cases it might be appropriate to bifurcate merits and class
15  discovery.  We just don't think it's one of those cases given
16  the amount of discovery necessary to present the evidence on
17  class certification, given that the individual clients or the
18  merits discovery they would take is closely aligned with what
19  the class merits discovery would be.
20          And finally, this isn't the kind of case that's going
21  to disappear if there is not a class certification.  We believe
22  that the individual losses suffered by these large multi-
23  billion-dollar 401(k) plans are sufficiently economic viable to
24  warrant taking the case forward on an individual basis.  So the
25  case doesn't go away as a practical matter, I think, if class

```
 1   certification is denied.
 2            And to the -- just a minute.  I don't know if the
 3   issue about whether -- we had talked about amending our
 4   complaint is giving the Court any pause.  But we I think may
 5   not amend at this stage and just go ahead.
 6            THE COURT:  It is not.
 7            MR. PORTER:  Thank you, your Honor.
 8            THE COURT:  Yes, ma'am.
 9            Let me just say that in reviewing the papers of the
10   parties, the Court has arrived at the decision that it is time
11   to impose the discovery schedule.  The Court would also point
12   out to the parties that although there are unique circumstances
13   where bifurcation is a proper method of moving forward
14   discovery, I think those cases are very limited.  And what the
15   Court suggests, as opposed to bifurcating the discovery, is to
16   prioritizing discovery.  And I think the parties are more than
17   able to do that, to do those things that are going to be
18   necessary.  Whether we are doing class or individual discovery,
19   there is a myriad of items that can be accomplished.
20            Now, I don't really have a problem with the dates that
21   either parties suggest.  But what I am going to do is require
22   that the parties confer again and attempt to arrive at agreed
23   upon dates, understanding the Court's position that discovery
24   will go forward.  It will not be in stages.
25            But the Court has absolutely no objection to the
```

1   parties setting certain priorities in terms of that discovery
2   so that we are not doing discovery that might tend to be
3   useless at some point in the future or that is not necessary to
4   happen immediately and can be delayed to a later stage in the
5   lawsuit.
6       MS. JACOBS:  Your Honor, on the issue of the
7   reassignment, that was one of our points that I don't think
8   your ruling -- well, that we haven't discussed yet today.  And
9   that is that there is the pending reassignment motion regarding
10  the fire fighters' complaint, which is now before Judge
11  Gettleman.
12      THE COURT:  Correct.  I understand he has an
13  aggressive schedule for that motion?
14      MS. JACOBS:  He has set a motion to dismiss schedule.
15  And the motion to dismiss schedule on that motion will be fully
16  briefed in I believe it is November.
17      The plaintiffs here propose to amend to try to add a
18  new count too by sometime this month, which under a typical
19  briefing schedule that the parties have agreed to in the past
20  would mean that brief would be fully briefed sometime in
21  January.
22      So the two cases are actually both still in the
23  pleadings phase.  The plaintiffs in both cases are still,
24  quote, trying to get it right on the pleadings.  And
25  interestingly, the motions will be fully briefed at about the

```
 1  same time.  This one a little bit later than the one in fire
 2  fighters.
 3           So it really is our view that in a case of this
 4  complexity -- and your Honor did indicate discovery was likely
 5  to be complex in the reassignment order regarding the Diebold
 6  case.  In the case of this complexity, it really, in my view,
 7  makes more sense to wait to solidify those pleadings.  What is
 8  the operative complaint going to be in this case and in the
 9  fire fighters case?  And are they going to be handled together?
10  Because otherwise we are going to have two 26(a)s, one on the
11  class -- on the Count 1, one on Count 2 if it survives.  We are
12  going to have 20 different 26(a)s in fire fighters, and we're
13  going to have just a lot of stops and starts and a lot of
14  piecemeal activity.
15           So I understand your Honor's idea that within
16  discovery when it starts prioritizing can achieve the goals of
17  bifurcation if the parties work with each other.  But then the
18  question becomes, when does it start?  And it's our position
19  that the operative pleading should be in place in a case of
20  this enormity and this complexity before we get started.
21           THE COURT:  So you are suggesting a later start date
22  for discovery?
23           MS. JACOBS:  Right.  I think that we can agree to
24  dates.  But then the trigger date should be, let's have an
25  operative complaint.  And, you know, Count 2, which is the
```

```
 1   prohibited transaction count, is quite lengthy and complex and
 2   involves disclosures, individualizes disclosures, to the
 3   fiduciaries of the various plans regarding the fee structure,
 4   regarding the documentation, regarding the liabilities, et
 5   cetera.  And we don't know if we are going to do that.  So --
 6            MR. PORTER:  First of all, your Honor, we're not sure
 7   if we're going to amend our complaint.
 8            THE COURT:  I thought you said that earlier.
 9            MR. PORTER:  Yeah.  I think what we're going to do is
10   do some more discovery and see if the evidence leads us to a
11   place where we develop sufficient facts to warrant amending our
12   complaint.
13            Secondly, with respect to reassignment, actually Mr.
14   Loeser, who is counsel for the fire fighters in that case, is
15   here in court today and will be happy to speak to what their
16   position is on the pending reassignment motion, if you'd like
17   to hear from Mr. Loeser.
18            THE COURT:  I don't know that the Court can -- I know
19   he has a position.  I am not sure what Judge Gettleman's
20   position is going to be.
21            MS. JACOBS:  Your Honor --
22            MR. PORTER:  Let me just say, your Honor, with respect
23   to reassignment, this case has been pending for 18 months.  We
24   don't think the other case should slow this case down.  We have
25   no idea when we're even going to get a ruling on that other
```

```
 1   case, whether it be in front of this Court or Mr. -- or Judge
 2   Gettleman.  Judge Gettleman has set an oral argument for
 3   January, the end of January.  He can be six, nine months before
 4   he rules on that motion.
 5              THE COURT:  Okay.  Here is what I need to know,
 6   counsel:  When will you make a firm decision as to whether or
 7   not you are going to be filing an amended complaint?
 8              MR. PORTER:  I'm not going to file an amended
 9   complaint --
10              THE COURT:  So --
11              MR. PORTER:  -- until -- we are going to wait on
12   amending the complaint to see what discovery shows.
13              MS. JACOBS:  Your Honor, that was your question.  I
14   think that he basically said, okay, Judge, we're not going to
15   do it now --
16              THE COURT:  But --
17              MS. JACOBS:  -- but take discovery and do it maybe six
18   months from now.  That makes it worse, not better, your Honor.
19              MR. PORTER:  It's very common, your Honor, to amend
20   the complaint after evidence develops in the case.  It happens
21   all the time, as you know.
22              THE COURT:  I understand that.  I just think that the
23   plaintiffs' position that they would like to know -- and that's
24   not unreasonable either -- what the nature of the allegations
25   are in this lawsuit, because it might have some extensive
```

1  effect upon the discovery that we do.

2  Now, I do understand, however, that no matter whether
3  it's this complaint or the complaint is amended in certain
4  fashions, some discovery is going to need to go forward no
5  matter what. And some discovery is not going to be affected by
6  that decision as to the amended complaint.

7  But as to that issue, the discovery that the Court
8  thinks should go forward first should be discovery that relates
9  to the complaint as it now stands. If there is going to be
10  some amendment to that complaint, that discovery should not be
11  the primary goal of this discovery process.

12  MR. PORTER: We understand, your Honor.

13  THE COURT: So that I don't want either side to be
14  concentrating on getting new information so I can file an
15  amended complaint and not dealing with the complaint as it now
16  stands.

17  MR. PORTER: I am quite certain that Ms. Jacobs will
18  object vigorously to discovery that we take that she views as
19  trying to intrude too much on the dismissed count. Bring that
20  to your attention, your Honor.

21  MS. JACOBS: Your Honor, I would like to address that
22  because, in fact, there is between Count 1, which is the
23  fiduciary duty count, and Count 2, which is the prohibited
24  transaction exemption account -- there is unique discovery as
25  the plaintiffs point out relating to the Count 2. However, the

```
 1  sources of that unique discovery which are going to be the
 2  relationship managers for the various plan fiduciaries, which
 3  are going to be the -- within Northern the relationship
 4  personnel within the plan fiduciaries.  Those sources are the
 5  same sources of information on the prudence claims.
 6           So again, we're going to have piecemeal discovery.
 7  I'm going to do a 26(a) relating to prudence, relating to the
 8  investments, relating to the communications concerning those
 9  investments.  And now six months later -- and I don't even know
10  how that's going to affect class certification.  Six months
11  later they're going to come in and say, oh, Judge, now we want
12  to add a prohibited transaction exemption claim.  And now I go
13  back to those same fiduciaries at the plans and those same
14  relationship matters at Northern and ask them all those
15  questions all over again and redo document discovery.
16           And there is really no point to putting the cart
17  before the horse here.  The plaintiffs complain about delays.
18  But the plaintiffs are in control of their pleadings.  They're
19  the ones who keep coming back to the well with additional
20  pleadings.  They filed an initial one.  We moved to dismiss.
21  They with drew it.  They filed another one.  We promptly moved,
22  and this Court ruled just recently, just about a month ago.
23           Now they have not foregone their desire to amend.
24  They are going to amend.  And that's going to throw a wrench
25  into the proceedings.  No matter when they amend, it is going
```

1   to change.  It is going to require going back and duplicating.
2           And in a case of this size and complexity, that is --
3   that is an enormous cost and burden that is -- we believe is
4   going to be unnecessary and wasteful and very costly to a
5   public corporation.
6           THE COURT:  Okay.  The Court is going to require that
7   the parties meet, discuss and submit to the Court by October 29
8   a proposed discovery plan.  The Court will then anticipate that
9   the parties will make their discovery requests as expeditiously
10  as possible.  I am going to set a status in early December.
11          If the requests that flow from this discovery plan are
12  reasonable, I would anticipate the parties will simply accede
13  to them and move forward.  If they are not, then the Court will
14  on the next date discuss what portions of that discovery that
15  now have been requested will be complied with.
16          Let's have an early December date.
17          THE CLERK:  Thursday, December 9, at 9:30.
18          MS. DOW:  Thank you, your Honor.
19          THE COURT:  Thank you.
20          MS. JACOBS:  Thank you, your Honor.
21     (Which were all the proceedings had at the hearing of the
22        within cause on the day and date hereof.)
23
24
25

```
 1                          CERTIFICATE

 2           I HEREBY CERTIFY that the foregoing is a true, correct

 3     and complete transcript of the proceedings had at the hearing

 4     of the aforementioned cause on the day and date hereof.

 5
        /s/Alexandra Roth                              10/14/2010
 6     _____            _____
         Official Court Reporter                        Date
 7       U.S. District Court
         Northern District of Illinois
 8       Eastern Division

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```