# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | Judge Robert W. Gettleman, *Judge Presiding*<br><br>Magistrate Judge Michael T. Mason |
| Plaintiffs, | |
| v. | Civil Action No. 09-7203 |
| NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY, | |
| Defendants. | |
| NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY, | |
| Third-Party Plaintiffs, | |
| v. | |
| THE BOARD OF TRUSTEES FOR THE LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, THE BOARD OF TRUSTEES FOR THE PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, | |
| Third-Party Defendants. | |
| THE NORTHERN TRUST COMPANY, | |

Counter-Plaintiff,

v.

PUBLIC SCHOOL TEACHERS' PENSION &
RETIREMENT FUND OF CHICAGO,

Counter-Defendant.

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST
FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Northern Trust

Investments, N.A. and The Northern Trust Company (collectively "Defendants") hereby make

the following objections and responses to the Plaintiffs' First Request for Production of

Documents Directed to Defendants as follows:

**RESERVATION OF RIGHTS**

In providing these responses and objections:

1. Defendants reserve their right to object, on any ground, to the use or admissibility of

any document or thing produced or to the use or admissibility of any of these objections or

responses.

2. Defendants reserve their right to object, on any ground, to any demand for further

responses to these or any discovery requests.

3. Defendants reserve their right to, at any time, revise, correct, add to, or clarify any of

the responses provided herein. Discovery is not yet complete and Defendants' investigation

continues.

4. Failure to object shall not constitute a waiver of any objections that Defendants may

interpose as to future answers or production, nor shall it be construed as a waiver of the right to

interpose an objection at any time.

2

5.  As used herein, the term "document" shall include electronically stored information ("ESI").

6.  Defendants reserve all of their other rights existing at the time of this response.

### GENERAL OBJECTIONS AND RESPONSES

1.  Use or references to Plaintiffs' defined terms or to language in Plaintiffs' requests does not constitute agreement with or acceptance of those definitions or such language.

2.  Defendants object to the schedule for production proposed by Plaintiffs.  Any documents  produced by Defendants will be produced for inspection and copying at the offices of counsel for  Defendants at a mutually convenient time; will be copied and forwarded to Plaintiffs' counsel at  Plaintiffs' expense; or will be produced as otherwise agreed to by the parties.

3.  Defendants object to all instructions, definitions, and requests to the extent that they are inconsistent with the Court's guidance on August 3, 2011 or continue to be subject to Court guidance on the schedule for, and any priority or staging of, discovery.

4.  Defendants object to any form of production inconsistent with the Federal Rules of Civil Procedure or that is unduly burdensome.  Defendants will produce documents as they are kept in the usual course of business, in a form that is reasonable in light of the circumstances (including cost and burden), in a format to be mutually agreed upon by the parties, or as determined by the Court.

5.  Defendants object to Plaintiffs' requests, definitions, and instructions to the extent that they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the local rules, and applicable law.

6.  Defendants object to the requests, definitions, and instructions to the extent that they render the requests vague, overbroad, and unduly burdensome; to the extent that they seek discovery that is privileged against disclosure; and to the extent that they seek discovery that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

7.  Defendants object to the requests, definitions, and instructions (including, without limitation, the definition of "Northern Trust") to the extent that they seek materials from persons or entities (such as agents or unrelated corporate entities) other than Defendants and their current officers or employees, on the grounds that any such requests attempt to place an obligation on Defendants to provide material that is not in their possession, custody, or control. Defendants will produce documents only to the extent that they are in Defendants' possession, custody, or control and can be located and produced after a reasonable investigation.

8.  Defendants object to producing any documents to the extent that a request seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or other applicable privileges, immunities, and doctrines (including, without limitation, protections available under any and all applicable laws and rules). In responding to these requests, Defendants are not, and do not intend to, waive any such privileges, immunities, and doctrines. Accordingly, when Defendants indicate that they will produce responsive documents, that necessarily means that they will, and intend to, produce only documents that are not protected by such  privileges, immunities, and doctrines and that production of any protected documents is inadvertent.

9.  Defendants specifically object to production of documents at this time that may be relevant to the case only if a class were to be certified (which it should not).

10. Defendants object to the definitions of "document" and "electronic data" as overbroad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and imposing obligations beyond those imposed by the Federal Rules of Civil Procedure, the local rules, and applicable law. Specifically, and without limitation, Defendants object on these grounds to the inclusion of such materials as (without limitation) "programs," "programming notes or instructions," "comments or remarks," "program change logs and activity listings of electronic mail receipts and/or transmittals," "output resulting from the use of any software program," "operating systems," "source code of all types," "programming languages," "linkers and compilers," "peripheral drivers," "PRF files," "batch files," "ASCII files," "miscellaneous files," "file fragments" and "deleted file[s]." Defendants further object on these grounds to producing files in native format, non-responsive portions of electronic collections with discrete parts, and the requested categories of electronic metadata. Defendants specifically object on these grounds to instruction no. 4 (including all subparts). Further, Defendants object to all of the requests to the extent that they seek ESI that is not reasonably accessible, including but not limited to ESI on disaster recovery backup media, and slack, fragmented, or corrupted data on hard drives that can be recovered only using specialized forensic tools. Defendants will produce ESI solely in a format that reasonably avoids undue burden and expense and is reasonably calculated to lead to the discovery of admissible evidence.

11. Defendants object to the requests, definitions, and instructions to the extent that the burden or cost of the requested discovery outweighs any likely benefit and/or to the extent that the discovery is not reasonably accessible or reviewable due to undue burden or cost, including but not limited to internet cookies, temporary internet pages, delivery confirmations, delivery

failure notices, metadata, or other data on computer hard drives or servers that is machine generated.

12. Defendants object to the requests, definitions, and instructions to the extent that they make assumptions about or characterize facts or law. Thus, any response or production by Defendants does not constitute agreement with, or acceptance of, any such assumptions or characterizations.

13. Defendants object to the requests, definitions, and instructions to the extent that the discovery sought is unreasonably cumulative or duplicative.

14. Defendants object to the requests, definitions, and instructions to the extent that the information sought may be obtained from another source that is more convenient, less burdensome, and/or less expensive.

15. Defendants object to the requests, definitions, and instructions to the extent that they were propounded for the purpose of harassment or annoyance.

16. Defendants object to the requests, definitions, and instructions to the extent that they seek the production of documents already in Plaintiffs' possession, custody, or control.

17. Defendants object to the requests, definitions, and instructions to the extent that they seek information that is a matter of public record.

18. Defendants object to the requests, definitions, and instructions to the extent that they seek to require Defendants to create documents that do not exist or to the extent that a request is not a proper document request but is instead an interrogatory.

19. Defendants object to the requests to the extent that they appear to ask for information as opposed to documents.

20. Defendants object to producing documents post-dating the filing of the case, unless otherwise stated.

21. Defendants object to the requests, definitions, and instructions to the extent that they seek discovery concerning claims dismissed by this Court in its order dated May 6, 2011, including all claims based on fees.

22. Defendants incorporate by reference each of these general objections and responses into each of the specific objections and responses below. To the extent that Defendants agree to produce documents pursuant to these requests, they are produced subject to these general objections and responses unless otherwise stated.

23. Defendants object to the requests to the extent that they are largely or wholly duplicative of each other, and hereby incorporate the objections to one such request into the other.

24. Where Defendants interpose an objection, such objection shall be construed to apply to any other request seeking documents similar to those to which the objection is made.

25. Defendants incorporate herein all objections made, explanations provided, and discussions had, or to be had, during Local Rule 37.2 communications (if any) relating to the reasons why Plaintiffs' requests are objectionable.

26. Defendants object to production of any confidential or proprietary documents before entry of a protective order satisfactory to Defendants.

27. Defendants object to producing documents that would identify client names; client identifying information; and client banking, financial, and other information.

28. Defendants object to producing any and all documents that would violate any provision of any and all applicable laws, rules, and practices concerning and protecting client names; client identifying information; and client banking, financial, and other information.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1:

All documents concerning any duty or obligation owed by Defendants to direct or indirect participants in the SLP.

### RESPONSE OR OBJECTION:

Defendants object to this request as premature since it seeks class-wide and merits discovery although no class has been or should be certified in this case; vague and overbroad since it purports to seek every document "concerning" any unidentified "duty or obligation"; not reasonably calculated to lead to the discovery of admissible evidence since it seeks documents having no relevance to the case; and unduly burdensome. Defendants object further that the burden and cost of the requested discovery is excessive; far outweighs any likely benefit; and is not reasonably accessible due to undue burden or cost. Subject to and without waiver of the foregoing general and specific objections, defendants will produce responsive documents, if any.

### REQUEST NO. 2:

All documents concerning any policies, guidelines, procedures, objectives, or standards for the investment of cash collateral in securities lending cash Collateral Pools, including any changes to the guidelines during the Relevant Time Period.

Dated: August 5, 2011          Respectfully submitted,

/s/ Caryn L. Jacobs
_____

Caryn L. Jacobs
Todd J. Ehlman
Brook R. Long
Nathan T. Kipp
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
United States
(312) 558-5600
(312) 558-5700 – Facsimile

Michele L. Odorizzi
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
United States
(312) 782-0600
(312) 701-7711 – Facsimile

*Attorneys for Defendants*

# EXHIBIT 2

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 35 WEST WACKER DRIVE | MOSCOW |
| CHARLOTTE | CHICAGO, ILLINOIS 60601-9703 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (312) 558-5600 | PARIS |
| HONG KONG | | SAN FRANCISCO |
| LONDON | FACSIMILE +1 (312) 558-5700 | SHANGHAI |
| LOS ANGELES | www.winston.com | WASHINGTON, D.C. |

**TODD J. EHLMAN**
Partner
312-558-5220
tehlman@winston.com

September 9, 2011

**BY EMAIL**

Rebecca Boon
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, NY 10019

Re:    *Firefighters' Retirement System v. Northern Trust Investments, N.A. et al.*,
No. 09-cv-7203 (N.D. Ill.)

Dear Rebecca:

Pursuant to our discussion on Wednesday, August 24, herein is a description of the production format Defendants plan to follow in this matter. This description responds to General Instruction Number 4 of Plaintiffs' Request for Production, and Defendants offer it subject to and without waiving all of Defendants' general and specific objections, including but not limited to Defendants' objections to the definitions of "Document" and "Electronic Data" in Definitions 9 and 10. This description is offered solely as a means of identifying Defendants' intent as to production format, and by offering it, Defendants are not agreeing to undertake any of the various obligations the Request for Production purports to impose upon Defendants above and beyond Defendants' obligations under the Federal Rules of Civil Procedure. Further, any agreement Defendants might make as to any particular production format would be contingent upon reciprocal agreement from each and every one of the Plaintiffs, Third Party Defendants, and Counter-Defendants, to produce in that same format.

In response to General Instruction 4(a), Defendants will not produce any native format files in the first instance. To the extent Plaintiffs determine after receiving the image file for a particular document (whether a spreadsheet or some other type of document) that Plaintiffs believe the image file for that particular document is not reasonably usable or does not appear to

WINSTON & STRAWN LLP

September 9, 2011
Page 2

"adequately represent" the document's contents, Defendants will produce in native format if otherwise appropriate.

In response to General Instruction 4(b), defendants agree that (i) electronic documents will be produced in unitized single page TIFF (Group IV black & white) files with bates numbers branded to the images so that the numbers print; (ii) document level text files will be produced for each imaged document containing the document's extracted text where available or OCR; and (iii) the extracted or OCR text file name shall match the beginning bates or control number of the document it represents. No page breaks will be identified in document level text files, except to the extent the document in question is a scanned hard copy document as to which OCR scanning is performed subsequent to bates stamping of images.

In response to General Instruction 4(c), Defendants agree that (i) documents will be provided in a ".dat" file that extracts metadata into fields in a delimited database load file; and (ii) the load file shall provide a document number of each image, the full path name(s) of each TIFF, and the document boundaries for each document or family member grouping, in the order that corresponds with each image file. Defendants intend to include only the following metadata fields in their productions, and only to the extent such metadata is present and available in the electronic documents as collected from Defendants' files and subsequently processed to facilitate attorney review: From; Recipients; Author; Custodian (though for each unique email, we will produce only one custodian's copy, regardless of how many individuals received the email); Start Bates; End Bates; Attachment Start Bates (for emails); Attachment End Bates (for emails); Created Time; Date Sent; Time Sent; Email Subject; and File Extension. For documents scanned from hard copy or otherwise converted to OCR-scanned documents, we will only provide Start Bates and End Bates. Defendants will not separately furnish any "file properties" for documents as to which some or all metadata are (for whatever reason) missing or unavailable. Defendants specifically object to producing metadata (if any) that would constitute work product or would otherwise be privileged.

In response to General Instruction 4(d), Defendants will not intentionally convert ESI from one form to another in order to make it more difficult or burdensome for Plaintiffs to use the ESI, or intentionally utilize a form so as to remove or degrade Plaintiffs' ability to search by electronic means documents that were originally searchable. However, Defendants' collection and assembly of documents for attorney review will necessarily involve data processing, and as part of that processing, some conversion of ESI from one form to another is inevitable and reasonably necessary.

In response to General Instruction 4(e), Defendants will supply place-holder images for documents that could not be imaged due to technical issues. No exception reports will be provided, but Defendants are amenable to meet and confer with Plaintiffs about specific documents about which Plaintiffs have some concern after encountering place-holders.

WINSTON & STRAWN LLP

September 9, 2011
Page 3


We look forward to hearing from you on a reciprocal agreement on the above format as to productions by the Plaintiffs, Third Party Defendants, and Counter-Defendants.

Very truly yours,

Todd J. Ehlman

cc:     Caryn Jacobs
         Brook Long