# EXHIBIT 6

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA

October 5, 2011

**By Email and U.S. Mail**

Todd J. Ehlman, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703

    Re:    *Firefighters' Retirement Systems v. Northern Trust Investments, N.A. et al.*, No. 09-cv-7203 (N.D. Ill.)

Dear Todd,

    I write with regard to Defendants' General Objections Nos. 27 and 28 to Plaintiffs' First Request for the Production of Documents (the "Requests"). On the parties' initial meet and confer telephone call on August 10, 2011, our follow-up meet and confer on September 28, 2011, and the parties' latest ESI meet and confer on October 3, 2011, you stated your position that under the Illinois Banking Act, Northern Trust is prohibited from disclosing client information in response to a valid document request. On that basis, you advised us that Defendants intend to withhold or redact all client information contained in documents responsive to the Requests. Plaintiffs disagree with this reading of the law and do not accept Defendants' decision to withhold information that is plainly relevant to Plaintiffs' claims, and which includes information potentially relevant to class certification.

    We acknowledge that, under the Illinois Banking Act, customer financial records can only be disclosed by a financial institution on a limited basis. 205 ILCS 5/48.1(a). The Act is clear, however, that the protection afforded such records is not absolute, and does not preclude the disclosure of financial records "in response to a lawful subpoena, summons, warrant, citation to discover assets, or court order . . . ." *Id.* at 48.1(c)(2). Indeed, Illinois courts allow production of this information in civil litigation. *Dufour v. Mobil Oil Corp.*, 703 N.E.2d 448, 453 (Ill. App. Ct. 1998). Where, as here, Northern Trust's securities lending clients can easily be identified and notified, the Act does not bar production.

    In fact, under the Federal Rules, "general statutory bans on publication [of information] do not bar limited disclosure in judicial proceedings, including court-supervised discovery." *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987). Courts presume that unless a legislature explicitly provides otherwise, confidential information is subject to discovery. This principle is all the stronger where the legislature "has expressly *permitted* court-ordered disclosure" (*id.*), just as the Illinois General Assembly

1285 AVENUE OF THE AMERICAS • NEW YORK • NY 10019-6028
TELEPHONE: 212-554-1400 • www.blbglaw.com • FACSIMILE: 212-554-1444

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Todd J. Ehlman, Esq.
October 5, 2011
Page 2

has done here.  Further, Defendants' purported concern over the public disclosure of client information is mooted by the terms of the protective order negotiated by the parties, which will ultimately be entered and enforced by the Court.  Accordingly, documents such as spreadsheets or contracts with client names and account values, documents showing losses incurred or sustained by securities lending program participants, and documents showing client withdrawal and termination requests should be produced unredacted in response to Plaintiffs' Requests.

      The need to resolve Defendants' assertion of the Illinois Banking Act and repeated insistence on withholding client information is pressing because it has created a roadblock to the completion of an ESI protocol in this case and is preventing the parties from engaging in discovery.  Specifically, Defendants' proposal to produce all redacted spreadsheets and database files as TIFF images, as opposed to native file format, hinges on Defendants' position that a large number of spreadsheets contain customer financial data that must be redacted.  We understand that the primary basis, if not the only basis, for redacting spreadsheets and databases is that the Illinois Banking Act applies.  In our experience, it is highly unlikely that information contained in such files would be subject to the attorney-client or work-product privileges and would require any redaction.  Because the Illinois Banking Act permits disclosure of financial information in civil litigation, Defendants' objection to producing client information is rendered moot, and Northern Trust is relieved of the need to redact spreadsheets and databases.  This facilitates the production of such files in native format as requested by Plaintiffs.  In the unlikely event that a document must be redacted based on the attorney-client or work-product privileges, we can discuss on a case-by-case basis whether production in non-native form is appropriate.

      For these reasons, we ask that Northern Trust withdraw its objections based on the Illinois Banking Act and agree to produce all spreadsheets and database files in native format, subject to case-by-case exceptions to be resolved as needed.  Please let us know by the close of business on Thursday, October 6, 2011 if Northern Trust will do so.

Sincerely,

Rebecca Boon

cc:    (*via* email)
       Caryn Jacobs, Esq.
       Derek W. Loeser, Esq.
       Mark T. Johnson, Esq.
       Avi Josefson, Esq.