# EXHIBIT 7

```
 1  TRANSCRIBED FROM DIGITAL RECORDING

 2              IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
 3                       EASTERN DIVISION

 4  LOUISIANA FIREFIGHTER'S RETIREMENT    )
    SYSTEM, PUBLIC SCHOOL TEACHERS'S      )
 5  PENSION & RETIREMENT FUND OF CHICAGO, )
    on behalf of themselves and all       )
 6  others similarly situated, et al.,    )
                                          )
 7              Plaintiffs,               )
                                          )
 8       vs.                              )  No. 09 C 7203
                                          )
 9  NORTHERN TRUST INVESTMENTS, N.A., et  )
    al.,                                  )  Chicago, Illinois
10                                        )  October 13, 2011
                Defendants.               )  10:04 A.M.
11
           TRANSCRIPT OF PROCEEDINGS - Discovery Conference
12        BEFORE THE HONORABLE SUSAN E. COX, Magistrate Judge

13  APPEARANCES:

14  For the Plaintiffs:        KELLER ROHRBACK, LLP
                               1201 Third Avenue
15                             Suite 3200
                               Seattle, Washington  98101-3052
16                             BY:  MS. LAURA R. GERBER

17                             BAILEY & GLASSER, LLP
                               3601 McDonough Street
18                             Joliet, Illinois  60431
                               BY:  MS. ELIZABETH DALEY HOSKINS DOW
19

20
                      PAMELA S. WARREN, CSR, RPR
21                      Official Court Reporter
                       219 South Dearborn Street
22                            Room 1928
                        Chicago, Illinois  60604
23                         (312) 294-8907

24  NOTE:  Please notify of correct speaker identification.
    FAILURE TO SPEAK DIRECTLY INTO THE MICROPHONE MAKES PORTIONS
25  UNINTELLIGIBLE.  ECHO ON RECORDING MAKES PORTIONS
    UNINTELLIGIBLE.
```

```
 1   APPEARANCES:  Continued

 2                              BERNSTEIN, LITOWITZ,
                                   BERGER & GROSSMANN LLP
 3                              1285 Avenue of the Americas
                                New York, New York  10019
 4                              BY:  MR. AVI JOSEFSON

 5                              SCHNEIDER WALLACE COTTRELL
                                   BRAYTON KONECKY LLP
 6                              180 Montgomery Street
                                Suite 2000
 7                              San Francisco, California  94104
                                BY:  MR. MARK T. JOHNSON
 8
     For the Defendants:        WINSTON & STRAWN
 9                              35 West Wacker Drive
                                Chicago, Illinois  60601-9703
10                              BY:  MS. CARYN LESLIE JACOBS
                                     MR. TODD JAY EHLMAN
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1     I have also got a motion to compel, which frankly I
2  haven't even looked at yet, that was noticed for today.
3     What's that about?
4     MR. JOSEFSON: Your Honor, the reason we brought that
5  motion to compel is because the -- it is a narrow question we
6  think on a narrow objection to producing the documents.
7  However, the nature of the objection is such, it has prevented
8  us from into entering into a ESI protocol, which is preventing
9  any production of documents.
10    And the narrow question is, the defendants clearly
11 have client information that's relevant to -- relates to the
12 absence of class members. There is an Illinois banking statute
13 that provides for, generally speaking, confidentiality of those
14 documents --
15    THE COURT: Uh-huh.
16    MR. JOSEFSON: -- but doesn't prevent production in
17 the face of discovery requests.
18    For the reason it has become an impediment now is
19 because defendants's position has been they can't produce that
20 stuff, must redact the information, and that impacts ESI
21 because we have asked them for native files, spreadsheets --
22    THE COURT: Yes.
23    MR. JOSEFSON: -- which we need spreadsheets in native
24 file. They say those can't be produced in native if they
25 redact them. We understand there will be (unintelligible)

1 redactions because of references to client names, and we don't
2 want to be getting all the spreadsheets simply in .TIF format
3 because of information about client names that's not
4 privileged.
5     The banking statute clearly provides if there is a
6 discovery request, you can produce it, queue up the protective
7 order in place as well.  There is absolutely no reason not to
8 have those documents out there.
9     And if it weren't for the ESI issue, we wouldn't be
10 bringing it up today.  But that's why we don't have an ESI in
11 place.  Everything else, I believe, is agreed to on ESI, except
12 for the native file of these documents.
13     MR. EHLMAN:  Your Honor, I would just briefly say that
14 I think this is premature.  Obviously we're still negotiating
15 scope, including scope of any ESI production.  We're still
16 talking about ESI protocol issues.  We have reached agreement
17 on most of them.
18     We would simply ask for time to respond in writing --
19     THE COURT:  Of course.
20     MR. EHLMAN:  -- to the brief.
21     THE COURT:  How much time would you like?
22     MR. EHLMAN:  Fourteen days, your Honor.
23     THE COURT:  Okay.  And if I need a reply, I'll ask for
24 one.  Okay?
25     MR. JOSEFSON:  Yes, your Honor.

```
1              THE COURT:  Thank you, everyone.
2              MS. JACOBS:  Your Honor, may I raise one other issue?
3              THE COURT:  Sure.  Of course.
4              MS. JACOBS:  We do not yet have a scheduling order in
5   the case.
6              THE COURT:  Okay.
7              MS. JACOBS:  The parties have put into place a -- you
8   know, very bare bones.  I think they were two pages under Judge
9   Mason's --
10             THE COURT:  Right.
11             MS. JACOBS:  -- order.
12             THE COURT:  I saw that.
13             MS. JACOBS:  And so they don't -- they did not permit
14  us to defend the schedules we proposed.
15             So what I would suggest is that when you're ready to
16  talk about prioritization, when you call us back in, the
17  parties have a chance at that point to defend their schedule.
18             THE COURT:  Oh, I won't --
19             MS. JACOBS:  Okay.
20             THE COURT:  -- I won't set a discovery cutoff until I
21  hear -- until we get together again.
22             MS. JACOBS:  Thank you, your Honor.
23             THE COURT:  All I'm contemplating doing is seeing if I
24  can find a way, perhaps between your two proposals, to
25  prioritize discovery to give you some idea of how it should be
```

```
 1  staged.
 2          But I won't -- I won't just arbitrarily set a
 3  discovery cutoff given where you are in this case.  So
 4  don't -- you shouldn't be concerned about that.  Okay?
 5          MS. JACOBS:  Thank you, your Honor.
 6          THE COURT:  All right.  Thank you.
 7          MR. JOSEFSON:  Thank you, your Honor.
 8      (Which concluded the proceedings in the above-entitled
 9  matter.)
10                          CERTIFICATE
11         I HEREBY CERTIFY that the foregoing is a true, correct
12  and complete transcript of the proceedings had at the hearing
13  of the aforementioned cause on the day and date hereof.
14
15  /s/Pamela S. Warren                      October 15, 2011
    Official Court Reporter                       Date
16  United States District Court
  8 Northern District of Illinois
17  Eastern Division
18
19
20
21
22
23
24
25
```

# EXHIBIT 8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH L. DIEBOLD, JR., on behalf of the EXXONMOBIL SAVINGS PLAN, and PAUL J. HUNDT, on behalf of the TEXAS INSTRUMENTS 401(K) SAVINGS PLAN, and all others similarly situated, | CIVIL ACTION NO. 09-Civ-1934<br><br>Hon. William J. Hibbler |

Plaintiffs,

v.

NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY,

Defendants.

## SUPPLEMENT TO STIPULATED PROTECTIVE ORDER

This matter comes before this Court pursuant to Fed. R. Civ. P. 26(c) and Northern District of Illinois Local Rule 26.2 on an Agreed Motion for Stipulated Protective Order;

Whereas, the parties entered into a Stipulated Protective Order that was approved by the Court and entered May 18, 2011, D.I. 99 (the "Protective Order");

Whereas, plaintiffs seek production of documents produced by the defendants in *BP Corp. Employees Plans* (the "BP Plans") *v. The Northern Trust Co.*, No. 08-cv-6029 (N.D. Ill.) (the "BP Litigation");

Whereas, defendants have agreed to produce such documents to plaintiffs, to the extent such documents are responsive to the subject matters of plaintiffs' First Request for Production of Documents in this case (the "BP Litigation Documents");

Whereas, the BP Plans and the parties agree that the BP Litigation Documents shall be produced pursuant to the terms of the Protective Order and also pursuant to the terms of this Supplement to Stipulated Protective Order (the "Supplement"); and

Whereas, the Court finds good cause shown;

IT IS HEREBY ORDERED THAT:

A. Defendants shall make production of the BP Litigation Documents to plaintiffs' attorneys.

B. Following such production, plaintiffs' attorneys and their staff may review the BP Litigation Documents. Plaintiffs' attorneys and their staff shall not permit access to the BP Litigation Documents by any other person unless and until: i) it is determined by plaintiffs' counsel and their staff that particular documents contain no client personal information, including balances and account numbers (the "Non-Personal Documents"), at which time all persons permitted access under the Protective Order shall be permitted access to the Non-Personal Documents; or ii) as to other documents (the "Personal Documents"), client personal information, including balances and account numbers, may be redacted by plaintiffs' counsel or their staff, at which time all persons permitted access under the Protective Order shall be permitted access to the Personal Documents in redacted form.

Dated:   June 10, 2011                    Respectfully submitted,


s/ Todd S. Collins                         s/Todd J. Ehlman
Todd S. Collins                            Todd J. Ehlman
BERGER & MONTAGUE, P.C.                    WINSTON & STRAWN, LLP
1622 Locust Street                         35 W. Wacker Drive
Philadelphia, PA 19103                     Chicago, IL 60601
Tel: (215) 875-3040                        Tel: (312) 558-5600
Fax: (215) 875-4604                        Fax: (312) 558-5700
e-mail: tcollins@bm.net                    e-mail: tehlman@winston.com

s/Gregory Y. Porter                        *Attorneys for Defendants*
Gregory Y. Porter
BAILEY & GLASSER LLP                       s/John J. Scharkey
910 17th Street, NW                        John J. Scharkey
Suite 800                                  NEAL, GERBER & EISENBERG, LLP
Washington, DC 20006                       Two North LaSalle Street, Suite 1700
Tel: (202) 463-2101                        Chicago, IL 60602
Fax: (202) 463-2103                        Tel: (312) 269-5656
E-mail: gporter@baileyglasser.com          Fax: (312) 980-0709
                                           e-mail: jscharkey@ngelaw.com

*Attorneys for Plaintiffs*                 *Attorneys for BP Corp. Employees Plans*


So ordered:

_____            6/13/11
The Honorable William J. Hibbler