# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7203 | **DATE** | 11/10/2011 |
| **CASE TITLE** | Louisiana Firefighters' Retirement System, et al vs. Northern Trust Investments, N.A., et al | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Motion to Compel [114] is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Before the Court is plaintiffs' motion to compel. Defendants oppose the motion, arguing that the motion was filed prematurely. We agree with defendants and deny the motion without prejudice [dkt. 114].

On September 26, 2011, the Court determined that class discovery should be prioritized. To achieve this, the Court ordered the parties to meet and confer and submit proposed discovery plans.[1] The parties were also ordered to meet and confer to discuss preservation and protocol for electronic discovery.[2] On October 11, 2011, plaintiffs and defendants each submitted a proposed discovery prioritization plan.[3] On October 21, 2011, after considering the two proposals, the Court issued a discovery prioritization plan.[4] That plan set out nine categories of documents that were to be prioritized during discovery. Additionally, the Court limited the extent of discovery on defendants' non-party investors to a sample set of four investors, as opposed to full discovery on the hundreds or thousands of non-party investors.

In the midst of this, on October 10, 2011, plaintiffs filed a motion to compel. Plaintiffs seek documents related to defendants' investors that are not parties to this lawsuit. Plaintiffs state that defendants objected to providing this information, claiming that the Illinois Banking Act[5] ("the Act") prohibits production. Plaintiffs contend that this objection is without merit because the Act allows for production of investor information in discovery.[6] Additionally, plaintiffs state that in negotiating an electronically stored information ("ESI") protocol, the parties disagreed with regard to certain spreadsheets and databases that contain defendants' investor information. Plaintiffs seek the documents in native format. However, defendants prefer to produce some of the information in tagged image file format ("TIFF"), so that defendants can redact investor information of those investors not in the sample set.

Defendants argue that this motion is premature because it was filed prior to the Court entering the discovery

prioritization plan. Further, defendants claim that they were not using the Act to prevent production. Instead, defendants assert that compliance with the Act requires defendants to send notification to the investors whose information is being produced and that if defendants were required to produce information related to all of its investors, which could be hundreds or thousands of investors, notifying these investors would be excessively burdensome. However, in light of the Court's discovery plan, defendants are confident that the parties can reach an agreement.

With respect to the ESI protocol, defendants are likewise confident that the parties can reach an agreement. In fact, defendants state that plaintiffs are still considering a new compromise suggested by defendants.[7]

The Court concludes that the motion is premature. The Court specifically addressed the production of investor information in the discovery prioritization plan, which was entered after this motion was filed. Given this procedural history, the Court cannot be certain what is still in dispute. Furthermore, defendants represent that the parties have not reached an impasse and that negotiations are continuing. Local Rule 37.2 requires the parties to negotiate prior to bringing a motion, and although the parties have negotiated, those negotiations should reach a true impasse prior to the Court's intervention.[8] If, after further meet and confer conferences, a true impasse is reached, then the appropriate motion should be filed. However, we note that the Court has already narrowed the potential production from hundreds or thousands of non-party investors to four and, therefore, the burden in complying with the Act has already been significantly reduced. Defendants should consider this when negotiating with plaintiffs. Therefore, plaintiffs' motion to compel is denied without prejudice [dkt. 114].

1. *See* dkt. 105.

2. *Id.*

3. Dkts. 120 & 121.

4. *See* dkt. 126.

5. *See* 205 ILCS 5/48.1(mandating that a bank's customer financial records must be kept confidential).

6. *See* 205 ILCS 5/48.1(c)(2).

7. Defs' response at 10-11.

8. *CCC Information Services, Inc. v. Mitchell Intern., Inc*, No. 03 C 2695, 2006 WL 3486810, at *6 (N.D. Ill. Dec. 1, 2006)(stating, "[t]he purpose of Local Rule 37.2 is to avoid judicial intervention in matters that can be resolved through discussion and negotiation.").