## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY,<br><br>        Defendants. | The Hon. Robert W. Gettleman, *Judge Presiding.*<br><br>Magistrate Judge Susan E. Cox<br><br>Case No. 09-CV-07203 |

## DECLARATION OF TODD J. EHLMAN

**ATTACHED IN SUPPORT OF DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER CONFIRMING THAT PLAINTIFFS' CLAIM FOR BREACH OF FIDUCIARY DUTY BASED UPON THE SECURITIES LENDING FEE HAS NOT BEEN DISMISSED**

Dated: August 14, 2012

-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) | The Hon. Robert W. Gettleman, *Judge Presiding.* Magistrate Judge Susan E. Cox |
| Plaintiffs, | ) ) | Case No. 09-CV-07203 |
| v. | ) ) ) | |
| NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY, | ) ) ) | |
| Defendants. | ) | |

## DECLARATION OF TODD J. EHLMAN

1.      I am an attorney at the law firm of Winston & Strawn LLP, and am counsel of record for Northern Trust Investments, Inc. ("NTI") and The Northern Trust Company ("NTC") (collectively "Northern Trust") in this matter. I am admitted to practice by the Supreme Court of the State of Illinois, and am a member in good standing of the bar of this Court. I make this declaration based on my personal knowledge and as counsel of record in this case.

2.      On May 6, 2011, this Court issued a Memorandum Opinion and Order ("Order") granting in part and denying in part Northern Trust's motion to dismiss plaintiffs' complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Memo. Opinion and Order, Dkt. No. 71, filed May 6, 2011.) In that motion, Northern Trust challenged the totality of plaintiffs' allegations – whether based on a fiduciary duty or contract theory – that NTI improperly agreed

to pay NTC a 40% fee for NTC's provision of securities lending agent services to certain of the collective funds that engaged in securities lending and are at issue in this case ("lending collective funds"). Plaintiffs had alleged that the 40% fee was inappropriate because NTC had negotiated lower fees with certain other entities that engaged in "direct" securities lending. (Defs. Memo. in Supp. of Mot. to Dismiss, Dkt. No. 50 at 7, filed Sept. 3, 2010.) Northern Trust argued that plaintiffs' allegations failed as a matter of law under both a fiduciary duty and contract theory because, among other arguments, the 40% fee in question was not only disclosed to and accepted by investors in the lending collective funds, but was also explicitly authorized by "each of the three [named] plaintiffs who invested in the [securities] lending funds...." (*Id.* at 7- 8.)

3.      In its Order, the Court stated that the 40% fees at issue "were disclosed and agreed to by plaintiffs. The fact that defendants had negotiated smaller fees with certain direct participants (including some of the instant plaintiffs) does not compel defendants to negotiate a similar fee with all customers. Plaintiffs were told and agreed to the fees in question." (Order at 8.)

4.      At all times since the Order was issued, counsel for Northern Trust (myself included) have informed counsel for plaintiffs that we read the Order as unambiguously dismissing all of plaintiffs' claims based on the purported impropriety of the 40% securities lending fee, whether brought under a fiduciary duty theory or a contract theory. For example:

A. In its Answer and Affirmative Defenses to Plaintiffs' Amended Class Action Complaint, Northern Trust answered plaintiffs' fee-based claims – whether pled under a fiduciary duty theory or a contract theory – by stating that "[c]laims based on the fee of 40% have been dismissed by the Court, and therefore no answer is required." (Defs' Answer and

Aff. Defenses to Pls' Am. Class Action Compl., Dkt. No. 77 at ¶¶ 31, 38, 133, 135-136, 145-146, filed June 30, 2011.)

B. In Northern Trust's Responses and Objections to Plaintiffs' First Request for the Production of Documents Directed to Defendants – a true and correct copy of which is attached as **Exhibit 1** – Northern Trust objected to plaintiffs' requests for discovery concerning the fee-based claims because "all claims based on fees" were "dismissed by this Court in its order dated May 6, 2011...." (Exhibit 1 at 7, 29, dated Aug. 5, 2011.) Northern Trust has been engaged in extensive document review and production concerning the issues in the case that the Court did not dismiss, and has continuously made that clear to the plaintiffs:

i. In an October 4, 2011 letter to plaintiffs' counsel addressing discovery issues – a true and correct copy of which is attached as **Exhibit 2** – I explained that Northern Trust would "stand on [its] objections to" plaintiffs' fee-related discovery requests. (Exhibit 2 at 5, dated Oct. 4, 2011.)

ii. During a January 11, 2012 discovery call, I again advised plaintiffs' counsel of Northern Trust's position that the fee issue was dismissed by the Order. In response to plaintiffs' suggestion that the parties submit a joint motion for clarification of the Order, I also advised plaintiffs' counsel that Northern Trust's position was that the Order was clear on its dismissal of the fee issue and that no motion for clarification of the Order was appropriate or necessary.

iii. In its Answer and Affirmative Defenses to Plaintiffs' Second Amended Class Action Complaint, Northern Trust again answered plaintiffs' fee-based claims – whether pled under a fiduciary duty theory or a contract theory – by stating that

-4-

"[c]laims based on the fee of 40% have been dismissed by the Court, and therefore no answer is required." (Defs' Answer and Aff. Defenses to Pls' Second Am. Class Action Compl. and Defs' Counterclaim, Dkt. No. 167 at ¶¶ 31, 38, 133, 135-136, 145-146, filed June 5, 2012.)

iv.     During a June 11, 2012 discovery call, I again advised plaintiffs' counsel of Northern Trust's position that the fee-based claims were dismissed by the Order.

v.     In a letter to plaintiffs' counsel on June 19, 2012 – a true and correct copy of which is attached as **Exhibit 3** – I wrote "[a]s we advised you on the June 11 call, and on many occasions prior to that call, we believe that the issue of the collective funds' securities lending fees was removed from the case by [the Order] – and with good reason, because the fees were disclosed to the Plaintiffs and agreed to by the Plaintiffs." (Exhibit 3 at 5, dated June 19, 2012.)

5.     Despite Northern Trust's consistency over the past fourteen months in informing the plaintiffs that Northern Trust reads the Order as dismissing plaintiffs' fee-based claims in their entirety, plaintiffs did not bring the issue to the Court's attention until a status conference on July 10, 2012. Prior to that status conference, the Court held ten other status conferences and/or hearings (presided over by either this Court or the United States Magistrate Judge) following Northern Trust's answer to plaintiffs' First Amended Complaint – including a status conference on March 7, 2012 regarding plaintiffs' request for leave to file a Second Amended Complaint – and the plaintiffs never raised any alleged need to clarify the Order, including during hearings about filing a Second Amended Complaint and scheduling Northern Trust's answer to such a new pleading.

-6-

6.      At the July 10, 2012 status conference – a true and correct copy of the transcript of which is attached as **Exhibit 4** – plaintiffs stated that a "dispute…has come up in the course of the parties' discussions primarily on discovery…about which claims were sustained and dismissed" in the Order, and that plaintiffs were seeking a "clarification." (Exhibit 4 at 4, dated July 10, 2012.)   Consistent with its position over the last fourteen months, Northern Trust explained to the Court that it believed the Order "is clear that the fee claims are out of the case for all purposes." (*Id.* at 4-5.)

-7-

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.


Dated: August _14_, 2012

## CERTIFICATE OF SERVICE

I, Todd J. Ehlman, an attorney of record in this case, hereby certify that the foregoing Declaration of Todd J. Ehlman Attached in Support of Defendants' Memorandum in Opposition to Plaintiffs' Motion for an Order Confirming that Plaintiffs' Claim for Breach of Fiduciary Duty Based Upon the Securities Lending Fee has Not Been Dismissed was served upon all counsel of record in this case via this Court CM/ECF system on August 14, 2012.


/s/ Todd J. Ehlman