IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | No. 09 C 7203 |
| v. | ) ) | Judge Robert W. Gettleman |
| NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY, | ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs Louisiana Firefighters' Retirement System, Public School Teachers' Pension & Retirement Fund of Chicago, the Board of Trustees of the Pontiac Police & Fire Retirement System, and the Board of Trustees of the City of Pontiac General Employees Retirement System, sued defendants Northern Trust Investments, N.A. ("NTI") and The Northern Trust Company ("NTC") in a three count first amended putative class action complaint alleging breach of fiduciary duty (Count I), breach of contract (Count II) and breach of the duty of good faith and fair dealing (Count III). All of plaintiffs' claims arise out of their participation in, directly, indirectly, or both, defendant NTC's securities lending program ("SLP"). The amended complaint actually raised a number of different claims in each count. For example, Count I alleged that defendants breach their fiduciary duties as Trustees of certain Collateral Pools and as investment manager of those pools by imprudently investing the pools in high risk securities

and by failing to prudently manage those pools in response to clear evidence of a growing financial crisis. Count I also alleged that defendants breached their fiduciary duties by failing to negotiate on behalf of indirect purchasers in defendants' SlP, the lowest possible securities lending fee rate. Count II alleged that defendants breached their contract with plaintiffs in a number of ways including imprudently investing the Collateral Pools in high risk securities and by failing as manager and lending agent to the commingled lending funds to negotiate favorable securities lending rates payable to NTI.

In a May 16, 2011, Memorandum Opinion and Order this court granted in part and denied in part defendants' motion to dismiss the first amended complaint, concluding that plaintiffs' factual allegations were sufficient to state claims for breach of fiduciary duty and breach of contract with respect to the allegations that defendants failed to act prudently in managing the Collateral Pools. Louisiana Firefights' Retirement Systems v. Northern Trust Investment, N.A., 2011 WL 1770266, *4 (N.D. Ill. 2011). The court also held, however, that plaintiffs' claim in Count II for breach of contract based on the securities lending fee rate of 40% of all earnings generated failed to state a claim because the fees were disclosed and agreed to by all plaintiffs. Id. at *5. Plaintiffs have now moved for an order "Confirming that Plaintiffs' Claim for Breach of Fiduciary Duty Based Upon the Securities Lending Fee has not Been Dismissed." (Doc. 178.) That motion is denied.

As all parties note, the court's May 6, 2011, Order failed to address directly plaintiffs' challenge to the 40% fee based on a breach of fiduciary duty theory. There is no question, however, that plaintiffs each signed a Collective Fund Custody Agreement ("CFCA") which specifically provided that a 40% securities lending fee would be charged. Any suggestion that

defendants had a duty to inform plaintiffs that defendants had at times negotiated lower fees with direct participants is untenable. See Heckler v. Deere & Co., 556 F.3d 575, 586 (7th Cir. 2009). Plaintiffs are all sophisticated investors and had the ability to compare defendants' fees to those charged by other banks. Plaintiffs do not allege that defendants represented that 40% was the lowest rate ever charged. Nor do they allege that they entered the CFCAs believing that 40% was the lowest fee charged. Indeed, as defendants point out, three of the four plaintiffs also participated directly in the SLP and had themselves negotiated fees lower than 40%.

Consequently, plaintiffs' claim that defendants breached their fiduciary duties by failing to negotiate a fee lower than that to which plaintiffs agreed is dismissed, and plaintiffs' motion for an order that the claim has not been dismissed (Doc. 178) is denied.

**ENTER:** September 12, 2012

_____
**Robert W. Gettleman**
**United States District Judge**