**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, *et al.,* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | The Hon. Robert W. Gettleman, *Judge Presiding.* |
| NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY, | ) ) ) | Magistrate Judge Susan E. Cox |
| Defendants. | ) ) | Case No. 09-CV-07203 |
| ———————————————————— | ) ) | |
| THE NORTHERN TRUST COMPANY, | ) ) | **EXHIBIT A TO THIS MOTION FILED UNDER SEAL** |
| Counter-Plaintiff, | ) ) ) | **PURSUANT TO STIPULATED PROTECTIVE ORDER DATED** |
| v. | ) ) | **10/13/2011** |
| THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, | ) ) ) ) | |
| Counter-Defendant. | ) | |

**MOTION OF THE NORTHERN TRUST COMPANY FOR LEAVE TO
FILE INSTANTER A SURREPLY IN OPPOSITION TO
COUNTER-DEFENDANT'S MOTION TO DISMISS THE COUNTERCLAIM**

Now comes The Northern Trust Company ("NTC"), by its attorneys, and seeks leave to file instanter the attached Surreply (attached as Exhibit A). In support of its motion, NTC states as follows:

1. The only purpose of the Surreply is to respond to the CTPF Board's accusation in its September 14, 2012 Reply that NTC "play[ed] fast and loose with the facts" in its opposition to the Board's motion to dismiss. Specifically, the Board claims that NTC told Judge Norgle in *Diebold v. Northern Trust Investments, N.A.*, No. 09-1934 (N.D. Ill.) that no "Collateral

Deficiency" was ever declared in STEP, but has now represented to this Court that the exact opposite is true.

2.      This argument is entirely new.  It was not raised in the Board's opening brief and relies on a declaration that was not cited in the Board's opening brief.  The argument attempts to make a fundamentally flawed analogy between (i) the Board's own custom collateral fund and its own unique agreement and (ii) unrelated collateral funds and securities lending agreements that are at issue in another case.  NTC had no opportunity to respond to these new arguments and citations.  Accordingly, NTC seeks leave to do so now in order to set the record straight and to show that there is in fact no discrepancy at all between what we said to Judge Norgle and what we said to this Court.

WHEREFORE, for the foregoing reasons, NTC respectfully urges the Court to grant it leave to file instanter the attached Surreply.

Respectfully submitted,

Dated: September 24, 2012                                   /s/  Caryn L. Jacobs


Caryn L. Jacobs                                     Michele Odorizzi
WINSTON & STRAWN LLP                                MAYER BROWN LLP
35 South Wacker Drive                               71 South Wacker Drive
Chicago, Illinois  60601                            Chicago, Illinois  60606
(312) 558-5600                                      (312) 782-0600
cjacobs@winston.com                                 modorizzi@mayerbrown.com


*Counsel for Counter-Plaintiff The Northern Trust Company*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies under penalty of perjury that on September 24, 2012, a copy of (a) the foregoing MOTION OF THE NORTHERN TRUST COMPANY FOR LEAVE TO FILE INSTANTER A SURREPLY IN OPPOSITION TO COUNTER-DEFENDANT'S MOTION TO DISMISS THE COUNTERCLAIM was publicly filed and served on counsel for all parties electronically via the CM/ECF system, and (b) EXHIBIT A - THE NORTHERN TRUST COMPANY'S SURREPLY IN OPPOSITION TO COUNTER-DEFENDANT'S MOTION TO DISMISS THE COUNTERCLAIM was filed under seal and served on counsel for the counter-defendant via email.

Avi Josefson
875 North Michigan Avenue
Suite 3100
Chicago, Illinois 60611
Tel: (312) 373-3880
Fax: (312) 794-7801
avi@blbglaw.com

Rebecca E. Boon
Brett Van Benthysen
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
Tel: (212) 554-1400
Fax: (212) 544-1444
rebecca.boon@blbglaw.com
brett@blbglaw.com

BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP

*Attorneys for the Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago*

Dated: September 24, 2012                    /s/ Gregory M. Bassi