**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Judge Robert W. Gettleman, *Judge Presiding* |
| v. | Magistrate Judge Susan E. Cox |
| NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY, | Civil Action No. 09-7203 |
| Defendants. | |

## <u>DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL</u>

Defendants Northern Trust Investments, Inc., and The Northern Trust Company (collectively, "Northern Trust" or the "Defendants"), by and through their counsel and pursuant to Local Rule 26.2 and paragraph H of the Stipulated Protective Order entered in this matter on October 13, 2011 (the "Protective Order," attached hereto as Exhibit A), respectfully request that the Court grant leave to file under seal the following materials being filed simultaneously with this motion: (a) certain portions of Defendants' Response in Opposition to Plaintiffs' Motion to Compel (the "Response"), and (b) the Declaration of Brook R. Long in Support of Defendants' Response in Opposition to Plaintiffs' Motion to Compel (the "Long Declaration"). In support of this motion, Defendants state as follows:

1.    On December 3, 2012, plaintiffs filed a Motion to Compel.  (ECF No. 204.)  The motion was accompanied by a simultaneous motion for leave to file under seal certain portions of Plaintiffs' Memorandum in Support of the Motion to Compel and a certain exhibit to the Motion's accompanying Declaration of Raymond Farrow.  (ECF No. 202.)  The exhibit in question (Exhibit Z to Mr. Farrow's Declaration) was produced to plaintiffs by Defendants, designated as "Confidential Discovery Material" pursuant to the Protective Order.  Plaintiffs' Memorandum in Support discussed Exhibit Z, which discussion and the Exhibit itself plaintiffs redacted in their filings on the public docket.

2.    On December 5, 2012, the Court granted plaintiffs' motion for leave to file under seal, which was unopposed.  (ECF No. 209.)

3.    The Response to the Motion to Compel is due today, January 10, 2013, (*id.*), and Defendants have finalized its contents today.

4.    The Response, and the Long Declaration filed in support, discuss and attach (respectively) documents that Defendants produced to plaintiffs designated as "Confidential Discovery Material" pursuant to the Protective Order.  They are Exhibits 6 to 8 to the Long Declaration.  These documents are internal email communications or email communications to specific clients, containing not only confidential client financial information but also confidential and proprietary information regarding Northern Trust's management of its collective funds and securities lending program, including matters relevant to securities lending cash collateral reinvestment.  Defendants seek leave to file these documents, and the discussion of them, under seal.

5.    In addition, the Response and the Long Declaration both discuss confidential client information, including certain search terms attached to the Long Declaration within

Exhibit 1, identifying clients and client personnel by name.  Defendants seek leave to file these portions under seal.

6.     The Long Declaration and certain portions of the Response also include confidential and proprietary information concerning Northern Trust's securities lending program and certain Northern Trust collective funds, as well as confidential, sensitive, and proprietary information concerning such matters as the specific contents of its productions (including documents designated as "Confidential Discovery Material"), and its specific procedures for searching, reviewing, and collecting information for production in this litigation.  Defendants thus seek leave to file the Long Declaration and portions of the Response under seal.

7.     Simultaneously with the filing of this motion, Defendants will file a redacted copy of the Response for the public docket.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court grant leave to file under seal (a) certain portions of Defendants' Response in Opposition to the Motion to Compel, and (b) the Declaration of Brook R. Long in Support of Defendants' Response in Opposition to Plaintiffs' Motion to Compel.

Dated: January 10, 2013

Respectfully Submitted,

NORTHERN TRUST INVESTMENTS, INC. and
THE NORTHERN TRUST COMPANY

By:     /s/ Caryn L. Jacobs

Michele L. Odorizzi                    Caryn L. Jacobs
MAYER BROWN LLP                        Todd J. Ehlman
71 S. Wacker Drive                     Brook R. Long
Chicago, IL 60606                      WINSTON & STRAWN LLP
(312) 782-0600                         35 W. Wacker Drive
(312) 701-7711 – facsimile             Chicago, IL 60601
modorizzi@mayerbrown.com               (312) 558-5600
                                       (312) 558-5700 – facsimile
                                       CJacobs@winston.com
                                       TEhlman@winston.com
                                       BLong@winston.com

                                       *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies under penalty of perjury that a copy of the foregoing DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL was served on counsel of record for all parties electronically via the CM/ECF system on January 10, 2013.

Dated: January 10, 2013                                    <u>/s/ Brook R. Long</u>

# **<u>EXHIBIT A</u>**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | Case No. 09-7203 <br><br> Hon. Robert W. Gettleman <br><br> Magistrate Judge Susan E. Cox <br><br> JURY TRIAL DEMANDED |

Plaintiffs,

v.

NORTHERN TRUST INVESTMENTS, N.A., and THE
NORTHERN TRUST COMPANY,

Defendants.

---

NORTHERN TRUST INVESTMENTS, N.A., and
THE NORTHERN TRUST COMPANY,

Third-Party Plaintiffs,

v.

THE BOARD OF TRUSTEES FOR THE
LOUISIANA FIREFIGHTERS' RETIREMENT
SYSTEM, THE BOARD OF TRUSTEES FOR THE
PUBLIC SCHOOL TEACHERS' PENSION &
RETIREMENT FUND OF CHICAGO, THE BOARD
OF TRUSTEES OF THE CITY OF PONTIAC
POLICE & FIRE RETIREMENT SYSTEM, and THE
BOARD OF TRUSTEES OF THE CITY OF
PONTIAC GENERAL EMPLOYEES RETIREMENT
SYSTEM,

Third-Party Defendants.

THE NORTHERN TRUST COMPANY,

Counter-Plaintiff,

v.

PUBLIC SCHOOL TEACHERS' PENSION &
RETIREMENT FUND OF CHICAGO,

Counter-Defendant.

## STIPULATED PROTECTIVE ORDER

This matter comes before this Court pursuant to Fed. R. Civ. P. 26(c) and Loc. R. 26.2 (N.D. Ill) on an Agreed Motion for Stipulated Protective Order;

*WHEREAS*, documents and information may be sought, produced or exhibited that contain trade secrets, other confidential research, technical, commercial or financial information, personnel files, or information that is protected from disclosure by statute;

*WHEREAS*, the Parties to this proceeding seek to expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that only materials the Parties are entitled to keep confidential are subject to such treatment, and to ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for trial, pursuant to Fed. R. Civ. P. 26(c);

*WHEREAS*, the Parties are familiar with Fed. R. Civ. P. 26(c)(1), this Court's Standing Orders governing the entry of Stipulated Protective Orders, and the law surrounding the entry of Stipulated Protective Orders as articulated by the U.S. Court of Appeals for the Seventh Circuit;

*WHEREAS*, the Parties and counsel will act in good faith and in accordance with such law in designating information pursuant to the protection provided by this Stipulated Protective Order; and

*WHEREAS*, the Court finds good cause shown for the entry of this Order;

*IT IS HEREBY ORDERED THAT:*

A.   **Definitions**

    1.   "Action" or "Litigation" means the above-captioned litigation.

    2.   "BP Plans" means the plaintiffs in the BP Plans Litigation.

3. "BP Plans Litigation" means the action *BP Corp. North America Inc. Savings Plan Investment Oversight Committee et al. v. Northern Trust Investments, N.A. et al.*, No. 08-06029 (N.D. Ill.), which the court terminated on July 19, 2010.

4. "BP Plans Litigation Documents" means any documents that defendants produced during the pendency of the BP Plans Litigation.

5. "Confidential Discovery Material" means: (a) information protected from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained confidential; (d) medical information concerning any individual; (e) personal identity information; (f) personnel or employment records of a person who is not a party to the case; or (g) other sensitive or proprietary information that constitutes a "trade secret or other confidential research, development or commercial information," or other material contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). Information or documents that are available to the public may not be designated as Confidential Discovery Material.

6. "Counsel of Record" means (i) counsel who appear on the pleadings as counsel for a Party; (ii) partners, associates, and employees of such counsel to whom it is reasonably necessary to disclose the information for this Litigation, including supporting personnel employed by the attorneys, such as paralegals, translators, legal secretaries, legal clerks and shorthand reporters; or (iii) independent legal translators retained to translate in connection with this Action, or independent shorthand reporters retained to record and transcribe testimony in connection with this Action.

7 "Designated Discovery Material" means Discovery Material that is designated "Confidential" under this Order. The designation by any Producing Party of any Discovery Material as "Confidential" shall constitute a representation that such Discovery

-3-

Material has been reviewed by an attorney for the designating party and that there is a good faith basis for such designation.

8 "Discovery Material" means all information, documents, and things produced, served, or otherwise provided in this Action by the Parties or by non-parties.

9. "Member of the Interested Public" means any non-party to this Litigation who may attempt to seek access to any Discovery Material that is designated "Confidential" under this Order.

10. "Order" means this Stipulated Protective Order.

11. "Outside Consultant" means a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this Action and who is not a current employee of a Party or of a competitor of the opposing Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of the opposing Party.

12. "Party" or "Parties" means any party or the parties, respectively, to this Action, including all officers, directors, employees, consultants, retained experts, and outside counsel and their support staff.

13. "Producing Party" means a Party or non-party that produces Discovery Material in this Action.

14. "Professional Vendors" means persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; *etc.*) and their employees or subcontractors. This definition includes a professional jury or trial consultant retained in connection with this Litigation, and mock jurors retained by such a

consultant to assist them in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

15.    "Receiving Party" means a Party that receives Discovery Material from a Producing Party.

**B.    Scope**

The protections conferred by this Order cover not only Designated Discovery Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

**C.    Access To Designated Discovery Material**

1.    **Confidential Discovery Material.**  Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information, document, or thing designated "Confidential" only to:

(a)    Employees of the Receiving Party that are the Receiving Party's attorneys, the supporting personnel for those employee attorneys, officers, directors, or other employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, oversight, defense, or pursuit of this Litigation; provided, however, that the foregoing are informed of the confidential nature of the Designated Discovery Material and the limitations on its use contained in this Order;

(b)    Persons who appear on the face of Designated Discovery Material as an author, addressee, or recipient thereof;

(c)    Counsel of Record;

-5-

(d)        Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(e)        Witnesses in preparation for deposition or at deposition, provided that such witnesses may not retain copies of Designated Discovery Material unless permitted by other provisions of this Order;

(f)        The Court and its personnel;

(g)        Any designated arbitrator or mediator who is assigned or engaged to hear this matter, and his or her staff, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(h)        Court reporters and videographers;

(i)        Professional Vendors to which disclosure is reasonably necessary for this Litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A; and

(j)        Any other person mutually agreed upon in writing by the Producing Party and the Receiving Party prior to disclosure.

2.        Each person to whom Designated Discovery Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, shall sign the "Agreement To Be Bound By Protective Order" before the time such Designated Discovery Material is disclosed to him or her. Counsel for a Party who makes any disclosure of Designated Discovery Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel of all other Parties at the termination of this action.

3. At the request of the Producing Party, persons not permitted access to Designated Discovery Material under the terms of this Order shall not be present at depositions while the Producing Party's Designated Discovery Material is discussed or otherwise disclosed.

4. Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing. A party that intends to present or which anticipates that another party may present Designated Discovery Material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum, with reasonable advance notice, without disclosing the Designated Discovery Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

### D. Use Of Designated Discovery Material

1. **Use Of Designated Discovery Material By Receiving Party**. Unless otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Discovery Material shall be used by the Receiving Party only for purposes of this Litigation and shall not be used in any other way. Information contained or reflected in Designated Discovery Material shall not be disclosed in conversations, presentations (by Parties or counsel, vendors, experts, consultants, or otherwise) in court or in other settings that might reveal Designated Discovery Material, except in accordance with the terms of this Order.

2. **Use Of Designated Discovery Material By Producing Party.** Nothing in this Order shall prevent a Producing Party from using or disclosing its own documents or information as it deems appropriate. Nothing in this Order shall require a Producing Party to obtain an executed "Agreement To Be Bound By Protective Order" (Exhibit A) from any person in connection with the Producing Party's use or disclosure of its own documents or information.

      **3.**     **Use Of Designated Discovery Material At Depositions.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at a deposition, and may testify concerning Designated Discovery Material if the provisions of this Order are complied with.

**E.**     <u>**Procedure For Designating Discovery Material Confidential**</u>

      **1.**     Subject to the limitations set forth in this Order, a Producing Party may designate as "Confidential" information that meets the definition set forth above.

      **2.**     Except as otherwise provided in this Order or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be designated in accordance with this Paragraph (E) before the material is disclosed or produced.

      **3.**     Designation in conformity with this Order requires:

      (a)     For information in documentary form (apart from transcripts of depositions or other pretrial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL".

      (b)     For testimony given in deposition or in other pretrial proceedings, the Producing Party shall specify any portions of the testimony that it wishes to designate as "Confidential." In the case of a deposition, the Producing Party may designate pages or partial pages of the transcript (and exhibits thereto) as "Confidential" by informing the reporter and opposing Party in writing within thirty (30) calendar days of completion of the deposition of the designations to be applied. This designation also may be made on the record at the time of the deposition. All deposition transcripts will be treated as "Confidential" until the thirty (30) day period has expired. Transcript pages containing Designated Discovery Material will be stamped "CONFIDENTIAL," by the court reporter as instructed by the Producing Party.

-8-

(c)     For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL".

**F.     No Automatic Waiver Of Privilege**

Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502.

**G.     Inadvertent Failure To Designate**

If a Producing Party inadvertently fails to designate qualified information, documents or things as "Confidential," that party may subsequently do so in writing, and that material shall be deemed "Confidential" from the date of such designation.  In such cases, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential.

**H.     Filing Designated Discovery Material**

No Party may file any Discovery Material with the Court under seal or designate any document as a "Restricted document" within the meaning of Local Rule 26.2(a) without previously-obtained Court approval.  Any party wishing to file Designated Discovery Material in connection with a motion, brief, or other submission to the Court must do so pursuant to the Local Rules of the Northern District of Illinois, and any requirements of the assigned District Judge or Magistrate Judge.

I.      **Challenges To Confidentiality Designations**

1.      The Parties will use reasonable care when designating documents or information as "Confidential."  Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as "Confidential" Discovery Material have been improperly designated.

2.      A Party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be designated differently.  Counsel for the Producing Party and the Receiving Party shall meet and confer in an effort to resolve any disputes.  The Producing Party must respond to the challenge within five (5) business days of the meet and confer.

3.      If agreement cannot be reached after both Parties have undertaken a reasonable effort to resolve the dispute, the Receiving Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the Producing Party.  The Designated Discovery Material shall be treated as confidential pending any contrary ruling from the Court.

4.      Any Member of the Interested Public may file a motion with the Court, requesting that the Court (i) remove or modify any "Confidential" designation of any Designated Discovery Material filed with the Court; or (ii) make available to the general public any Designated Discovery Material that any Party filed with the Court under seal.  The Parties

reserve the right to oppose any such motion, and either or both Parties may file with the Court an opposition to any such motion.

**J.**     **Protected Discovery Material Subpoenaed Or Ordered Produced In Other Litigation**

If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents, or things designated in this Action as "Confidential" the Receiving Party must so notify the Producing Party, in writing (by e-mail) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue that some or all the Discovery Material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Producing Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Discovery Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**K.**     **Disclosure of BP Litigation Documents Specifically**

1.     Defendants may make production of any or all of the BP Litigation Documents to Plaintiffs' attorneys to the extent that any such documents are responsive to Plaintiffs' First Request For The Production Of Documents Directed To Defendants or any

subsequent request, subject to any objections Defendants have made or may make to such requests.

2.      Following such production, Plaintiffs' attorneys and their staff may review the BP Litigation Documents so produced. Plaintiffs' attorneys and their staff shall not permit access to the BP Litigation Documents by any other person unless and until (i) it is determined by Plaintiffs' counsel and their staff that particular documents contain no client personal information, including balances and account numbers (the "Non-Personal Documents"), at which time all persons permitted access under the Order shall be permitted access to the Non-Personal Documents; or (ii) as to other documents (the "Personal Documents"), client personal information, including balances and account numbers, may be redacted by Plaintiffs' counsel or their staff, at which time all persons permitted access under the Order shall be permitted access to the Personal Documents in redacted form.

L.      **Unauthorized Disclosure Of Designated Discovery Material**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (i) notify in writing the Producing Party of the unauthorized disclosures, (ii) use its best efforts to retrieve all copies of the Designated Discovery Material, (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (iv) request such person or persons to execute the "Agreement To Be Bound By Protective Order" that is attached hereto as Exhibit A. The Receiving Party shall keep the Producing Party apprised of its remedial efforts under (ii) through (iv).

## M.    Non-Party Use Of This Order

1.    A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Order as any Party to this lawsuit.

2.    A non-party's use of this Order to protect its "Confidential" information does not entitle that non-party access to "Confidential" information produced by any Party in this case.

## N.    Duration

Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

## O.    Final Disposition

1.    Unless otherwise ordered or agreed to in writing by the Producing Party, within one hundred eighty (180) calendar days after the final termination of this Action, the Producing Party will contact the Receiving Party to request that the Receiving Party destroy or return all Designated Discovery Material to the Producing Party.  As used in this Paragraph (O)(1), "all Designated Discovery Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Designated Discovery Material.  The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party within forty-five days of receiving the request to destroy or return the Designated Discovery Material (and, if not the same person or entity, to the Producing Party). Notwithstanding this provision, in-house counsel, officers, or directors of the Receiving Party who have been involved in the management, supervision, oversight, defense or pursuit of this Litigation, and Counsel of Record, may retain an archival copy of all pleadings, motion papers,

-13-

deposition transcripts (including exhibits), discovery requests and responses (including exhibits), legal memoranda, correspondence or attorney work product, even if such materials contain Designated Discovery Material. Any such archival copies that contain or constitute Designated Discovery Material remain subject to this Order as set forth in Paragraph (N) (Duration), above.

        2.      Within sixty (60) calendar days after the Court enters an order terminating this Action, any Party may obtain from the Court any Designated Discovery Material that it had filed with the Court under seal or any other restriction by requesting by motion the return of such material. The Parties understand that if they file no such motion, any previously sealed or otherwise restricted Designated Discovery Material that is still in the Court's possession at the end of the 60-day period will be stripped of any restricting designation and placed in the Court's public case file for this Action.

**P.**     **Miscellaneous**

        1.      This Order may not be amended without Court approval. However, this Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to relax or to rescind the restrictions of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order. The Court shall take appropriate measures to protect Designated Discovery Material at trial and any hearing in this case.

2.  This Order shall not diminish any existing obligation or right with respect to Designated Discovery Material, nor shall it prevent a disclosure to which the Producing Party consents in writing before the disclosure takes place.

3.  The United States District Court for the Northern District of Illinois is responsible for the interpretation and enforcement of this Order. All disputes concerning Designated Discovery Material produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of Illinois. Every individual who receives any Designated Discovery Material agrees to subject himself or herself to the jurisdiction of this Court for the purposes of any proceedings related to performance under, compliance with, or violation of this Order.

Dated: October 7, 2011        Respectfully submitted,

| KELLER ROHRBACK L.L.P. | WINSTON & STRAWN LLP |
|---|---|
| By: s/ Laura R. Gerber | By: s/ Todd J. Ehlman |
| Lynn L. Sarko | Caryn L. Jacobs |
| Derek W. Loeser | Todd J. Ehlman |
| Raymond J. Farrow | Brook R. Long |
| Laura R. Gerber | Nathan T. Kipp |
| 1201 Third Avenue, Suite 3200 | 35 West Wacker Drive |
| Seattle, WA 98101 | Chicago, IL 60601-9703 |
| Telephone: 206-623-1900 | Telephone: 312-558-5600 |
| lsarko@kellerrohrback.com | cjacobs@winston.com |
| dloeser@kellerrohrback.com | tehlman@winston.com |
| rfarrow@kellerrohrback.com | blong@winston.com |
| lgerber@kellerrohrback.com | nkipp@winston.com |
| ***Counsel for Plaintiff Firefighters' Retirement System*** | ***Counsel for Northern Trust Company and Northern Trust Investments, N.A.*** |

| | |
|---|---|
| **SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP**<br><br>By: s/ Mark T. Johnson<br>Todd M. Schneider<br>Mark T. Johnson<br>**SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP**<br>180 Montgomery Street, Suite 2000<br>San Francisco, California 94104<br>Telephone: (415) 421-7100<br>tschneider@schneiderwallace.com<br>mjohnson@schneiderwallace.com<br><br>Garrett W. Wotkyns<br>Michael C. McKay<br>**SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP**<br>7702 E. Doubletree Ranch Road, Suite 300<br>Scottsdale, AZ 85258<br>Telephone: 480-607-4368<br>gwotkyns@schneiderwallace.com<br>mmckay@schneiderwallace.com<br><br>*Counsel for Plaintiff Firefighters' Retirement System* | **MAYER BROWN LLP**<br><br>Michele Louise Odorizzi<br>Justin A. McCarty<br>**MAYER BROWN LLP**<br>71 South Wacker Drive<br>Chicago, IL 60606<br>Telephone: 312-782-0600<br>modorizzi@mayerbrown.com<br>mccarty@mayerbrown.com<br><br>*Counsel for Northern Trust Company and Northern Trust Investments, N.A.* |
| **BAILEY & GLASSER LLP**<br><br>By: s/ Elizabeth Hoskins Dow<br>Elizabeth Hoskins Dow, #6216262<br>1003 Western Avenue<br>Joliet, IL 60435<br>Telephone: 815-740-4034<br>ldow@baileyglasser.com<br><br>*Counsel for Plaintiff Firefighters' Retirement System* | |

| | |
|---|---|
| **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**<br><br>By: s/ Avi Josefson<br>Avi Josefson<br>2835 N. Sheffield Avenue, Suite 409<br>Chicago, Illinois 60657<br>Telephone: 773-883-5382<br>avi@blbglaw.com<br><br>David Wales<br>Rebecca Boon<br>Brett Van Benthysen<br>**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**<br>1285 Avenue of the Americas, 38th Floor<br>New York, New York 10019<br>Telephone: 212-554-1400<br>dwales@blbglaw.com<br>rebecca.boon@blbglaw.com<br>brett@blbglaw.com<br><br>*Counsel for Plaintiff Public School Teachers' Pension & Retirement Fund of Chicago* | |
| **SULLIVAN, WARD, ASHER & PATTON, P.C.**<br><br>By: s/ Sharon S. Almonrode<br>Sharon S. Almonrode<br>1000 Maccabees Center<br>25800 Northwestern Highway<br>Southfield, MI 48037<br>Telephone: 248-746-0700<br>salmonrode@swappc.com<br><br>*Counsel for Plaintiffs The Board of Trustees of the City of Pontiac Police & Fire Retirement System and The Board of Trustees of the City of Pontiac General Employees Retirement System* | |

So ordered:

_____    10-13-11

The Honorable Magistrate Judge Susan E. Cox

-17-

EXHIBIT A

*Louisiana Firefighters' Retirement System et al. v. Northern Trust Investments, N.A. et al.*,
No. 09-7203 (N.D. Ill.)

## ACKNOWLEDGEMENT AND AGREEMENT TO BE
## BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

1.  I reside at _____;

2.  My present employer is _____;

3.  My present occupation or job description is _____;

4.  I agree to keep confidential all information provided to me in the matter of *Louisiana Firefighters' Retirement System et al. v. Northern Trust Investments, N.A. et al.*, No. 09-7203, in the United States District Court for the Northern District of Illinois, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5.  I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents, or things that are subject to the Protective Order, except in accordance with the provisions of the Order. I agree that I will use such information, documents, or things solely for purposes of my involvement in this Litigation, and shall not use them in any other way.

6.  I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____

[printed name]

_____

[signature]