**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY, <br><br> Defendants. | Judge Robert W. Gettleman, *Judge Presiding* <br><br> Magistrate Judge Susan E. Cox <br><br> Civil Action No. 09-7203 |

**DEFENDANTS' SUBMISSION
<u>PURSUANT TO COURT ORDER DATED MAY 23, 2013</u>**

Northern Trust Investments, Inc. and The Northern Trust Company (collectively, "Northern Trust") submit this statement pursuant to the Court's order of May 23, 2013 (Dkt. #253). For the reasons described herein, Northern Trust is willing at this time to hold its motion to strike and compel in abeyance pending a ruling on class certification.

## BACKGROUND

1. On January 17, 2013, Northern Trust filed a motion to strike and compel against plaintiffs, asking the Court to overrule plaintiffs' improper and sweeping objections to discovery and to compel them to produce relevant documents. (Dkt. ##220-223.) That motion sought, among other things, documents relating to:

- plaintiffs' claim that they "placed their trust and confidence in Northern" in deciding to participate in Northern Trust's securities lending program and that they maintained those investments "in reliance" on Northern Trust (Second Amended Complaint, Dkt. #159, ¶¶ 85, 129);

- plaintiffs' sophistication and knowledge about the investments at issue in this case (including their unique and varying communications with Northern Trust, their third-party investment consultants, and others), as well as their reasons for making and maintaining those investments;

- Northern Trust's defenses and 19 pending affirmative defenses under various state laws, including comparative fault, failure to mitigate, ratification, acquiescence, assumption of risk, estoppel, failure of contract conditions (depending on the differing provisions of plaintiffs' varying contracts), and superseding fault (*see* Dkt. #222 at 3-4; Affirmative Defenses, Dkt. #167, at 87-146);

1

- plaintiffs' own investments, through non-Northern Trust investment managers, in the securities and securities types that (they claim) were patently imprudent and in securities of issuers that (they claim) were expected to default;

- plaintiffs' knowledge of economic and market conditions, including their views of whether Lehman's September 15, 2008 bankruptcy filing and the ensuing unprecedented global market meltdown could reasonably have been predicted (as they allege);

- plaintiffs' risk tolerances, investment monitoring guidelines, and investment policies; and

- specific allegations in plaintiffs' Second Amended Complaint.

(Dkt. #222 at 5-10.) Northern Trust demonstrated how such documents were relevant to plaintiffs' complaint and Northern Trust's defenses and affirmative defenses. (*Id.* at 5-15; Dkt. #249 at 4-6, 13-14.) Northern Trust cited (among other authorities) case law in which securities lending investors were compelled to produce the same types of documents. (Dkt. #222 at 6 n.5, 7 n.8, 8 n.10; Dkt. #249 at 5-6 & nn. 7-8.)

2. While plaintiffs continue to resist discovery on numerous categories of documents relevant to the foregoing issues, their response did represent that they agreed to produce, and would produce, "all non-privileged documents that relate to Northern Trust's securities lending program"; certain "additional categories of documents"; and documents that "run contrary to" their own allegations. (Dkt. #245 at 1, 4-5, 7.) They asserted no relevance, burden, prematurity, or other objections to these documents and claimed they were substantially finished with such

production. We expect they will be able to finalize their agreed-upon production before filing their motion to certify later this year.[1]

3. At the most recent status hearing in this case, this Court indicated that Northern Trust's motion to compel concerned "a lot of things . . . which are undoubtedly relevant to the ultimate disposition of the case," but also expressed the view that for now it wanted to "focus the parties completely on the discovery that's necessary for class certification." (Ex. A at 5-6.) The Court noted that "I did a prioritization order [pertaining to class certification issues] because I didn't want the parties to expend more money, time and resources until they really knew what the scope of the class was from the district court." (*Id.* at 8.) The Court directed both sides to focus "like a laser beam" on whether the discovery that each seeks is truly necessary for briefing the class certification issues in this case. (*Id.* at 11, 13.)[2]

4. Accordingly, with reference to Northern Trust's pending motion to strike and compel, the Court asked Northern Trust to file a written submission to the Court by May 31, 2013, after a meet-and-confer session with plaintiffs' counsel, stating which of the disputed categories of documents are "necessary to defend the class certification motion . . . and why that is." (*Id.* at 8-9, 15; *see also* Dkt. #253.)

## STATEMENT

5. Northern Trust believes that **all** of the documents in dispute that are the subject of its motion to strike and compel are relevant to class certification for a number of reasons. Under Federal Rule of Civil Procedure 23, plaintiffs bear the burden of proving that they meet all of the

---

[1] The document requests pursuant to which plaintiffs agreed to produce documents were served in August 2011. (*See, e.g.*, Dkt. #223-1 at 23; Dkt. #223-3 at 24.)

[2] Northern Trust's counsel expressed its agreement with the Court's overall concept that discovery should be prioritized as to class certification issues, as well as Northern Trust's confidence that the discovery it seeks is in fact related to class certification issues. (Ex. A at 10.)

3

requirements for class certification. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2548, 2551 (2011). Here, that means that plaintiffs must submit evidence sufficient to establish (among other things) that their claims or defenses are typical of the claims or defenses of the alleged class; that they will fairly and adequately protect the interests of the class; and that questions of law or fact common to the putative class members (if any) predominate over questions affecting only individual members. Fed. R. Civ. P. 23(a) and (b)(3).

6. The discovery that is the subject of Northern Trust's motion to compel pertains to all of these issues. For example, discovery into each plaintiff's alleged "trust and confidence" in and "reliance" upon Northern Trust in making and maintaining the subject investments will help illustrate that each plaintiff's claim (and thus each putative class member's claim) against Northern Trust depends on a myriad of specific factual issues unique to each investor, thereby defeating predominance. The same is true for the evidence relevant to Northern Trust's varying defenses and affirmative defenses against plaintiffs (which depend, among other things, on differing contractual provisions, investment decisions, and dealings with Northern Trust and others). To the extent that the requested discovery would help establish strong or atypical defenses against any one or more of the plaintiffs, that could eliminate the affected plaintiff(s) as class representatives, narrowing or entirely defeating class treatment. And to the extent such discovery would show, for example, that plaintiffs have interests adverse to the class, that would defeat adequacy. Thus, the discovery sought is indeed highly relevant to defeating class certification.

7. Northern Trust is cognizant, however, of the concerns that the Court has expressed, as well as its direction that both sides focus a "laser beam" on the discovery that is not only *relevant* but also *necessary* to resolution of class certification issues. As illustrated in the

4

50-plus pages of factual allegations supporting Northern Trust's 19 affirmative defenses against plaintiffs (Dkt. #167 at 87-146), Northern Trust has already gathered evidence supporting its varying defenses and affirmative defenses against each individual plaintiff, as well as evidence rebutting each plaintiff's claims. Discovery on these issues is not complete, but to defeat class certification, Northern Trust need not submit sufficient proof to "win" on the merits of any of these claims, defenses, or affirmative defenses. Rather, plaintiffs must prove (which they will be unable to do) that class certification is appropriate notwithstanding the individualized evidentiary disputes that exist as to all of these issues (among others). *See, e.g.*, *Wal-Mart*, 131 S. Ct. at 1250-53. Moreover, plaintiffs have already agreed to produce various categories of documents (*see supra* ¶ 2) that are not in dispute in Northern Trust's motion to strike and compel.[3]

8. For these reasons, and in a spirit of compromise, Northern Trust is willing to hold its motion to strike and compel in abeyance for now and not seek a ruling on its motion before resolution of class certification, unless plaintiffs' arguments or proof, or changed circumstances unknown at this time to Northern Trust, "open the door" to such discovery or would otherwise render denial of the discovery before such resolution unfair. And of course, Northern Trust intends to pursue its motion to strike and compel if and when the Court permits such "merits" discovery.

9. Counsel for Northern Trust conferred with plaintiffs' counsel on May 29, 2013 and informed them of the foregoing positions.

---

[3] We note that each side has informed the other (and Judge Gettleman in open court at the April 24, 2013 status conference in this case) that it intends to take some depositions before plaintiffs file their motion to certify. As of now, the parties have not reached any disagreements on the issue of such depositions, which are not the subject of this submission.

5

## **CONCLUSION**

As further described herein, Northern Trust is willing to hold its motion to strike and compel in abeyance for now and not seek a ruling on the disputed discovery sought by that motion before resolution of class certification.

Dated: May 31, 2013

Respectfully submitted,

/s/ Caryn L. Jacobs

Caryn L. Jacobs
Todd J. Ehlman
Robert L. Michels
Brook R. Long
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
CJacobs@winston.com
TEhlman@winston.com
RMichels@winston.com
BLong@winston.com

Michele L. Odorizzi
Justin A. McCarty
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
MOdorizzi@mayerbrown.com
JMcCarty@mayerbrown.com

Attorneys for The Northern Trust Company and Northern Trust Investments, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on May 31, 2013, the foregoing Defendants' Submission Pursuant to Court Order Dated May 23, 2013 was filed electronically with the Clerk of Court using the CM/ECF system. Copies of the document will be served on all counsel of record automatically by operation of the Court's CM/ECF filing system.

/s/ Caryn L. Jacobs