# EXHIBIT A

```
 1              IN THE UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ILLINOIS
 2                     EASTERN DIVISION

 3   LOUISIANA FIREFIGHTERS'        )
     RETIREMENT SYSTEM, et al.,     ) Docket No. 09 C 7203
 4                                  )
                 Plaintiffs,        ) Chicago, Illinois
 5                                  ) May 23, 2013
          v                        ) 9:30 a.m.
 6                                  )
     NORTHERN TRUST INVESTMENTS,    )
 7   N.A., et al.,                  )
                                    )
 8               Defendants         )

 9
                 TRANSCRIPT OF PROCEEDINGS - STATUS
10               BEFORE THE HONORABLE SUSAN E. COX

11
     PRESENT:
12
     For the Plaintiff:      AVI JOSEFSON
13                           Bernstein, Litowitz, Berger &
                                Grossmann LLP
14                           1285 Avenue of the Americas
                             New York, New York 10019
15
                             MARK T. JOHNSON
16                           Schneider Wallace Cottrell
                                Brayton Konecky LLP
17                           180 Montgomery Street
                             Suite 2000
18                           San Francisco, California 94104

19                           LAURA R. GERBER
                             Keller Rohrback LLP
20                           1201 Third Avenue
                             Suite 3200
21                           Seattle, Washington  98101

22

23
     (TRANSCRIBED FROM DIGITAL RECORDING.
24    PLEASE PROVIDE CORRECT SPEAKER IDENTIFICATION)

25
```

1 PRESENT: (Cont'd)

2

3 For the Defendant:        CARYN L. JACOBS
                           TODD J. EHLMAN
                           Winston & Strawn LLP
4                          35 West Wacker Drive
                           Chicago, Illinois 60601-9703

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      THE CLERK:  09 C 7203, Board of Trustees v Northern
2 Trust.
3      MS. JACOBS:   Good morning, your Honor, Caryn Jacobs and
4 Todd Ehlman on behalf of The Northern defendants.
5      THE COURT:  Good morning.
6      MR. JOHNSON:   Good morning your Honor, Mark Johnson for
7 plaintiffs.
8      THE COURT:   Good morning.
9      MR. JOSEFSON: Good morning, your Honor, Avi Josefson for
10 plaintiffs.
11      MS. GERBER:  Good morning, your Honor, Laura Gerber for
12 plaintiffs.
13      (Pause)
14      THE COURT:   Okay.  Well, I had you in here for a couple
15 of reasons.  The first is that I conferred with Judge
16 Gettleman and it appears that he is under the impression that
17 your motion for class certification will be filed before
18 July 12th.  Is that your understanding?
19      MR. JOHNSON:   Yes, your Honor.
20      THE COURT:   It wasn't part of the order, so we had to
21 kind of go back and try to figure it out.
22      MR. JOHNSON:   We had a status conference with Judge
23 Gettleman on April 24th, I believe it was, and at that time
24 the parties had conferred prior to that conference and we had
25 discussed a date of July 12th, which we suggested in court,

1    and he said we could go ahead and file on that date, but if we

2    needed more time, we should request more time.

3        That was based -- our suggestion for that date was based

4    upon the understanding that we would get the additional

5    discovery that the court had ordered on its February 26th

6    order on our motion to compel.  We understood that we would be

7    getting that in a rolling production beginning late April and

8    ending May 10th.

9        We received the initial production on that three days ago

10   and were told that the earliest that that will be completed is

11   June 10th.  We believe we need some of that document

12   production in order to make decisions about depositions that

13   need to be taken for the class certification motion.

14       In the meantime, we have also identified some other

15   documents that either had been requested in the past and not

16   been produced or some other documents that we believe we need

17   for class certification.

18       So I'm not sure that July 12th date is realistic at this

19   point, but that is what Judge Gettleman has on the calendar.

20       MR. EHLMAN:   Can I just comment on that, your Honor?  We

21   have started our rolling production with regard to the

22   February, late February order on Category 9.  That's obviously

23   a large project.  We're working as expeditiously and as

24   efficiently as we can.

25       We have another production going out to them later this

1 week or the first part of next week, and we do believe we will

2 be in a position to complete that production in the next two

3 weeks or so.

4     We did, as Mr. Johnson alluded to, get a letter from

5 plaintiffs late Friday night asking for additional categories

6 of documents, some of which the court has already denied

7 twice, others of which are new. But we just got that letter a

8 few days ago, so we're working through it reviewing it and we

9 will confer with the plaintiffs as appropriate. So we are

10 working through these discovery issues.

11     With regard to the July 12th date, I think Mr. Johnson is

12 correct that the judge said if plaintiffs are not in a

13 position to file their motion by that date, come in on

14 July 24th as a status or just ask for a continuance of that

15 status date.

16     THE COURT: Well, here is the thing. I mean, I, when I

17 first got -- when we started working on your motion to compel,

18 it occurred to us that it was sort of fundamentally unfair to

19 force the plaintiffs in this case to produce lots of discovery

20 that has nothing to do with the class certification issues but

21 rather has to do with your affirmative defenses, which really,

22 there is no reason why that discovery can't wait and I'm

23 particularly now thinking that I should essentially let that

24 motion sit or deny it without prejudice and focus the parties

25 completely on the discovery that's necessary for class

1    certification.

2        I mean, I have kept the plaintiffs on a fairly focused

3    path and haven't expanded discovery in the hopes that you

4    could get to the class certification point and file a brief,

5    and as we were working on it, I'm thinking why am I opening up

6    discovery for the defense when I have essentially told the

7    plaintiffs they need to wait until after class certification

8    issues are briefed so we know the scope of this case.

9        That was sort of our -- that was sort of our initial

10   responses, we started working through it, but there was a lot

11   of things that you, which are undoubtedly relevant to the

12   ultimate disposition of the case on your end, but why are we

13   spending time and resources, and people can only do so much at

14   one time, on that discovery when we're not at the class

15   certification point and that's even more money for you now

16   after hearing what you both have to say.

17       MS. JACOBS:    May I address that, your Honor, briefly?

18       THE COURT:    Sure.

19       MS. JACOBS:    I don't disagree with the concept.

20   However, the Category 9 discovery that we have been spending

21   an enormous amount of time trying to produce is very similar

22   to what we're trying to get against them.  In other words, one

23   of the Category 9 production search terms took a while to

24   negotiate these search terms and one of those search terms is

25   any MBS, any mortgage-backed securities, any ABS, any

1    asset-backed securities, and all we have asked of them in this

2    motion to compel, for example, is what are their internal

3    discussions about ABS.  Now, they're doing against us under

4    the prioritization argument, we have got the exact same

5    against them.

6         THE COURT:   I guess what I would like you to do then, I

7    mean, I really think I would like to get you guys to the next

8    step.  I mean, this is an 09 case.  It's 2013.  I think that

9    everyone's energies need to be completely focused on getting

10   the class certification motion in front of the district court,

11   and really, anything that doesn't pertain to those issues, I

12   frankly don't think the parties ought to be wasting time and

13   effort on now, which is not to say that you won't get to that

14   point at a later date.

15        So what I would appreciate from, as much as I hate to add

16   to the piles of papers that I have on this case, I think it

17   would be helpful -- I'm not inclined to grant any of that

18   motion at this point unless it pertains to the defense of the

19   class certification issue.  Everything else needs to wait

20   because I just think fundamentally it's unfair for me to say

21   to the plaintiffs on the one hand, you need to focus your

22   efforts to get to this point, but then allow the defendants to

23   essentially have carte blanche to discover any and all of

24   their -- because much of those, much of those interrogatories

25   and discovery requests are aimed at things that I don't think

1   really have to be addressed now at all.  And it's a tremendous

2   burden on the other side to produce all of that.  And again,

3   fundamentally it's unfair.

4       I did a prioritization order because I didn't want the

5   parties to expend more money, time and resources until they

6   really knew what the scope of the class was from the district

7   court.  And you have fundamentally very different ideas about

8   that.  So to sort of allow you guys to just go off and do

9   whatever you want while sort of keeping them on this tight,

10  you know, limited scope seems to me to be completely unfair.

11  If I'm going to open up discovery, I'm going to open up

12  discovery for everybody, not just for the defense.

13      So to the extent, Ms. Jacobs, that you believe that any

14  of those discovery requests are necessary to defend the class

15  certification motion, then you need to tell me what those are

16  and why that is, and if you have an objection, you need to

17  tell me why you think we can wait to deal with those issues

18  until after you brief it.

19      I don't want the parties distracted.  I want that motion

20  filed in front of Judge Gettleman sooner rather than later so

21  we can, you know, because we have also an issue -- you know,

22  we have two cases that are going on, they're at different

23  places.  I would like to get them more or less in the same

24  place.  I think that would be in everybody's best interest.

25      MS. JACOBS:   Your Honor, would you like us to submit

1    something in writing on that?

2        THE COURT:   Yes, submit something, and also I

3    understood, and we both, my law clerk and I both came away

4    with the impression that some of this was fluid, in other

5    words, that the plaintiff made statements, plaintiffs' counsel

6    in their pleadings that some of the things that had been

7    requested had been produced already, so I'm not really sure --

8    we weren't sure really what was still in dispute between the

9    parties and not.

10       But what I'm saying now is I'm not going to permit any

11   discovery on anything other than what is necessary to get to

12   class certification.   It's going to be the same rules for both

13   sides.

14       MR. JOHNSON:   Thank you, your Honor.   We certainly agree

15   with the court's assessment on that, and we would also add

16   with respect to the pending motion by defendants that another

17   reason not to address that at this point is the fact that we

18   don't believe that the Meet and Confer process was completed.

19       THE COURT:   Well, that may be and now you have a chance

20   to Meet and Confer with a very specific direction from me,

21   which is, you know, these requests need to be analyzed not

22   just in terms of relevance, but in terms of relevance to the

23   particular issues.

24       And you guys all know what these issues are.   I mean, you

25   know, at least the defense knows because I don't imagine that

1   your arguments in this case could be so very different from

2   your arguments -- I mean, there are some differences, I

3   understand it, with the different cases, but I'm sure there is

4   a lot of overlap, and if you have been -- and I would be

5   shocked if competent counsel for the plaintiff hasn't already

6   looked at what The Northern's position is with respect to the

7   other class action that's pending in front of Judge Norgle.

8   So you all kind of know what the basic fight is about.

9        So your discovery conference should reflect those issues

10  and not just, you know, what might be relevant.  So to the

11  extent that the requests deal with other matters that are

12  relevant to the case, we'll deal with those after you guys

13  finish briefing your class motions.

14       MS. JACOBS:   Your Honor, I just want to note for the

15  record that we are confident that a very significant, if not

16  all, of what we are seeking relates to class certification.

17       THE COURT:   We'll see.  They seemed pretty broad to us

18  when we were looking at them, to tell you the truth.

19       MR. JOHNSON:   And your Honor, at the conference --

20       THE COURT:   That's why we went through the analysis we

21  did, because I'm like well, wait a minute, why aren't these

22  folks -- why haven't these folks filed for certification, and

23  then we, you know, talked to Judge Gettleman and realized

24  well, it's because he set this sort of target date.  And then

25  I'm thinking well, why am I essentially dealing with

1  affirmative defenses on the defense side when I basically kept

2  the plaintiff very, you know, very focused.

3      MR. JOHNSON:   That's right, your Honor, and I would

4  point out that Judge Gettleman asked that very question to Ms.

5  Jacobs at the hearing on the 24th, namely, well, what does any

6  of this discovery have to do with class certification, and she

7  stated that it may not and was unable to provide any

8  explanation --

9      MS. JACOBS:   That is absolutely a mischaracterization,

10 your Honor.

11     THE COURT:   It doesn't really, you guys --

12     MR. JOHNSON:   I have the transcript here, your Honor.

13     MS. JACOBS:   I said it depends on what the order is.

14     THE COURT:   I guess that what I would say, is

15 everybody's interest here is finding out to what extent the

16 class is going to be certified, okay, so everybody in the

17 interests of conserving their client's resources should be

18 focused like a laser beam on that, and if there is anything

19 that can wait, because that's how we're going to look at it,

20 and because you guys, I mean, this case is -- you could go for

21 months with discovery disputes and discovery issues in good

22 faith.  You could argue for a long time about whether

23 something is truly -- and what I'm trying to do is like let's

24 get to the next point.  I mean, like I said, it's an 09 case.

25 It's 2013.  It's time to get, you know, to find out where

1   we're at because here is the thing.

2       Once the class is certified or not certified or partially

3   certified, whatever it happens to be, whatever the ruling from

4   the district court is, that's when we can talk about settling

5   this.  Until we get to that point, we can't as far as I'm

6   concerned.

7       MR. EHLMAN: Your Honor, if I may make one comment on

8   respective burdens to the parties, and I don't want to be lost

9   the fact that we have produced well over a quarter of a

10  million pages so far.  We responded to supplemental requests

11  and we are engaged in this rolling production with regard to

12  Category 9.

13      I understand the point at this stage is to get to class

14  certification.  Getting a letter launched at us on Friday

15  night with six issues, some of which are new, some of which

16  could have been launched months ago, is not helpful to that

17  process in our view.

18      MR. JOHNSON:  Most of those issues have been teed up for

19  months.  Many of those are things that we thought defendants

20  agreed to give us months ago we haven't gotten yet, and then

21  there is a couple of new topics we wanted to simply give the

22  defendants a heads up we might be apprising your Honor that

23  there are some additional categories we might be discussing,

24  and that's why we sent them the letter.  A lot of that stuff

25  is --

1    MS. JACOBS:   Your Honor, we have been responding to a

2  court order, a court prioritization order that was very, very

3  broad that they were part of forming.  We produced under that.

4  They had follow-up requests we produced.  Category 9 we are

5  almost done.  Now another letter that they could have given us

6  months ago --

7    MR. JOHNSON:   We did give it to you months ago.

8    MS. JACOBS:   No, you didn't.

9    THE COURT:   All right, this is not helpful.

10    MR. JOHNSON:   Your Honor, we would be happy to, if the

11  defendants are going to advise the court in writing of things

12  that they think are necessary for class certification, we

13  would be happy to provide something in writing to the court as

14  well in terms of identifying the categories that we identified

15  in the May 17th letter.

16    THE COURT:   I mean, I have done several rulings on what

17  I think is relevant, you know, and I think I have been pretty

18  specific, so again, just as I'm asking The Northern team to

19  focus like a laser beam on what they really need to defend

20  your motion.  I'm going to ask you to do the same thing

21  because I'm not likely without a very good reason to expand

22  what I have already defined as appropriate.  I'm just not.

23    I mean, so understand that, you know, to the extent that

24  you're asking for more than I have already ruled on now a

25  couple of times, that's -- you know, you're going to need to

1    really convince me that that's what you need.  And maybe you

2    can.  I'm not saying you can't.  But you guys have got to

3    start communicating better with each other, and we've got to

4    get, as I say, got to get to those points that Judge Gettleman

5    can at least start working on that motion because it's just,

6    it's -- as I say, you could probably legitimately go on in

7    this case for some time on both sides with discovery, but at

8    some point, you know, I think everyone knows what this case is

9    about.

10        So what I'm going to ask from The Northern side is a, is

11   a supplemental pleading which identifies for the court what

12   topics included in the requests, outstanding requests which

13   are the subject of motion No. 2 -- 220, thank you, May -- are

14   necessary for class certification, and I would like that

15   within 7 days.  You can respond to that within 7 days.

16        To the extent that you have a -- after you have your --

17   and I would like you to meet and confer about that before you

18   file anything if that's possible.  Then if you have

19   something -- and I would like you to meet and confer on

20   whatever outstanding requests are in your letter, and after

21   that you may file within 14 days any motion that you have

22   directed to outstanding discovery from your end relevant to

23   the class certification motion, and you will have 7 days to

24   respond to that, which means that Judge Gettleman's July 12th

25   date is almost certainly not going to happen because it's

1    going to take awhile to get this worked out.  But I really

2    urge you to try to reach some agreement.

3         MS. JACOBS:    The Meet and Confer on my side would be

4    whether or not they agree that these things --

5         THE COURT:    Exactly.

6         MS. JACOBS:    -- are relevant to class certification.

7         THE COURT:    Exactly, exactly.  As I understand it,

8    they're willing to produce either a lot -- it seemed to us

9    that there was some agreement, though I will say, you know, to

10   the extent that these things are, even if you have talked

11   about producing them, to the extent that those things can wait

12   until after you get through your class briefing, they should.

13   Like I said, you guys should spend your time now really

14   getting through the discovery that's necessary to get that

15   teed up for Judge Gettleman.

16        MR. JOHNSON:    We don't disagree, your Honor.

17        THE COURT:    I think it would be better than getting any

18   further you know, beyond that.  Okay?

19        So that's -- the order will have all the dates for you.

20   We will figure out what they are and they will be in there so

21   that everybody is clear, okay?  And then after -- we will rule

22   as quickly as we can.  Hopefully, you won't give us very much

23   to rule on.  We'll see.  Okay?

24        So I think what I'll do is I'm going to deny, just to

25   clean up my docket, I'll deny this motion 220 without

1    prejudice and then you can figure out the --

2        MR. JOHNSON:    Thank you, your Honor.  And with respect

3    to the class certification motions, I believe Judge Gettleman

4    said he is going to be out of town much of July, but -- and

5    you may not be able to tell us this, but should we file a

6    motion if we have to move that date of July 12th?

7        THE COURT:    I don't think so because he hasn't set it by

8    court order.  I mean, that's what confused us.  That's why we

9    sort of had to dig a little deeper.

10       What I would do is I would call whatever law clerk -- I

11   think it's Steve, isn't it Steve, who has got this case and

12   tell him -- they follow what I do pretty closely, so they will

13   see what the issue is from my minute order, but you might call

14   them and tell them that it looks like it's probably not going

15   to get filed until sometime in August because that's what it

16   looks like to me, okay?  You might be able to avoid having to

17   file a motion and traipsing into court if you do that.

18       MS. JACOBS:    The discussion at the time was as a target.

19       THE COURT:    Yes, that's the impression we got too.

20   That's totally consistent with what we got, that that was in

21   his notes, you know, as something that you were shooting for,

22   but clearly, I don't think it's really realistic at this point

23   if you're going to be hashing out these discovery issues in a

24   way that makes sense.  Okay?

25       All right, have a good holiday.  Bye-bye.

```
 1        MR. JOHNSON:   Thank you, your Honor.

 2        MR. EHLMAN:    Thank you, your Honor.

 3        MS. JACOBS:    Thank you, your Honor.

 4           *                *                *

 5

 6        I certify that the above was transcribed was

 7        digital recording to the best of my ability.

 8        /s/ Lois A. LaCorte

 9        _____      _____

10           Lois A. LaCorte               Date

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```