**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, Plaintiffs, v. NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY, Defendants. | Judge Robert W. Gettleman, *Judge Presiding* <br><br> Magistrate Judge Susan E. Cox <br><br> Civil Action No. 09-7203 |

**NORTHERN TRUST'S MOTION FOR LEAVE TO FILE UNDER SEAL**

Defendants Northern Trust Investments, Inc., and The Northern Trust Company (collectively, "Northern Trust" or the "Defendants"), by and through their counsel and pursuant to Local Rule 26.2 and paragraph H of the Stipulated Protective Order entered in this matter on October 13, 2011 (Dkt. #123, hereafter the "Protective Order"), respectfully request that the Court grant leave to file under seal the following materials being filed simultaneously with this motion: (a) certain portions of Northern Trust's Opposition to Plaintiffs' Motion to Compel (the "Opposition"); and (b) certain exhibits to, and portions of the Declaration of Caryn L. Jacobs in Support of Northern Trust's Opposition to Plaintiffs' Motion to Compel (the "Jacobs Declaration"). In support of this motion, Northern Trust states as follows:

1. On October 13, 2011, the Court entered the Protective Order. Section H of the Protective Order governs the filing of Designated Discovery Material and states that "No party may file any Discovery Material with the Court under seal . . . within the meaning of Local Rule 26.2(a) without previously-obtained Court approval."

2. On August 12, 2013, plaintiffs filed a Motion to Compel. (Dkt. #264.) The motion was accompanied by a simultaneous motion for leave to file under seal certain portions of Plaintiffs' Memorandum of Law in support of their Motion to Compel and exhibits to the Motion's accompanying Declaration of Avi Josefson, (dkt. #260), which Northern Trust did not oppose. The exhibits in question (Exhibits D-I and K-O to Mr. Josefson's Declaration) included correspondence between plaintiffs and Defendants and documents produced to plaintiffs by Defendants, designated as "Confidential Discovery Material" pursuant to the Protective Order. Plaintiffs' Memorandum in Support discussed most of the exhibits, which discussions and the Exhibits themselves plaintiffs redacted in their filings on the public docket.

3. The Opposition to the Motion to Compel is due today, September 3, 2013 (Dkt. #265.)

4. The Opposition, and the Jacobs Declaration filed in support, discuss and the Jacobs Declaration attaches, documents that Defendants designated as "Confidential Discovery Material" pursuant to the Protective Order. They are Exhibits 5 to 13 to the Jacobs Declaration. Among other things, these documents contain confidential and proprietary information regarding Northern Trust's management of its collective funds and securities lending program; documentations of contracts between Northern Trust and certain clients; and correspondence in which Northern Trust supplied information plaintiffs requested. As to the contractual documents, Northern Trust has a duty to maintain the confidentiality of its clients' financial

records pursuant to the Illinois Banking Act, 205 ILCS 5/48.1  Defendants seek leave to file Exhibits 5 to 13, and discussion of them, under seal.

5.     Portions of the Jacobs Declaration and the Opposition also discuss documents Plaintiffs sought leave to file under seal as attachments to Mr. Josefson's Declaration, which discussion Defendants seek leave to file under seal.  Those documents contain confidential and proprietary information regarding Northern Trust's management of its business including its collective funds and securities lending program.

6.     Portions of the Jacobs Declaration and of the Opposition also include confidential and proprietary information concerning Northern Trust's securities lending program and certain Northern Trust collective funds, as well as confidential, sensitive, and proprietary information concerning such matters as the specific contents of its productions (including documents designated as "Confidential Discovery Material"), and its specific procedures for searching, reviewing, and collecting information for production in this litigation.  Defendants thus seek leave to file the Jacobs Declaration and portions of the Opposition under seal.

7.     Simultaneously with the filing of this motion, Defendants will file a redacted copy of the Opposition and the Jacobs Declaration for the public docket.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court grant leave to file under seal (a) certain portions of Northern Trust's Opposition to the Motion to Compel, and (b) certain exhibits to, and portions of the Declaration of Caryn L. Jacobs in Support of Northern Trust's Opposition to Plaintiffs' Motion to Compel.

Dated: September 3, 2013

Respectfully Submitted,

NORTHERN TRUST INVESTMENTS, INC. and THE NORTHERN TRUST COMPANY

By: /s/ Caryn L. Jacobs

Michele L. Odorizzi
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
(312) 701-7711 – facsimile
modorizzi@mayerbrown.com

Caryn L. Jacobs
Todd J. Ehlman
Brook R. Long
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-5600
(312) 558-5700 – facsimile
CJacobs@winston.com
TEhlman@winston.com
BLong@winston.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the foregoing NORTHERN TRUST'S MOTION FOR LEAVE TO FILE UNDER SEAL was served on counsel of record for all parties electronically via the CM/ECF system on September 3, 2013.

/s/ Caryn L. Jacobs