Exhibit  14

# WINSTON & STRAWN LLP

BEIJING

CHARLOTTE

CHICAGO

GENEVA

HONG KONG

HOUSTON

LONDON

LOS ANGELES

35 WEST WACKER DRIVE
CHICAGO, IL 60601

+1 (312) 558-5600

FACSIMILE +1 (312) 558-5700

www.winston.com

MOSCOW

NEW YORK

NEWARK

PARIS

SAN FRANCISCO

SHANGHAI

WASHINGTON, DC

NATHAN T. KIPP
Associate
(312) 558-7963
NKipp@winston.com

March 30, 2012

**BY FEDEX**

Ms. Rebecca Boon, Esq.
Bernstein Litowitz Berger
   & Grossmann LLP
1285 Avenue of the Americas
New York, New York 10019

      **Re:**    *La. Firefighters' Ret. Sys. et al. v. N. Trust Invs., N.A. et al.*, No. 09-7203

Dear Rebecca:

      On behalf of Northern Trust Investments, Inc., and The Northern Trust Company (collectively, "Northern Trust"), I enclose with this letter two CDs that contain documents that Northern Trust hereby produces to plaintiffs, as part of its continuing rolling production of documents responsive to Plaintiffs' First Request For The Production Of Documents Directed Toward Defendants, and subject to Northern Trust's objections to those Requests, the parties' agreements, and guidance from the Court. The documents on the CDs bear the following beginning and ending Bates designations:

      NTFF0000278 – NTFF0028682

      Included in the production are documents that are responsive to Category No. 4 of the Court's October 21, 2011 Prioritization Order. The committee-level documents are related to the following committees at Northern Trust:

        (1)    The Financial, Insurance, Securitized, Sovereign, and Real Estate Credit Research Sub-Committee of Fixed Income Research;

        (2)    The Global Quantitative Investment Committee;

        (3)    The NTGI Credit Risk Management Committee;

**WINSTON & STRAWN** LLP

March 30, 2012
Page 2

> (4) The NTGI Risk Council;
> (5) The Redemption Forum (which is also known as the Redemption Committee);
> (6) The Security Approval Group;
> (7) The Securities Lending Collateral Committee;
> (8) The Securities Lending Investment Risk Monitoring Committee;
> (9) The Trust Credit Committee of Fixed Income Research; and
> (10) The Trust & Investment Committee.

Also included in this production are documents (including electronically stored information) that are responsive to Categories Nos. 1, 2, 6, 7, and/or 9 of the Prioritization Order. These documents may also be responsive to other categories in that Order.

Northern Trust produces these documents as confidential pursuant to the Stipulated Protective Order, which the Court entered on October 13, 2011.

Defendants have previously discussed with you certain issues concerning their duty to protect clients' confidential financial information pursuant to 205 Ill. Comp. Stat. 5/48.1. In light of those issues, we have used our best efforts to redact not only privileged information, but also personal identifiers of Northern Trust clients other than the named plaintiffs and the sample set of four clients agreed upon by the parties. Any instance where privileged information or client-identifying information is not redacted is inadvertent. In addition to all protections of inadvertently produced privileged information under applicable laws, rules, or orders, any inadvertently unredacted client-identifying information should not be used by Plaintiffs, as it was not intended to be provided in the production. We ask that you promptly notify us if any such unredacted information within our production comes to your attention.

Very Best Regards,

Nathan T. Kipp

Enclosures

Exhibit  15

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 35 WEST WACKER DRIVE | MOSCOW |
| CHARLOTTE | CHICAGO, IL 60601 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (312) 558-5600 | PARIS |
| HONG KONG | | SAN FRANCISCO |
| HOUSTON | FACSIMILE +1 (312) 558-5700 | SHANGHAI |
| LONDON | www.winston.com | WASHINGTON, DC |
| LOS ANGELES | | |

**BROOK R. LONG**
Associate
312-558-5994
BLong@winston.com

May 24, 2012

**BY FEDERAL EXPRESS**

Ms. Rebecca Boon, Esq.
Bernstein Litowitz Berger
  & Grossmann LLP
1285 Avenue of the Americas
New York, New York 10019

      **Re:**    *La. Firefighters' Ret. Sys. et al. v. N. Trust. Invs., N.A. et al.*, No. 09-7203

Dear Rebecca:

      Enclosed is a disc containing documents bates stamped NTFF0031844 to NTFF0037517. These documents constitute a revised reproduction of all documents originally produced on March 30, 2012 at NTFF0022950 to NTFF0027804. The redactions originally applied to that range have been revised as described in Todd Ehlman's email of May 7, 2012. We produce these revised redactions in the spirit of compromise and to avoid further dispute, reserving our rights and without conceding that such information is called for by the prioritization order, that you are entitled to such information at this or any other stage of the litigation, that you are entitled to additional discovery regarding those collateral pools or their assets at this or any other stage of the litigation, or that such information is relevant to any claim or allegation in this case.

      It has come to our attention that attorney-client privileged information was inadvertently left unredacted from the document produced at NTFF0026391 to NTFF0026434, specifically the last paragraph on the page NTFF0026424. This document has been reproduced with revised and corrected redactions on the enclosed disc at NTFF0034947 to NTFF0035011, with the page in question reproduced as NTFF0035001. Pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Section F of the Stipulated Protective Order entered on October 13, 2011, please promptly destroy the document containing inadvertently produced privileged material, and any copies thereof or notes thereon, and confirm in writing that you have done so.

WINSTON & STRAWN LLP

May 24, 2012
Page 2

Northern Trust has previously discussed with you certain issues concerning its duty to protect clients' confidential financial information pursuant to 205 Ill. Comp. Stat. 5/48.1. In light of those issues, we have used our best efforts to redact from the documents on the enclosed disc not only privileged information, but also personal identifiers of Northern Trust clients other than the Plaintiffs and the sample set of four clients agreed upon by the parties (named in Todd Ehlman's letter of April 20, 2012). Any instance where privileged information or client-identifying information is not redacted is inadvertent. In addition to all protections of inadvertently produced privileged information under applicable laws, rules, or orders, any inadvertently unredacted client-identifying information should not be used by Plaintiffs, as it was not intended to be provided in the production. We continue to ask that you promptly notify us if any such unredacted information within our production comes to your attention.

Very truly yours,

Brook R. Long

Enclosures

Exhibit  16

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | **35 WEST WACKER DRIVE** | MOSCOW |
| CHARLOTTE | CHICAGO, IL 60601 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (312) 558-5600 | PARIS |
| HONG KONG | | SAN FRANCISCO |
| HOUSTON | FACSIMILE +1 (312) 558-5700 | SHANGHAI |
| LONDON | www.winston.com | WASHINGTON, DC |
| LOS ANGELES | | |

NATHAN T. KIPP
Associate
(312) 558-7963
NKipp@winston.com

November 22, 2011

**BY FEDEX**

Ms. Rebecca Boon, Esq.
Bernstein Litowitz Berger
   & Grossmann LLP
1285 Avenue of the Americas
New York, New York 10019

        **Re:**    *La. Firefighters' Ret. Sys. et al. v. N. Trust. Invs., N.A. et al.*, No. 09-7203

Dear Rebecca:

        On behalf of Northern Trust Investments, N.A., and The Northern Trust Company (collectively, "Northern Trust"), I enclose with this letter three CDs that contain documents that Northern Trust hereby produces to plaintiffs Louisiana Firefighters' Retirement System, Public School Teachers' Pension & Retirement Fund of Chicago, The Board of Trustees of the City of Pontiac Police & Fire Retirement System, and The Board of Trustees of the City of Pontiac General Employees Retirement System, in response to Plaintiffs' First Request For The Production Of Documents Directed Toward Defendants, and subject to Northern Trust's objections to those Requests. The documents on each disk bear the following beginning and ending Bates designations:

        N000001 – N044704
        NTFX00000117 – NTFX00034507
        NTD0000001 – NTD0012571

Because certain documents that originally were included in the above Bates ranges are neither relevant to this action nor responsive to plaintiffs' Requests, the Bates ranges may contain periodic numerical gaps.

**WINSTON & STRAWN** LLP

November 22, 2011
Page 2

Although certain produced documents bear solely the Bates numbers and confidentiality designations that they originally bore in other litigation, Northern Trust currently produces those documents to plaintiffs as confidential pursuant to the Stipulated Protective Order, which the Court entered on October 13, 2011.

Very Best Regards,

Nathan T. Kipp

Enclosures

Exhibit  17

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| BEIJING | 35 WEST WACKER DRIVE | MOSCOW |
| CHARLOTTE | CHICAGO, IL 60601 | NEW YORK |
| CHICAGO | | NEWARK |
| GENEVA | +1 (312) 558-5600 | PARIS |
| HONG KONG | | SAN FRANCISCO |
| HOUSTON | FACSIMILE +1 (312) 558-5700 | SHANGHAI |
| LONDON | www.winston.com | WASHINGTON, DC |
| LOS ANGELES | | |

**BROOK R. LONG**
Associate
312-558-5994
BLong@winston.com

May 9, 2012

**BY FEDERAL EXPRESS**

Ms. Rebecca Boon, Esq.
Bernstein Litowitz Berger
   & Grossmann LLP
1285 Avenue of the Americas
New York, New York 10019

     **Re:**  *La. Firefighters' Ret. Sys. et al. v. N. Trust. Invs., N.A. et al.*, No. 09-7203

Dear Rebecca:

     Enclosed please find four discs containing additional documents responsive to plaintiffs' document requests, which we produce as part of Northern Trust's continuing rolling production of documents responsive to Plaintiffs' First Request For The Production Of Documents Directed Toward Defendants, all subject to Northern Trust's objections to that Request, the parties' agreements, and guidance from the Court.

     The discs contain documents bates stamped NTFF0028683 to NTFF0031843. This range includes documents (including electronically stored information) that are responsive to Categories No. 1, 2, 6, 7, and/or 9 of the Court's October 21, 2011 Prioritization Order. These documents may also be responsive to other categories in that Order.

     Additionally, the discs contain documents originally produced by Northern Trust in the matter *Diebold v. Northern Trust Investments, N.A. et al.*, No. 09-cv-1934 (N.D. Ill.), bearing bates stamps within the range (but not constituting the full range) NTD0016626 to NTD0127187. Bates range gaps will appear among the "NTD" documents because certain documents originally produced within the above range in the *Diebold* matter are neither relevant to this action nor responsive to Plaintiffs' Request, including documents relating specifically to Texas Instruments and/or ExxonMobil, ERISA plan client contracts, and committee minutes and meeting materials that are entirely duplicative of materials produced to Plaintiffs on March 30, 2012. Although these documents bear solely the Bates numbers and confidentiality designations that they originally bore in the *Diebold* matter, Northern Trust currently produces these and all

**WINSTON & STRAWN** LLP

May 9, 2012
Page 2

other concurrently produced documents to Plaintiffs as confidential pursuant to the Stipulated Protective Order, which the Court entered on October 13, 2011.

Northern Trust has previously discussed with you certain issues concerning its duty to protect clients' confidential financial information pursuant to 205 Ill. Comp. Stat. 5/48.1. In light of those issues, we have used our best efforts to redact not only privileged information, but also personal identifiers of Northern Trust clients other than the Plaintiffs and the sample set of four clients agreed upon by the parties (named in Todd Ehlman's letter of April 20, 2012). Any instance where privileged information or client-identifying information is not redacted is inadvertent. In addition to all protections of inadvertently produced privileged information under applicable laws, rules, or orders, any inadvertently unredacted client-identifying information should not be used by Plaintiffs, as it was not intended to be provided in the production. We continue to ask that you promptly notify us if any such unredacted information within our production comes to your attention.

Very truly yours,

Brook R. Long

Enclosures

Exhibit  18

**From:** Rebecca Boon [mailto:Rebecca.Boon@blbglaw.com]
**Sent:** Wednesday, March 27, 2013 12:53 PM
**To:** Long, Brook R.
**Cc:** Avi Josefson; Brett Van Benthysen; Raymond Farrow (rfarrow@KellerRohrback.com); Laura Gerber (lgerber@KellerRohrback.com); Mark T. Johnson (mjohnson@schneiderwallace.com); Ehlman, Todd J.
**Subject:** RE: Louisiana Firefighters et al. v. Northern Trust Investments

Brook,

Thanks for your email.  Reserving all rights, we agree to your counterproposal.

Best regards,

Rebecca

**From:** Long, Brook R. [mailto:BLong@winston.com]
**Sent:** Wednesday, March 27, 2013 12:33 PM
**To:** Rebecca Boon
**Cc:** Avi Josefson; Brett Van Benthysen; Raymond Farrow (rfarrow@KellerRohrback.com); Laura Gerber (lgerber@KellerRohrback.com); Mark T. Johnson (mjohnson@schneiderwallace.com); Ehlman, Todd J.
**Subject:** RE: Louisiana Firefighters et al. v. Northern Trust Investments

Rebecca,

Thank you for forwarding plaintiffs' counterproposal.

At the outset, note that the term "*core*" cannot be utilized because of the opening wildcard, which prevents our vendor's search engine from successfully completing a search.  However, the search term "core" will generate a hit on any instance of, for example, "euro-core" or "euro/core" or "euro core," because the presence of a preceding dash, slash, or space before the term "core" will not prevent a hit. We will use the search term "core*" instead.

We note that you propose changing the "w/50" limiter to an "AND".  In our view, this renders the search overbroad.  We believe that the use of "AND" would necessitate review of excessive amounts of irrelevant information, because it will sweep in any communication that mentions one of the text search terms in a completely different context and on a totally different page than the mention of concepts related to securities lending collateral pools.  In the spirit of compromise, we propose changing the "w/50" to "w/100."

Finally, we note that you have added "Whistlejacket" and "White Pines," and variations thereof, back into your proposed text search terms.  No realized loss was passed along from any collateral pool to any member of any putative class due to these securities.  Nonetheless, in the spirit of compromise, and reserving all rights, we will include those terms in the text search terms.

Please note that the compromise positions we offer would substantially increase the review costs and burdens, without necessarily resulting in the production of additional potentially relevant documents. Accordingly, if the parties are ultimately unable to reach an agreement, we reserve the right to defend the search terms and protocols we originally proposed during the current meet-and-confer process and/or search terms and protocols that exclude one or more of those compromise positions.

Please let us know if these changes are acceptable.  (We are OK with all of your other proposed changes.)  If so, then to summarize our agreement: Defendants will review for responsiveness the document set resulting from running this text search against all communications from December 31, 2006 through December 31, 2009, as to which both one of the following custodians is the "sender," and at least one of the following custodians is one of the recipients (whether "to" or "cc"):  Bradford Adams, David Alongi, Fred Azar, Jeffrey Benner, David Blake, Ali Bleecker, Mark Carlson, Andrew Clayton, Kelly Dennehy, Mike Doyle, Michael Egizio, Peter Flood, James Kane, John Krieg, Sandra Linn, Kristin Missil, Troy Muniz, Marcos Rivas, Colin Robertson, Daniel Smith, John Tungol, Mark Van Grinsven, Michael Vardas, and Peter Yi.  Additionally, (i) communications sent by Mark Gossett and received by one of the above custodians, or sent to Mark Gossett by one of the above custodians, will also be included in the text search; (ii) communications sent between one of the above custodians and any of the following mailing lists will also be included in the text search:  SL AM; ISL AM Team; SEC Lending IMT Restructures; SL Invest PM; SL Management; or SL Risk Team.

Assuming we reach final agreement with you no later than tomorrow, we presently plan to begin the substantive review process on Monday, April 1, with a team of contract attorneys who will be constituted by that date.  At present, we cannot give a reasonably accurate estimate as to the date on which all production will be completed, in part because we do not and cannot know how many documents will be responsive to Category 9, nor do we know the scope of any necessary privilege and confidentiality review.  It is our intention to conduct this review and production efficiently and expeditiously, and to keep you apprised of our progress.

Regards,

Brook


**From:** Rebecca Boon [mailto:Rebecca.Boon@blbglaw.com]
**Sent:** Monday, March 25, 2013 2:41 PM
**To:** Long, Brook R.; Avi Josefson
**Cc:** Brett Van Benthysen; Raymond Farrow (rfarrow@KellerRohrback.com); Laura Gerber (lgerber@KellerRohrback.com); Mark T. Johnson (mjohnson@schneiderwallace.com); Ehlman, Todd J.
**Subject:** RE: Louisiana Firefighters et al. v. Northern Trust Investments

Brook,

Attached please find our counterproposal in clean and redline.   It appears that we are close to agreement on the terms.   With respect to the custodians, thank you for agreeing to add the 5 individuals we proposed on March 19, and for agreeing to add Gossett as an individual in the to/from field.  Subject to our reaching agreement on the search terms, we are okay with dropping the remaining five to/from individuals (Burian, Flynn, Laning, O'Shaughnessy, and Stoeber) as you requested during our call.

Please let us know if the attached is acceptable to you, and if so, let's discuss timing for the commencement and completion of this production.

Best regards,

Rebecca

Rebecca Boon | **BLB&G**
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212.554.1594
Fax: 212.554.1444
Rebecca.Boon@blbglaw.com

**From:** Long, Brook R. [mailto:BLong@winston.com]
**Sent:** Friday, March 22, 2013 5:25 PM
**To:** Avi Josefson
**Cc:** Rebecca Boon; Brett Van Benthysen; Raymond Farrow (rfarrow@KellerRohrback.com); Laura Gerber (lgerber@KellerRohrback.com); Mark T. Johnson (mjohnson@schneiderwallace.com); Ehlman, Todd J.
**Subject:** Louisiana Firefighters et al. v. Northern Trust Investments

Avi,

As discussed during today's call, attached is our proposed revised version of the Category 9 search terms, with a redline comparing the proposal to yours from March 19.

We would welcome your comments and, as mentioned, we can schedule a call on them for next week if necessary.

**Brook R. Long**
**Associate**
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
D: +1 (312) 558-5994
F: +1 (312) 558-5700
Bio | VCard | Email | www.winston.com

WINSTON
&STRAWN
LLP

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.

************************************************************************

****** Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.


The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.