UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>          v.<br><br>NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY,<br><br>          Defendants. | Case No. 09-7203<br><br>Hon. Robert W. Gettleman<br>Magistrate Judge Susan E. Cox<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR
MOTION TO COMPEL**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

CONCLUSION ............................................................................................................................... 6

Pursuant to the Court's Order of September 30, 2013, Plaintiffs respectfully submit this memorandum of law, together with the supporting declaration of Avi Josefson and its appended exhibits ("Ex. __"), in further support of their motion to compel.[1]

## PRELIMINARY STATEMENT

There is no support for Northern Trust's contention that notifying the Class members that Defendants will produce unredacted copies of their contracts will disrupt its business. *First*, it is not evident that notice is even required under the Banking Act, because the documents at issue are merely contracts, not "financial records." *See* 205 ILCS 5/48.1(a) (West 2013). Significantly, Northern Trust itself has not treated its clients' contracts as confidential "financial records," which it claims the statute requires.

*Second*, even if notice is required, providing that notice will not be burdensome. Indeed, Northern Trust's complaints about the administrative difficulties of providing notice are not only unsupported by Defendants' submission, but ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Those documents make clear that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬ Tellingly, the lengthy declaration Defendants submitted in response to Plaintiffs' motion makes no mention of the process for providing notice, or any purported burden associated with communicating with Northern Trust's clients.

*Third*, Defendants' speculation that Northern Trust will be "deluged" with client objections and lose business as a result of providing notice cannot be credited. Prior to producing documents required by the Court's Prioritization Order, Northern Trust notified several Class

---

[1] Unless otherwise indicated, all capitalized terms not defined herein have the meanings ascribed to them in Plaintiffs' opening brief. "Opp." refers to Northern Trust's opposition brief (ECF No. 271).

1

members that it would be disclosing information about their participation in securities lending. *Not one of them objected*, even though the information produced was more expansive than the contracts at issue here. Northern Trust's imagined "deluge" is based on a single objection in a different case where Northern Trust was required to produce extensive discovery of a client's documents, including financial information such as "balances and account numbers" and internal emails. That unique situation – which is entirely distinguishable from the limited production requested here – does not support the assumption that the members of the Class in this action, who will be benefitted by having the Class certified, would object to the confidential production of contracts that provide no financial information.

## ARGUMENT

As a threshold matter, Northern Trust never explains how a contract which reveals, at most, the fact of an institution's participation in securities lending, constitutes a "financial record" under the Banking Act. Tellingly, Northern Trust has repeatedly *publicly* filed the unredacted securities lending contracts of Plaintiffs – its customers – without providing the notice that Defendants insist is required under the Banking Act. *See* ECF No. 50.[2] An Order from this Court finding that the contracts do not constitute "financial records," and directing Defendants to produce them without providing notice would moot Defendants' concerns regarding the purported burdens involved with providing notice, and the claimed ramifications of not providing notice.[3]

---

[2] The Act does not deny protection to a customer's "financial records" simply because the customer sues the bank. *See* 205 ILCS 5/48.1(c) (delineating exceptions to the Act's prohibition on disclosure). Defendants recognized that clients who sue Northern Trust are still entitled to the protections of the statute when, in another matter, Northern Trust provided such clients with notice under the Act before producing those clients' "financial records." *See* ECF No. 127, at n.4 (discussed *infra* at 5).

[3] There is no private right of action under the Banking Act. *See* 205 ILCS 5/48.1(e). And Defendants cannot face any liability if acting pursuant to a Court order.

2

Should the Court determine that notice is required, there is no reason why notice cannot be sent to the Class quickly and efficiently. Northern Trust certainly has not established that it would be burdensome to do so. The two paragraphs of their brief that Defendants devote to the issue of notice provide no citation to any support for Northern Trust's purported difficulty of communicating with its own institutional clients. Opp. 7-8. The fourteen-page declaration submitted in support of that brief is silent on the issue of notice. *See* ECF No. 272. Accordingly, even assuming that the Banking Act's notice provision applied to these contracts, Defendants have not established that it would be unduly burdensome to comply with the notice provision.

Northern Trust's own documents reveal that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ there is no question that Defendants can easily determine – if they do not already know – who should send and who should receive the notice.[4] The documents also show that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[4] Defendants have not asserted that there are Class members who are no longer Northern Trust clients, but to the extent that, despite the onerous limitations on withdrawing from securities lending, some clients exited the program, there is no basis to conclude that Northern Trust lacks the information or capacity to contact those institutions.

3

██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████ Here, there is no reason a single Northern Trust employee cannot send a letter to Northern Trust's clients. And there is no support for the contention that it would take "weeks" to do so.[5]

Defendants next complain of the burden of "sending the mass mailing tailored to each client's circumstances." Opp. 8. But there is no reason why the notice at issue must be "tailored" in any way, because the circumstances of all the clients in this situation are identical. Northern Trust sends uniform, "mass mailings" to its securities lending clients all the time. For example,

██████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████ Notice under the Banking Act would ████ consist of a short, form letter explaining to members of the Class that their contracts are being produced pursuant to a Court Order, and will be subject to a confidentiality Order previously entered by the Court, attaching both Orders for reference. Because the notice to all Class members will be identical, no "tailoring" is required.

Finally, Northern Trust's speculation that notifying Class members will result in an "avalanche" of responses that might interrupt business (Opp. 8) is similarly unsubstantiated. Following entry of the Prioritization Order, Northern Trust notified multiple members of the Class that it was required to produce certain documents concerning their participation in securities

---

[5] To the extent Defendants are threatening that the provision of notice will delay the production of the contracts and thereby delay class certification, it must be noted that, for over two years, Defendants ignored the notice requirements of the Act, instead redacting client names. Defendants cannot use their non-compliance with the Banking Act to avoid producing relevant information to Plaintiffs.

4

lending. Defendants have identified *no objections* from those clients, even though the information being produced was more extensive than the contracts at issue here, and included actual financial information and emails. Indeed, the logical inference is that Class members would not object because they have a pecuniary interest in advancing class certification and recovering the significant losses caused by Northern Trust's misconduct.

Ignoring its experience in this case, Northern Trust focuses on a different situation in a different case, where just one client, who had previously sued Northern Trust and was not a member of the putative class in that action, objected to the production of extensive discovery, including financial information such as "balances and account numbers," and emails. Opp. 8; ECF No. 127, at n.4; No. 128, ¶17, & No. 133, Ex. 8. Another client, subject to the same disclosures, did not object. *Id.* This single objection in another case to the extensive disclosure of a client's financial information provides no basis to conclude that Class members will object to the disclosure of their identities.

Plaintiffs have shown that they need the identities of the Class members to determine their location and assess Defendants' position that the geography of the Class implicates "50 state laws." Plaintiffs cannot be required to rely upon ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ when moving to certify the Class. The contracts should be produced without redaction to allow Plaintiffs to conduct their own analysis of the facts that Defendants have already said they will use to contest certification, rather than restricting Plaintiffs' analysis to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[6]

---

[6] Indeed, Defendants' proposal to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is particularly troublesome in this case, where the parties have disagreed over the meaning and relevance of numerous provisions in the governing agreements, requiring the Court to conduct its own analysis of the contracts before it agreed with Plaintiffs' interpretation and dismissed Defendants' breach of contract counterclaim. *See* ECF No. 199.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Plaintiffs' opening brief, Plaintiffs respectfully request that their Motion to Compel be granted.

Dated: October 7, 2013

Respectfully submitted,

/s/ Avi Josefson
Avi Josefson
875 North Michigan Avenue, Suite 3100
Chicago, IL 60611
Telephone: 312-373-3880
avi@blbglaw.com

Rebecca E. Boon
Katherine M. Sinderson
1285 Avenue of the Americas, 38th Floor
New York, New York 10019
Telephone: 212-554-1400
rebecca.boon@blbglaw.com
katiem@blbglaw.com
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*Counsel for Plaintiff The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago*

Gerard J. Andree
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48037
Telephone: 248-746-0700
gandree@swappc.com
**SULLIVAN, WARD, ASHER & PATTON, P.C.**

*Counsel for Plaintiffs The Board of Trustees of the City of Pontiac Police & Fire Retirement System and The Board of Trustees of the City of Pontiac General Employees Retirement System*

Lynn L. Sarko
Derek W. Loeser
Raymond J. Farrow
Laura R. Gerber
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: 206-623-1900
lsarko@kellerrohrback.com
dloeser@kellerrohrback.com
rfarrow@kellerrohrback.com
lgerber@kellerrohrback.com
**KELLER ROHRBACK L.L.P.**

*Counsel for Plaintiff Firefighters' Retirement System*

6

Elizabeth Hoskins Dow, #6216262
1003 Western Avenue
Joliet, IL 60435
Telephone: 815-740-4034
ldow@baileyglasser.com
**BAILEY & GLASSER LLP**

*Counsel for Plaintiffs*

Todd Schneider
Mark T. Johnson
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
tschneider@schneiderwallace.com
mjohnson@schneiderwallace.com
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**

*Counsel for Plaintiff Firefighters' Retirement System*

## CERTIFICATE OF SERVICE

      I, Rebecca E. Boon, hereby certify that a copy of the foregoing PLAINTIFFS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL, supporting DECLARATION OF AVI JOSEFSON, and accompanying EXHIBITS was served on counsel for all parties electronically via the CM/ECF system and email on October 7, 2013.

Dated: October 7, 2013

                                                                            /s/ Rebecca E. Boon