**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br>     v.<br><br>NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY,<br><br>                Defendants. | Judge Robert W. Gettleman,<br>*Judge Presiding*<br><br>Magistrate Judge Susan E. Cox<br><br>Civil Action No. 09-7203 |

**NORTHERN TRUST'S MOTION FOR LEAVE TO FILE INSTANTER
RELEVANT AUTHORITY REGARDING THE ILLINOIS BANKING ACT**

Defendants Northern Trust Investments, Inc. and The Northern Trust Company (jointly, "Northern Trust") hereby seek leave to file instanter relevant authority regarding the Illinois Banking Act:

1. In their motion to compel, plaintiffs sought (among other things) securities lending agreements between Northern Trust and hundreds of non-party clients with the non-party clients' names unredacted. In addition to demonstrating that such documents were irrelevant to class certification, Northern Trust's opposition brief clearly pointed out (at page 7 and note 8) that, under the Illinois Banking Act, such contracts are "financial records" entitled to confidentiality protections, since they are "item[s] containing information pertaining to any

relationship established in the ordinary course of a bank's business between a bank and its customer." 205 ILCS 5/48.1(a)(4). As described in Northern Trust's opposition brief, disclosure of such information would require provision of notice to potentially hundreds of non-party clients, engendering huge delays and disruption of Northern Trust's business for no legitimate purpose.

2. In their reply brief, plaintiffs did not address or even cite this statutory language. Instead, plaintiffs asked the Court, for the first time, to find that non-party clients' securities lending agreements do not constitute "financial records" under the Act. They cite no authority for this proposition.[1]

3. In light of plaintiffs' new request to this Court, Northern Trust wishes to bring to the Court's attention Interpretive Letter No. 01-01 (March 9, 2001) (attached as Exhibit A), issued by the Illinois Office of Banks and Real Estate, which is now part of the Illinois Department of Financial & Professional Regulation. The Interpretive Letter can be found on the Department's website, at http://www.idfpr.com/Banks/CBT/LEGAL/INTRLTR/IBA.ASP.

4. The Interpretive Letter states, in pertinent part, that "Section 48.1 of the Act restricts banks from sharing customer 'financial records' with non-affiliated parties without the consent of the customer. A 'financial record' is defined to include . . . . 'any other item containing information pertaining to any relationship established in the ordinary course of a bank's business between a bank and its customer . . . .'" 205 ILCS 5/48.1(a). The Agency has interpreted this phrase to include any "list, description, or grouping of customers and any publicly available information pertaining to them that is derived using financial information that is not publicly available." This clearly includes the client list that plaintiffs seek here.

---

[1] Plaintiffs' opening brief, at page 7, note 6, merely argued that "Northern Trust's invocation of the Banking Act assumes that the names of clients constitute 'financial records,' which is far from apparent." Northern Trust responded to this argument as described in paragraph 1 above.

According to the Agency, protected information also includes "[t]he fact that an individual is or has been a customer of the bank" and "[a]ny information about a customer if it is disclosed in a manner that indicates that the individual is or has been a customer of the bank." Interpretive Letter, at 3-4.

5.  This Court should thus reject plaintiffs' suggestion that Northern Trust's confidential non-party client lists or securities lending contracts without client names redacted are not "financial records" under the Illinois Banking Act.[2] Should the Court order production of any securities lending agreements in connection with plaintiffs' motion, client identifying information should be redacted.[3]

6.  Accordingly, Northern Trust respectfully seeks leave to file instanter relevant authority regarding the Illinois Banking Act.

Dated: October 8, 2013

Respectfully submitted,

/s/ Caryn L. Jacobs

---

[2] Plaintiffs suggest that attachment of their unredacted securities lending agreements to Northern Trust's motion to dismiss on September 3, 2010 must mean that such agreements are not protected financial records for all purposes. But plaintiffs are parties to this litigation, and their public pleadings voluntarily identified themselves as Northern Trust customers; disclosed their investments; and put their agreements and investments directly in issue through their breach of contract and fiduciary duty claims. Plaintiffs' agreements were effectively incorporated within the complaint itself. *See Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (affirming denial of plaintiff's motion to exclude from consideration exhibits to defendant's motion to dismiss, to which were attached several instruments referenced in plaintiff's complaint, because "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim"); *see also* Dkt. #50 at note 2. Although Northern Trust's motion to dismiss was filed more than 3 years ago, moreover, plaintiffs never claimed it violated the Illinois Banking Act or that they required notice of Northern Trust's reference to those agreements. These facts are wholly different from the issue here, which is the confidentiality of records of Northern Trust clients who are not parties to this litigation and who have never injected their private dealings into a public complaint.

[3] Northern Trust's estimates of the time it would take to produce such contracts, see Jacobs Decl. ¶¶ 21-22, take into account redaction of client names. At the Court's direction, such redactions need not redact client city and state information.

Caryn L. Jacobs
Todd J. Ehlman
Robert L. Michels
Brook R. Long
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
CJacobs@winston.com
TEhlman@winston.com
RMichels@winston.com
BLong@winston.com

Michele L. Odorizzi
Justin A. McCarty
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
Fax: (312) 701-7711
MOdorizzi@mayerbrown.com
JMcCarty@mayerbrown.com

Attorneys for The Northern Trust Company and
Northern Trust Investments, Inc.

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the foregoing NORTHERN TRUST'S MOTION FOR LEAVE TO FILE INSTANTER RELEVANT AUTHORITY REGARDING THE ILLINOIS BANKING ACT was served on counsel of record for all parties electronically via the CM/ECF system on October 8, 2013.

/s/ Caryn L. Jacobs