IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LOUISIANA FIREFIGHTERS', RETIREMENT SYSTEM, THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No: 09CV7203<br><br>District Judge Robert W. Gettleman<br><br>Magistrate Judge Susan E. Cox |

## ORDER

Plaintiffs in this putative class action have filed a motion to compel certain materials from defendants. For the reasons stated below, the motion is granted in part and denied in part [dkt. 264].

## STATEMENT

Plaintiffs in this putative class action have filed a motion to compel certain materials

from defendants. For the reasons stated below, the motion is granted in part and denied in part [dkt. 264].

Plaintiffs are various pension funds that challenge the prudence of defendants' management of certain security lending programs. The essence of plaintiffs' complaint is that defendants imprudently invested the cash collateral obtained from short-term borrowers of the plaintiff funds' securities into risky investments, which ultimately caused deficiencies in the collateral pools to be assessed against the funds. The funds seek to represent all such funds that participated in defendants' securities lending program.

In an effort to focus the parties on class-oriented discovery, the Court entered a so-called "class-plus" discovery plan which did not permit open-ended discovery on all topics related to the merits of this action, but allowed sufficient discovery to prepare both sides for any and all arguments likely to be raised in the class certification briefing. Both sides have worked productively together to focus discovery in this manner and there have been relatively few disputes. However, the parties have reached an impasse concerning two matters.

First, plaintiffs seek the contracts between defendants and each potential class member regarding the securities lending program, including the identity of all of the institutional clients. Plaintiffs claim that, among other arguments, defendants will assert that the differences in these agreements, which are governed by the laws of different states, prevent the class from being certified. For their part, defendants concede that this is an argument that they will make. However, they urge the Court to deny the motion because production of such contracts goes well beyond the Court's original discovery order, that the production would be overly burdensome and that these contracts are "financial records" within the meaning of the Illinois Banking Act, 205 ILCS 5/48.1(a)(4) and, therefore, disclosure to plaintiffs would violate the Act.

It is certainly true that production of all of these agreements goes beyond the original discovery plan. However, as the Court has often noted, the purpose of that plan was not to frustrate class discovery but, rather, to conserve resources and efforts towards the preparation of the parties' positions on class certification. If defendants plan to raise differences in these agreements as a defense to certification, plaintiffs are clearly allowed to test this hypothesis by examining the agreements themselves. However, as defendants point out, production of these agreements implicates the Illinois Banking Act because such records are plainly "financial records" within the meaning of the Banking Act which broadly defines such records as "any other item containing information pertaining to any relationship established in the ordinary course of a bank's business between a bank and its customer…."[1] Although the statute allows disclosure pursuant to a "court order," the disclosure must be accompanied by notification to all of the implicated customers.[2] The Court agrees that this places a burden on Northern, but such a burden nonetheless would be warranted if the identities of the customers were relevant to the question of which state law governed the agreement or any other question pertinent to class certification. But they are not. Plaintiffs need not know the identity of the customer to determine which state's laws govern the construction of the agreement; the agreements themselves contain clauses that contain this information. Further, plaintiffs do not need to know the identity of the customers to examine the differences in the various agreements for purposes of the class certification briefing. Redaction of this information can be done to avoid the notification triggered by the Illinois Banking Act.

The parties also disagree whether defendants must disclose documents relating to whether defendants' alleged failure to mitigate realized losses in the collateral pools resulted from a

---

[1] *See also Aetna Bank v. Dvorak*, 176 B.R. 160, 165 (N.D. Ill. 1994).

desire to avoid consolidation of the pools on Northern's balance sheet. The Court already has ruled that these documents are relevant in an earlier dispute concerning the parameters of electronic search terms.[3] Plaintiffs have identified three additional sources of such information and the Court agrees that examination of these documents for relevant information is reasonable. Therefore, defendants are ordered to produce the following non-privileged documents: (1) any documents concerning meetings between the Northern Trust senior management, Board of Directors, Executive Committee, the NTGI Risk Council and the GERC, including meeting minutes, where risks concerning the effect of losses in the pools on Northern's balance sheet were discussed; (2) internal communications between these parties specifically about this issue and (3) communications between Northern Trust management and third parties including the SEC, Gordian Knot and any audit consulting firm which reference the consolidation risk.

All documents referenced in this Order should be produced on or before November 22, 2013.

Date: 10/23/13                     /s/ Susan E. Cox_____
                                   U.S. Magistrate Judge

---

[2] 2-5 ILCS 5/48/1(d).
[3] Dkt. 248.