# Exhibit 2

## Long, Brook R.

| | |
|---|---|
| **From:** | Long, Brook R. |
| **Sent:** | Thursday, November 14, 2013 12:26 PM |
| **To:** | 'Rebecca Boon' |
| **Cc:** | Avi Josefson; Katherine M. Sinderson; Mark T. Johnson (mjohnson@schneiderwallace.com); lgerber@KellerRohrback.com; Raymond Farrow (rfarrow@KellerRohrback.com); Ehlman, Todd J.; Jacobs, Caryn L. |
| **Subject:** | RE: Firefighters v. Northern Trust |

Rebecca:

We disagree with the assertions in your email. We are also disappointed that you are unwilling or unable to meet until the day before the rescheduled presentment date. Nonetheless, if you cannot meet until Monday morning (11/18), we would propose a call at 10am CT that day. If that time works for you, please circulate a dial-in number.

Regards,

Brook


**Brook R. Long**
Associate
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
D: +1 (312) 558-5994
F: +1 (312) 558-5700
Bio | VCard | Email | www.winston.com



---

**From:** Rebecca Boon [mailto:Rebecca.Boon@blbglaw.com]
**Sent:** Wednesday, November 13, 2013 6:21 PM
**To:** Long, Brook R.
**Cc:** Avi Josefson; Katherine M. Sinderson; Mark T. Johnson (mjohnson@schneiderwallace.com); lgerber@KellerRohrback.com; Raymond Farrow (rfarrow@KellerRohrback.com); Ehlman, Todd J.; Jacobs, Caryn L.
**Subject:** RE: Firefighters v. Northern Trust

Brook,

You are incorrect that we "unilaterally imposed preconditions" on the parties' discussion. Rather, as we said in our email, we simply suggested that having the information we requested in advance of the call would make the call more fruitful. We appreciate that you provided us with some of the requested information. We are disappointed, however, that you continue to refuse to provide the full list of custodians that defendants plan to search. Notwithstanding your refusal to provide this basic information, we are willing to meet and confer regarding these issues, as directed by the Court. We are not available for a call tomorrow, but we are available

for a call on Monday morning Central Time.  Please propose some times on Monday morning that would work for defense counsel.

Regards,

Rebecca



Rebecca Boon
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212.554.1594
Fax: 212.554.1444
rebecca.boon@blbglaw.com

---

**From:** Long, Brook R. [mailto:BLong@winston.com]
**Sent:** Wednesday, November 13, 2013 4:54 PM
**To:** Rebecca Boon
**Cc:** Avi Josefson; Katherine M. Sinderson; Mark T. Johnson (mjohnson@schneiderwallace.com); lgerber@KellerRohrback.com; Raymond Farrow (rfarrow@KellerRohrback.com); Ehlman, Todd J.; Jacobs, Caryn L.
**Subject:** RE: Firefighters v. Northern Trust

Rebecca,

As a follow-up clarification, Steve Potter and Joyce St. Clair should be on the NTGI Risk Council / Committee list in addition to being on the GERC list.

Thanks,

Brook

---

**From:** Long, Brook R.
**Sent:** Wednesday, November 13, 2013 3:45 PM
**To:** 'Rebecca Boon'
**Cc:** Avi Josefson; Katherine M. Sinderson; Mark T. Johnson (mjohnson@schneiderwallace.com); lgerber@KellerRohrback.com; Raymond Farrow (rfarrow@KellerRohrback.com); Ehlman, Todd J.; Jacobs, Caryn L.
**Subject:** RE: Firefighters v. Northern Trust

Rebecca:

The Court's November 12 order unconditionally requires the parties to meet and confer before the November 19 status date.  We are available for the court-ordered meet-and-confer on Thursday, November 14 (tomorrow), at 3PM CT.  Please let us know if this time works for you.

Your email, sent only hours after your premature motion was found to have violated the court's notice rules, unilaterally imposes preconditions on such a meeting (including demands for information not required by any court order, court rule, or rule of discovery).  Those demands appear to be based on the unsupported argument made in that motion that we improperly placed the burden of compliance with the Court's October 23, 2013 order ("Order") on you.  We have repeatedly informed you that we understand our obligations regarding compliance with the Order and that, while we have heard and considered plaintiffs' views on that issue (and will continue to do so), we are not imposing the burden of

compliance on plaintiffs.  The idea that a party's good faith willingness to engage in discovery discussions with the other side constitutes an abandonment of that party's discovery obligations is counterproductive, to say the least.

Although the Court's November 12 order was unconditional, we will address the matters in your email in any event.

First, the Order did not require us to provide you with a list of the members of the entities named in your email.  Nor did  Mr. Josefson's October 25 letter ask us to provide those names.  Nor did Mr. Josefson's November 1 letter.  Indeed, that November 1 letter suggests that plaintiffs already knew the members of the relevant committees ("Northern Trust's proposed email custodian list … excludes many individuals who serve on these Committees…").  This is unsurprising, given that plaintiffs have had for months, if not years, documents that reflect the identities of the members of Northern Trust committees including the NTGI Risk Council / Committee.  Indeed, the identities of the members of the Board of Directors and Executive Committee are easily and publicly available from annual reports.  Nonetheless, we provide below the list of members of the remaining committees during the relevant period:

NTGI Risk Council / Committee: Richard Bartholomew, Carl Beckman, Wayne Bowers, Bob Browne, Chris Carlson, Jeff Cohodes, Andy Clayton, Orie Dudley, Mark Gossett, Philip Hausken, Jim Kane, Jodie Leahey, Kai Leifert, Joe Levigne, Lyle Logan, Cary Lyne, Troy Muniz, Dale Nichols, Alan Robertson, Shundrawn Thomas, Mark Van Grinsven, Michael Vardas, and Lloyd Wennlund.

GERC: Sherry Barrat, Steven Fradkin, Timothy Moen, William Morrison, William Osborn, Steve Potter, Jana Schreuder, Joyce St. Clair, Timothy Theriault, Terence Toth, Frederick Waddell, and Kelly Welsh.

Second, your reference to a paragraph in Caryn Jacobs' September 3, 2013 declaration is incomplete and misleading.  Paragraph 31 of Ms. Jacobs' declaration is based on her estimates of the additional collection that would be necessary if plaintiffs' demands were granted "as written."  On its face, the Order did not grant your request "as written" and our collection and search efforts are designed to comply with the Order.  For example, the Court rejected your "to, from, or among" language and narrowed it to "between."  Moreover, in connection with the Order, we have undertaken additional investigation, and determined that compliance with it does not require the collection of twenty additional email boxes as referenced in paragraph 31, but is more than satisfied by the supplemental collections we have undertaken.

Third, we have already provided to you the list of custodian email boxes that we believe, based on our due diligence and investigations, are reasonably likely to contain any and all documents responsive to the Order.  We have identified those boxes for you at least twice:  see Ms. Jacobs' October 31 letter and my November 7 email.  We have already collected such boxes – either prior to or subsequent and in response to the  Order – and are prepared to search them for responsive documents, using the search terms that we have disclosed to you.  We believe that nothing further is required.

Fourth, your motion to compel raised, for the first time, two documents that use the terms "back up" or "backing up" with reference to STEP.  We were surprised by your citation of these documents, as plaintiffs had never cited them before in any motion or discovery communication about the consolidation issue, including in your letter and phone call about the very search terms relating to the Order.  While we disagree with your characterization of those documents, we are willing to include these concepts in our searches with appropriate terms in close proximity.  Had you raised them with us before filing your premature motion (which contains other numerous errors and omissions), we would have told you that.  In any event, we can discuss this on our call.

Regards,

Brook

**Brook R. Long**
**Associate**

3

T: +1 (312) 558-5600
D: +1 (312) 558-5994
F: +1 (312) 558-5700
www.winston.com

**WINSTON & STRAWN LLP**

---

**From:** Rebecca Boon [mailto:Rebecca.Boon@blbglaw.com]
**Sent:** Tuesday, November 12, 2013 6:15 PM
**To:** Long, Brook R.; Ehlman, Todd J.; Jacobs, Caryn L.
**Cc:** Avi Josefson; Katherine M. Sinderson; Mark T. Johnson (mjohnson@schneiderwallace.com); lgerber@KellerRohrback.com; Raymond Farrow (rfarrow@KellerRohrback.com)
**Subject:** Firefighters v. Northern Trust

Brook,

As I'm sure you have seen, the Court has ordered us to meet and confer regarding the issues raised in plaintiffs' motion of November 8. As we have repeatedly told you, the parties' discussions are frustrated by defendants' refusal to provide basic information regarding the individuals who serve on the committees named in the Court's Order of October 23, and the identities of the custodians whose email boxes have already been added to defendants' database.

Accordingly, to enhance our ability to meaningfully confer as directed by the Court, we again ask that you provide us with the full list of custodians that defendants are including in their searches for documents responsive to the Court's Order and a list of the members of the Board of Directors, Executive Committee, the NTGI Risk Council, and the GERC during the relevant time period. So that we can discuss the issues as framed in our motion, we also ask that you provide us with the names of the "twenty additional custodians" that Defendants previously represented to the Court would be needed in order to capture "internal communications among members of the Board of Directors and its Executive Committee, the NTGI Risk Council, and the GERC." If you did not identify twenty specific custodians when you made that representation to the Court, we ask that you provide us with the information on which you based that representation.

We believe that scheduling a call after we receive the requested information would be most productive. Please let us know when defense counsel is available to discuss.

Regards,

Rebecca

Rebecca Boon
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: 212.554.1594
Fax: 212.554.1444
rebecca.boon@blbglaw.com

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.