# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | Judge Robert W. Gettleman, *Judge Presiding* |
| Plaintiffs, | Magistrate Judge Susan E. Cox |
| v. | Civil Action No. 09-7203 |
| NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY, | |
| Defendants. | |

**DECLARATION OF KATHRYN M. STEVENSON**

I, Kathryn M. Stevenson, declare under penalty of perjury that the following is true and correct:

1.      I am a Senior Vice President at The Northern Trust Company ("NTC"). I am a resident of Tennessee and am over the age of 18. I state the following based on personal knowledge and on information that I learned, or events that I observed, in connection with my employment at NTC. I have reviewed the "Declaration of Donald Anderson," dated April 28, 2014 and filed in this case ("Anderson Declaration"), and the capitalized terms in my declaration here have the definitions attributed to them in the Anderson Declaration.

2.      I became employed by NTC in 1990. I am currently a Relationship Manager ("RM") in the Public Funds/Taft-Hartley Division of Corporate and Institutional Services at

1

NTC. As an RM, my general responsibilities have included, without limitation, managing Northern Trust's commitment to its clients; addressing client issues to ensure appropriate resources are dedicated to these relationships; responding to clients' questions regarding the services NTC provides; attending meetings with clients; serving as the clients' main contact at NTC; and creating and conveying to clients reports and information related to their custody relationship with NTC.

3. I have been the "custody" RM for the account of CTPF from about 1995 to the present. I am familiar with CTPF's assets in NTC's custody and the reporting that NTC provides to CTPF relating to those assets.

4. In my capacity as the custody RM for CTPF, I have had or participated in numerous written and oral communications with CTPF personnel (including, without limitation, Executive Director Kevin Huber and Chief Investment Officer Carmen Heredia-Lopez) by email, phone, and/or in-person meeting. These communications have included all aspects of NTC's role as custodian of CTPF's assets and have also included communications about CTPF's securities lending activities, STEP, the CTPF Custom Fund, and the liabilities (posted in CTPF's accounts) reflecting (i) REDACTED (ii) CTPF's liability to NTC for securities lending "negative earnings" (discussed generally at Paragraphs 21-26 of the Anderson Declaration); and (iii) CTPF's liability to NTC for "reimbursement" (discussed generally at Paragraphs 30-34 of the Anderson Declaration).

5. I am also familiar with, and was personally involved in reaching, the agreement between NTC and CTPF under which NTC agreed to advance its own funds to cover CTPF's securities lending "negative earnings" on the condition that CTPF would pay NTC back for such advances from its positive securities lending earnings REDACTED

2

REDACTED

and the parties have been implementing this agreement for more than five years, with CTPF regularly and consistently paying down its securities lending liabilities to NTC out of CTPF's positive securities lending earnings. REDACTED

6.    REDACTED

7.    REDACTED

8.    REDACTED

9.    I understand that a recent CTPF court filing argues that CTPF "repeatedly and emphatically objected to any purported liability for losses" and cites Exhibit 5 of the Josefson

3

Declaration and Exhibits A through H of the Josefson Reply Declaration, filed in this case, to support that argument. REDACTED

10. REDACTED

11. REDACTED

REDACTED

12.   REDACTED

13.   REDACTED

REDACTED

* * *

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the
22nd day of May, 2014

_Kathryn M Stevenson_

_____

Kathryn Stevenson

7

# Exhibit 1
# Filed Under Seal