**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated, | Civil Action No. 09-7203 ECF Case Hon. Jorge L. Alonso Hon. Susan E. Cox |
| Plaintiffs, | |
| v. | |
| NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY, | |
| Defendants. | |

**ORDER: (1) PRELIMINARILY CERTIFYING SETTLEMENT CLASS;
(2) PRELIMINARILY APPROVING PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION; (3) ESTABLISHING A PLAN FOR NOTICE OF THE SETTLEMENT AND PROVIDING CLASS MEMBERS WITH AN OPPORTUNITY TO EXCLUDE THEMSELVES FROM OR OBJECT TO THE SETTLEMENT; (4) APPOINTING A SETTLEMENT ADMINISTRATOR; AND (5) PROVIDING FOR THE SCHEDULING OF A SETTLEMENT HEARING AND HEARING ON CO-LEAD COUNSEL'S
<u>MOTION FOR FEES AND LITIGATION EXPENSES</u>**

WHEREAS, a consolidated class action is pending in this Court entitled *Louisiana Firefighters' Retirement System, et al. v. Northern Trust Investments, N.A. et al.*, Civil Action No. 09-7203 (the "Action"); and

WHEREAS, (a) plaintiffs Louisiana Firefighters' Retirement System ("Louisiana Firefighters"), The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago (the "Chicago Teachers Board"), and The Board of Trustees of the City of Pontiac Police & Fire Retirement System (the "Pontiac Police and Fire Board") (all collectively,

the "Settling Plaintiffs") and The Board of Trustees of the City of Pontiac General Employees Retirement System (the "Pontiac General Board")[1], each of the foregoing on behalf of themselves and the Settlement Class, and (b) defendants Northern Trust Investments, N.A. (currently, Northern Trust Investments, Inc., both to be referred to as "NTI") and The Northern Trust Company ("NTC") (NTI and NTC collectively to be referred to as "Northern Trust" or "Defendants") have determined to settle with prejudice all claims asserted in the Action against Defendants with respect to Indirect Lending by Settlement Class Members on the terms and conditions set forth in the Stipulation and Agreement of Partial Settlement of Class Action dated February 17, 2015 (the "Stipulation") subject to approval of this Court (the "Settlement"); and

WHEREAS, Settling Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, preliminarily certifying the Settlement Class for purposes of the Settlement only, and providing for notice to Settlement Class Members as more fully described herein; and

WHEREAS, the Court has read and considered (a) the Second Amended Class Action Complaint, filed in this Action on March 29, 2012 (the "Second Amended Complaint") and Defendants' answer and affirmative defenses thereto; (b) Settling Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (c) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

---

[1] The Pontiac General Board has no Indirect Lending claims, which are the only claims covered by the Settlement. The Pontiac General Board is a party to the Stipulation solely in its capacity as an alleged class representative and in the Settlement it is only releasing any ability it or Pontiac General may have had to be a class representative for Indirect Lending claims.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Class Certification for Settlement Purposes</u>** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of the proposed Settlement, a Settlement Class consisting of all entities that are not governed by ERISA and that participated in Indirect Lending during the Settlement Class Period (*i.e.*, the period beginning January 1, 2007 through and including October 31, 2010) and are alleged to have been damaged as a result of their participation in Indirect Lending at issue in the Action. Excluded from the Settlement Class are (i) entities that previously released or were caused to release Northern Trust from liability for alleged injury, damage, or loss arising from Indirect Lending during 2007-2009; (ii) Defendants and their successors, their respective officers and directors (former, current and future), members of the Immediate Families of the respective officers and directors (former, current and future), and the legal representatives, heirs, successors or assigns of any such excluded person, and any entity in which any Defendant has or had a controlling interest; and (iii) entities that exclude themselves by submitting a Request for Exclusion that is accepted by the Court.

2. **<u>Class Findings</u>** – Solely for purposes of the proposed Settlement of this Action, the Court preliminarily finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class that predominate over any questions affecting only individual members of the Settlement Class; (c) the claims of Settling Plaintiffs are typical of the claims of the Settlement Class; (d) Settling Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the

Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the claims asserted in the Action against Defendants with respect to Indirect Lending by Settlement Class Members.

3. For the purposes of the Settlement only, the Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, Settling Plaintiffs Louisiana Firefighters, Chicago Teachers Board, and Pontiac Police and Fire Board are adequate class representatives and certifies them as class representatives for the Settlement Class, and appoints Co-Lead Counsel as Class Counsel for the Settlement Class.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate as to the Settlement Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** – The Court will set the date and time for a settlement hearing (the "Settlement Hearing Date") in the Settlement Hearing Scheduling Order. The Settlement Hearing will be held in Courtroom 1025 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL, 60604, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered pursuant to the terms of the Settlement dismissing with prejudice all claims asserted in the Action against Defendants with respect to Indirect Lending by the Settling Plaintiffs and the other Settlement Class Members; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and

reasonable and should be approved; (d) to determine whether the separate motion by Co-Lead Counsel on behalf of all Settling Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in Paragraph 8 of this Order.

6. The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

7. **Retention of Settlement Administrator** – Co-Lead Counsel are hereby authorized to retain The Garden City Group, Inc. (the "Settlement Administrator") to supervise and administer the Settlement as more fully set forth below.

8. **Manner of Giving Notice** - Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a) Defendants shall, at no cost to the Settlement Fund, the Settling Plaintiffs, Settling Plaintiffs' Counsel, or the Settlement Administrator develop two lists, as follows: (1) a list of all Identified Settlement Class Members, which shall include, to the extent possible, the most current mailing address and contact person(s) for each class member and the e-mail address for each contact person; and (2) a list setting forth each of the Commingled Lending Funds in which each such Identified Settlement Class Member was invested on each of the Relevant Dates, the number of units held in each of these funds on each of the Relevant Dates, and the dollar value of each such unit on each of the Relevant Dates. In compiling the lists referenced in the preceding sentence, Defendants shall take all reasonable steps necessary to provide complete

and accurate information, but Defendants shall have no obligation to seek information beyond that which is in their client records or of which they have then-current knowledge;

(b) not later than ten (10) business days after entry of the Settlement Hearing Scheduling Order in this Action or in the Diebold Action, whichever is later, Defendants shall, at no cost to the Settlement Fund, the Settling Plaintiffs, Settling Plaintiffs' Counsel or the Settlement Administrator, cause the Banking Notice, substantially in the form attached hereto as Exhibit 1, and a copy of this Order, to be sent via either first-class U.S. mail or e-mail to each Identified Settlement Class Member using the contact information described in subparagraph (a) above;

(c) not later than twenty-six (26) business days after entry of the Settlement Hearing Scheduling Order in this Action or in the Diebold Action, whichever is later, Defendants shall, at no cost to the Settlement Fund, the Settling Plaintiffs, Settling Plaintiffs' Counsel, or the Settlement Administrator, provide the Settlement Administrator with the lists referenced in subparagraph (a) above as well as the analogous lists developed by Defendants for the Diebold Action. The information set forth in such lists shall be provided to the Settlement Administrator (and may be provided by the Settlement Administrator to Settling Plaintiffs' Counsel) solely for the purpose of providing notice of the Settlement to each Identified Settlement Class Member, calculating each Identified Settlement Class Member's *pro rata* share of the Net Settlement Fund, responding to Settlement Class Members' inquiries, dealing with Challenges (including submission of disputed Challenges to the Court), confirming membership in the Settlement Class, and as otherwise deemed necessary for the purpose of the administration of the Settlement, and such information shall otherwise remain confidential unless further disclosure consistent with applicable law is allowed;

(d) not later than forty (40) business days after entry of the Settlement Hearing Scheduling Order in this Action or in the Diebold Action, whichever is later (the "Settlement Notice Date"), Co-Lead Counsel shall cause the Settlement Administrator to mail a copy of the Cover Letter and Settlement Notice, substantially in the forms attached hereto as Exhibits 2 and 3, respectively (the "Settlement Notice Packet"), by first-class U.S. mail to each Identified Settlement Class Member using the contact information described in subparagraph (a) above. In the event that any Identified Settlement Class Member's mailing is returned, the Settlement Administrator shall use reasonable secondary efforts to obtain an updated address for such Identified Settlement Class Members;

(e) not later than ten (10) business days after the Settlement Notice Date (the "Summary Notice Date"), Co-Lead Counsel shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 4, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(f) not later than seven (7) calendar days prior to the Settlement Hearing, Defendants shall file with the Court, through the ECF system, proof, by affidavit or declaration, of the mailing or e-mailing of the Banking Notice in accordance with subparagraph (b) above; and Settling Plaintiffs shall file with the Court proof, by affidavit or declaration, of the mailing of the Settlement Notice Packet and publication of the Summary Notice in accordance with subparagraphs (d) and (e) above, respectively.

9. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Banking Notice, the Cover Letter, the Settlement Notice, and the Summary Notice, attached hereto as Exhibits 1, 2, 3, and 4 respectively, and (b) finds that the dissemination of the Banking Notice, Cover Letter and Settlement Notice and the publication of

the Summary Notice in the manner and form set forth in Paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action; of the effect of the proposed Settlement (including the Releases provided for therein and the Plan of Allocation); of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; of their right to object to the Settlement, the Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; of their right to exclude themselves from the Settlement Class; and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules. The date and time of the Settlement Hearing shall be included in the Settlement Notice and Summary Notice before they are mailed and published, respectively.

10. **<u>Participation in the Settlement</u>** – Identified Settlement Class Members that wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund do not need to take any action. However, if an Identified Settlement Class Member directs Defendants not to provide to the Settlement Administrator the information set forth in Paragraph 8(a) above as it relates to it, Defendants will honor such request, and such Identified Settlement Class Member shall not be considered an Authorized Payee and shall not be entitled to receive any distribution from the Net Settlement Fund or payment pursuant to the Stipulation, but shall in all other respects be bound by all of the terms of the Stipulation and the Settlement if it is approved, including the terms of the Judgment and the Releases provided for

8

therein. The Banking Notice shall inform Identified Settlement Class Members that they shall be identified to the Settlement Administrator and their Investment Data shall be provided to the Settlement Administrator fifteen (15) business days after the Banking Notice Date. If Defendants have not received direction from an Identified Settlement Class Member not to provide the Settlement Administrator with the information set forth in Paragraph 8(a) above on or before fifteen (15) business days after the Banking Notice Date, with respect to each Identified Settlement Class Member as to which such direction has not been received by Defendants on or before that date, Defendants shall provide the information set forth in Paragraph 8(a) above to the Settlement Administrator in accordance with the terms of this Order.

11. Any Settlement Class Member shall have the right to make an Investment Challenge disputing the amount(s) set forth in the Cover Letter as that investor's Investment Amount(s) and/or the identification of the Commingled Lending Funds in which that Settlement Class Member invested. An Investment Challenge must be made in writing postmarked no later than thirty (30) calendar days after the Settlement Notice Date in accordance with the terms set forth in the Settlement Notice. Any such challenge shall be processed and resolved in accordance with the provisions of Paragraph 34 of the Stipulation.

12. Any entity not identified by Defendants as an Identified Settlement Class Member or any entity that wishes to challenge its identification as a Settlement Class Member shall have the right to make a Status Challenge. A Status Challenge must be made in writing postmarked no later than thirty (30) calendar days after the Summary Notice Date in accordance with the terms set forth in the Summary Notice. Any such challenge shall be processed and resolved in accordance with the provisions of Paragraph 35 of the Stipulation. To the extent that a Status Challenge results in a finding that the challenging entity is a Settlement Class Member, that

9

entity shall have the right to make an Investment Challenge in accordance with the terms and provisions applicable to the Identified Settlement Class Members as set forth in Paragraph 34 of the Stipulation.

13. **Exclusion From the Settlement Class** – Any member of the Settlement Class that wishes to exclude itself from the Settlement Class must submit a written Request for Exclusion within the time and in the manner set forth in the Settlement Notice, which shall provide that any such Request for Exclusion from the Settlement Class must: (a) be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing Date in this Action or in the Diebold Action, whichever is earlier, to: *Louisiana Firefighters' Retirement System, et al. v. Northern Trust Investments, N.A. et al.*, EXCLUSIONS, c/o The Garden City Group, Inc. at the address to be set forth in the Settlement Notice; (b) state the name, address and telephone number of the entity requesting exclusion, and the name, address and telephone number of the appropriate contact person for the entity; (c) state that such entity "requests exclusion from the Settlement Class in *Louisiana Firefighters' Retirement System, et al. v. Northern Trust Investments, N.A. et al.*, Civil Action No. 09-7203"; and (d) be signed by an authorized representative of the entity. Additionally, if the entity requesting exclusion previously directed Defendants not to provide to the Settlement Administrator the information set forth in Paragraph 8(a) above as it relates to it, the Request for Exclusion must, in addition to complying with the provisions of the preceding sentence, state that the previous direction is rescinded, in which event Defendants, upon receipt of the Request for Exclusion by Defendants' Counsel, are directed to promptly provide the information to Co-Lead Counsel.

14. Should any entity that did not receive the Settlement Notice by direct mail or did not receive a Banking Notice, believe that it is a Settlement Class Member and wish to exclude itself from the Settlement Class, such entity, in addition to (a) stating the name, address and telephone number of the entity requesting exclusion, and the name, address and telephone number of the appropriate contact person for the entity; (b) stating that such entity "requests exclusion from the Settlement Class in *Louisiana Firefighters' Retirement System et al. v. Northern Trust Investments, N.A. et al*, Civil Action No. 09-7203"; and (c) having the request signed by an authorized representative of the entity, must also include with its request information and documents sufficient to prove that it is a Settlement Class Member. Such request must be submitted to the Settlement Administrator so that it is received no later than twenty-one (21) calendar days before the Settlement Hearing Date in this Action or in the Diebold Action, whichever is earlier.

15. A Request for Exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

16. Any entity that timely and validly requests exclusion in compliance with the terms stated in this Order or is otherwise excluded by the Court from the Settlement Class shall not be a Settlement Class Member; shall not be bound by the terms of the Settlement or any orders or judgments entered with respect to the claims asserted in the Action against Defendants with respect to Indirect Lending by Settlement Class Members; shall not be entitled to object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; and shall not be eligible to receive any payment out of the Net Settlement Fund.

17. Any Settlement Class Member that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments entered with respect to the claims asserted in the Action against Defendants with respect to Indirect Lending by Settlement Class Members, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Settlement Class Released Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Settlement Notice. The Court shall make its final determinations as to the acceptance and rejection of Requests for Exclusion prior to entry of the Judgment.

18. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member that does not request exclusion from the Settlement Class may enter an appearance in the Action, at its own expense, individually or through counsel of its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both representative Co-Lead Counsel and Defendants' Counsel set forth in Paragraph 19 below and listed in the Settlement Notice such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing Date in this Action or in the Diebold Action, whichever is earlier, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

19. Any member of the Settlement Class who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of

Allocation and/or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses and, at the Court's discretion, appear and show cause, if it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; <u>provided</u>, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that entity has filed a written objection with the Court and served copies of such objection in the manner provided in the Settlement Notice such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing Date in this Action or in the Diebold Action, whichever is earlier, on each of the following:

| Representative Co-Lead Counsel | Defendants' Counsel |
|---|---|
| Derek W. Loeser<br>Keller Rohrback L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101 | Caryn L. Jacobs<br>Winston & Strawn LLP<br>35 W. Wacker Drive<br>Chicago, Illinois 60601 |

20. Any objections, filings and other submissions by the objecting Settlement Class Member must (a) must state the name, address and telephone number of the entity objecting and must be signed by an authorized representative of the objector; (b) contain a statement of the Settlement Class Member's objection or objections, as well as the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) if that entity did not receive a Settlement Notice by direct mail, any objection must include documents sufficient to prove the entity's membership in the Settlement Class.

21. Any member of the Settlement Class that does not make its objection in the manner provided herein shall be deemed to have waived its right to object to the Settlement, the Plan of Allocation and the motion for attorneys' fees and reimbursement of Litigation Expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

22. **Injunction** – Pending the Settlement Hearing, and continuing through the Effective Date or the termination of the Settlement, the Court enjoins Settling Plaintiffs and all other Settlement Class Members and persons and entities that would be providing releases pursuant to ¶ 4 of the Stipulation from commencing or prosecuting, either directly, indirectly, derivatively, representatively or in any other capacity, any and all of the Settlement Class Released Claims against each and all of the Defendants' Releasees.

23. **Settlement Administration Fees and Expenses** – All reasonable costs incurred by Co-Lead Counsel and/or the Settlement Administrator for mailing of the Settlement Notice Packet and publication of the Summary Notice as well as for administering the Settlement shall be paid subject to and as set forth in the Stipulation without further order of the Court.

24. **Settlement Fund** – The Court approves the selection of Valley National Bank as the Escrow Agent. The contents of the Settlement Fund held by Valley National Bank shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed or returned pursuant to the Stipulation and/or further order(s) of the Court.

25. **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26. **Termination of Settlement** – If the Stipulation is terminated, the Settlement is terminated or not approved, or the Effective Date of the Settlement does not occur, in accordance with the terms of the Stipulation, this Order shall become null and void and be without prejudice to the rights of Settling Plaintiffs, the Settlement Class Members and Defendants, and the Settling Parties shall be deemed to have reverted to their respective positions in this Action as of January 13, 2014, as provided in the Stipulation.

27. **Use of this Order** – Neither this Order; nor the Settlement (whether or not approved by the Court); nor the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court); nor the Supplemental Agreement; nor anything written or said in relation thereto (including the materials submitted in support of the Settlement or the Plan of Allocation, the negotiations that led to the agreement in principle reached in early January 2014, the negotiation of the Stipulation and its exhibits, any papers submitted in support of approval of the Settlement, any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement, any arguments proffered in connection therewith, and all court orders and judgments); nor any negotiations, discussions, drafts, exchange of information or documents, or proceedings in connection with the Settlement; nor any act performed or document signed in connection with the Settlement:

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed or found to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth or validity of any fact alleged by the Settling Plaintiffs; any allegation of the pleadings (including the Second Amended Complaint); any claim that was, could have been, or may be asserted by any party; the deficiency of any defense or affirmative defense that has been, could have been, or may be asserted in this Action or in any litigation; of any liability, negligence, breach of fiduciary or other duty, breach of contract, bad faith, fault, or other wrongdoing of any kind of any of the Defendants' Releasees; or of the nature, calculability, or amount of damages that would have been recoverable in this Action or any litigation, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Settling Plaintiffs' Releasees, as evidence of, or construed as, or deemed or found to be evidence of any presumption, concession or admission by any of the Settling Plaintiffs' Releasees that any of the claims asserted or to be asserted in the Action are without merit, that any of the Defendants' Releasees have or had meritorious defenses (including affirmative defenses), or that damages recoverable by the Settlement Class under the Second Amended Complaint with respect to their claims relating to Indirect Lending would not have exceeded the Settlement Amount, or with respect to any liability, negligence, breach of fiduciary duty, fault or wrongdoing of any kind, or of the nature, calculability, or amount of damages that would have been recoverable in this Action or any litigation; or in any way referred

16

to for any other reason as against any of the Settling Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered by the Settlement Class after trial with respect to their claims relating to Indirect Lending; or

(d) shall be cited, used, referred to, offered, or submitted in, or otherwise have any probative value in connection with, the ongoing prosecution or defense of the Action with respect to the allegations and claims relating to Direct Lending;

provided, however, that if the Stipulation is approved by the Court, the Settling Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

28. **<u>Supporting Papers</u>** – Co-Lead Counsel shall file and serve their opening papers in support of the proposed Settlement, the proposed Plan of Allocation and their motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing in this Action or the Settlement Hearing in the Diebold Action, whichever is earlier; reply papers by Co-Lead Counsel, if any, including any responses to written objections to the proposed Settlement, the proposed Plan of Allocation and/or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses, will be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

29. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this 17 day of March, 2015.

_____
The Honorable Susan E. Cox
United States Magistrate Judge

# 793461