UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LOUISIANA FIREFIGHTERS' RETIREMENT SYSTEM, THE BOARD OF TRUSTEES OF THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC POLICE & FIRE RETIREMENT SYSTEM, and THE BOARD OF TRUSTEES OF THE CITY OF PONTIAC GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>NORTHERN TRUST INVESTMENTS, N.A., and THE NORTHERN TRUST COMPANY,<br><br>          Defendants. | Civil Action No. 09-7203<br><br>ECF Case<br><br>Hon. Jorge L. Alonso<br><br>Hon. Susan E. Cox |

**ORDER AWARDING ATTORNEYS' FEES AND LITIGATION EXPENSES**

This matter came on for hearing on August 5, 2015 (the "Settlement Hearing") on Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to the Identified Settlement Class Members, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Partial Settlement of Class Action dated February 17, 2015 (the "Stipulation") and

unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation.

    2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action, as well as personal jurisdiction over all of the Settling Parties and each of the Settlement Class Members.

    3.      Notice of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was provided to the Settlement Class. The form and method of notifying the Settlement Class of the motion for attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due, adequate, and sufficient notice to all entities entitled thereto.

    4.      Settling Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 22% of the Settlement Fund and $440,263.42 in reimbursement of litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.

    5.      In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

        (a)      The Settlement has created a fund of $24,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that the Settlement Class Members will benefit from the Settlement that occurred because of the efforts of Settling Plaintiffs' Counsel;

(b) The fee sought by Co-Lead Counsel has been reviewed and approved as fair and reasonable by Settling Plaintiffs, who are institutional investors that oversaw the prosecution and resolution of the Indirect Lending claims asserted in the Action;

(c) Copies of the Settlement Notice were mailed to the Identified Settlement Class Members stating that Co-Lead Counsel would apply for attorneys' fees in an amount not to exceed 33.3% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $600,000.00, and there were no objections to the requested attorneys' fees and expenses;

(d) Settling Plaintiffs' Counsel have prosecuted the Indirect Lending claims and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The Indirect Lending claims asserted in the Action raised a number of complex issues;

(f) Had Settling Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Settling Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants with respect to the Indirect Lending claims;

(g) Settling Plaintiffs' Counsel devoted over 32,700 hours, with a lodestar value of approximately $14,882,000, to achieve the Settlement;

(h) The hourly rates on which Settling Plaintiffs' Counsel's lodestar are based are reasonable; and

(i) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6. Settling Plaintiff The Board of Trustees of the Public School Teachers' Pension and Retirement Fund of Chicago is hereby awarded $4,924.50 from the Settlement Fund for the

reasonable costs and expenses that it incurred directly related to its representation of the Settlement Class.

7. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8. Exclusive jurisdiction is hereby retained over the Settling Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9. If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Order shall be vacated and rendered null and void to the extent provided by the Stipulation.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 5 day of August, 2015.

_____
The Honorable Susan E. Cox
United States Magistrate Judge